IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OFELIA COLOYAN<br><br>        Plaintiff,<br><br>vs.<br><br>WILLIAM BADUA, JEFFERY OMAI; SPENCER ANDERSON; NEIL PANG; and DOES 5-10<br><br>        Defendants. | CIVIL NO. 03-00476-KSC<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE RE EXCLUSION OF ALL EVIDENCE OF THE ALLEGED CRIMINAL CONDUCT OF ALLEN COLOYAN |

<u>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE RE: EXCLUSION OF ALL EVIDENCE OF THE ALLEGED CRIMINAL CONDUCT OF ALLEN COLOYAN</u>

Ofelia Coloyan (hereinafter referred to as Ms. Coloyan) Plaintiff above-named offers this memorandum in support of her motion in limine to exclude all evidence of the alleged criminal conduct of Allen Coloyan because criminal conduct of Allen Coloyan is irrelevant and can be placed in such a light that is prejudicial to her.

## FACTS

On May 28, 2003, a warrant for the arrest of Allen Coloyan was signed by United States Magistrate Kevin S. C. Chang. Five days later Honolulu police officers including the Defendants attempted to execute the warrant by entering

without permission the premises located at 91-1082 Kapaahulani Street in Ewa Beach, Hawaii 96706.

## LAW

There are two issues in this case. The first issue is whether the Defendants reasonably believed that Allen Coloyan resided at the aforementioned address and was in the premises at the time of their entry, and the second issue is did Ms. Coloyan consent to the entry of the Defendants.

Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if it tends to prove or disprove a material issue in dispute. Evidence that does not meet this criterion is not admissible under Rule 403 of the Federal Rules of Evidence.

In this case, who signed the arrest warrant does not tend to prove or disprove that Allen Coloyan resided and was at the property when the Defendants entered Ms. Coloyan's home nor does it prove or disprove that Ms. Coloyan consented to the search of her home by the Defendants.

Even if the fact that thearrest warrant for Allen Coloyan was signed by Magistrate Chang provide a particle of proof concerning whether Allen Coloyan resided and was at the property when the Defendants entered Ms. Coloyan's home or that Ms. Coloyan consented to the search of her home by the Defendants, such evidence is still not admissible. Rule 403 of the Federal Rules of Evidence makes

it clear that where the proffered evidence is more prejudicial then probative, as it is here, the Court may exclude it. <u>Larez v. City of Los Angles</u>, 946 F. 2d 630 (9th Cir. 1991); <u>DeNieva v. Reyes</u>, 966 F. 2d 480 (9th Cir. 1992); and <u>Lyons v. Williams</u>, 91 F. 3d 1308 (9th Cir. 1996).

In <u>Larez</u>, the Plaintiff alleged that the defendants had violated his rights while conducting a search. The defendants offered evidence that they had conduced two other searches the same day without complaint. The trial court refused to admit that evidence on the grounds that it was more prejudicial then probative and the United States Court of Appeals for the Ninth Circuit affirmed.

The purported injuries of the Defendant are far more prejudicial then probative. Therefore, it is required that any testimony about these injuries must be excluded.

Evidence of who sign the arrest warrant is just another way attacking Ms. Coloyan's character. A mother whose child is charged with drug dealing must be a person of bad character. Evidence of character is inadmissible; Rule 404 (a) of the <u>Federal Rules of Evidence. Eng v. Schully</u>, 146 F.R.D. 74 (S.D.N.Y. 1993). Therefore, evidence of signed the arrest warrant for Allen Coloyan is not admissible in this case. id

Rule 607 of the <u>Federal Rules of Evidence</u> states:

> The credibility of a witness may be attacked by any party including the party calling the witness.

This seemingly large avenue of attack is limited by Rules 608 and 609 of the <u>Federal Rules of Evidence</u>.

Rule 608 (a) of the <u>Federal Rules of Evidence</u> limits the use of character evidence to attack or support the credibility of a witness regarding truthfulness or untruthfulness. The evidence sought to be precluded by this motion does not reflect upon any witness' ability or lack of ability to tell the truth, and therefore, it may not be admitted under Rule 608 (a) of the <u>Federal Rules of Evidence</u>.

Under Rule 608 (b) of the <u>Federal Rules of Evidence</u>:

> Specific incidents of conduct of a witness for the purpose of attacking or supporting the witness' credibility, other than conviction of a crime as provided in Rule 609, may not be proved by extrinsic evidence

Rule 608 (b) of the <u>Federal Rules of Evidence</u> does provide that for certain limited purposes concerning the truthfulness of the witness or another witness the Court does have the discretion to allow a limited inquiry into specific acts. The evidence sought to be precluded by this motion does not reflect upon any witness' ability or lack of ability to tell the truth, and therefore, it may not be admitted under Rule 608 (a) of the <u>Federal Rules of Evidence</u>. <u>United States v. Vollmer & Company, Inc.</u>, 1 F. 3d 1511 (7th Cir. 1993).

## CONCLUSION

-4-

*THIS MOTION IN LIMINE MUST BE GRANTED.*

DATED: Honolulu, Hawaii, February 21, 2006

    /s/ Rory Soares Toomey
JACK SCHWEIGERT
ARTHUR E. ROSS
RORY SOARES TOOMEY
Attorneys for Plaintiff
OFELIA COLOYAN

Memorandum in Support of Plaintiff's Motion in Limine Re Exclusion of all Evidence of the Alleged Criminal Conduct of Allen Coloyan filed in the matter of Ofelia Coloyan vs. William Badua, Jeffery Omai, Spencer Anderson, Neil Ping. In the United States District Court for the District of Hawaii Civil No. CV-03-00476-KSC