IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| OFELIA COLOYAN, | ) CIVIL NO. 03-476 KSC |
| Plaintiff, | ) MEMORANDUM IN SUPPORT OF ) MOTION |
| vs. | ) |
| WILLIAM P. BADUA; JEFFREY OMAI; SPENCER ANDERSON; NEIL PANG; and DOES 5-10, | ) ) ) ) ) |
| Defendants. | ) ) |

MEMORANDUM IN SUPPORT OF MOTION

I.   INTRODUCTION

On or about January 24, 2006, Plaintiff Ofelia Coloyan (hereinafter "Plaintiff") filed her Pretrial Statement. In her Pretrial Statement, Plaintiff stated that one of the undisputed facts was that, "…[U]pon completion of their search of Ms. Coloyan's home, [the police] went to her neighbors and told them that Allan Coloyan was wanted for drug dealing by the United States." See Exhibit "A", Plaintiff Ofelia Coloyan's Pretrial Statement dated January 24, 2006, page 4, Section D. In addition, Plaintiff also stated that she is expected to testify that, "[T]he Defendants … went to her neighbors and

made sure that the neighbors knew that they wanted to arrest Allan Coloyan, and why." Id. at page 7, Section I. Furthermore, Plaintiff alleges that the police "went around to Ms. Coloyan's neighbors to make sure that they knew that Allan Coloyan was a **_BAD PERSON_**." Id. at page 5 (emphasis in original). Lastly, Plaintiff states that she is expected to testify "how Defendants' actions effected [sic] her health and well being in support of her damages suffered from Defendants' wrongful conduct." Id.

Other than Plaintiff's testimony as to the above-mentioned facts, Plaintiff has not listed any witnesses to attest to the above-mentioned facts. See generally, Exhibit "A". In turn, based on Plaintiff's Pretrial Statement, it is anticipated that her testimony will include hearsay statements, statements of which she has no personal knowledge, and allegations that are not contained in her Fourth Amended Complaint.

In light of the above, Defendants move to preclude testimony regarding the police going to Plaintiff's neighbors house after the police conducted the search, and conversations that allegedly occurred between the police and the neighbors.

/

/

/

II.   DISCUSSION

    A.   Lack of Personal Knowledge Inadmissible

Rule 602 of the Federal Rules of Evidence (hereinafter "FRE") states as follows:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of rule 703, relating to opinion testimony by expert witnesses.

Fed. R. Evid. 602.

Testimony regarding the police going around to Plaintiff's neighbors after they checked Plaintiff's residence and the content of those alleged conversations between the police and Plaintiff's neighbors is inadmissible. There is no evidence to show that Plaintiff was present during these alleged conversations. Plaintiff has not disclosed the names of any of her neighbors who could or will testify as to conversations they had with the police after the police checked her home to verify that Allan Coloyan was not within her residence. At this current juncture, since Plaintiff has not disclosed the names of these witnesses, she is precluded from adding additional witnesses to her list.

3

Plaintiff does not have personal knowledge of the above-mentioned facts and does not have any witness to attest to the facts alleged above.

B.   Hearsay Inadmissible

Rule 801(c) of the FRE states as follows:

> "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

Fed. R. Evid. 801(c).

In addition, Rule 802 of the FRE states as follows:

> Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.

Fed. R. Evid. 802.

Plaintiff claims that Officer Badua told her that he went over to her neighbors and told them about her son. Exhibit "B", 78:13-25; 79:1-16. However, Plaintiff admitted in her deposition that she talked to her neighbors, but not about whether they talked to police nor the content of their conversation. Id. at 79:1-6. Since Plaintiff did not witness the conversations between the police and her neighbors and didn't even see the police talking to her neighbors, any of the above-mentioned testimony by Plaintiff would be speculation and hearsay. There are no hearsay exceptions that would make Plaintiff's testimony become admissible. See Fed. R. Evid.

4

803. More importantly, as Plaintiff has not listed any of her neighbors as witnesses for trial, she is precluded from naming any new witnesses.

  C. <u>Inadmissibility of Evidence under Rule 401, 402 and 403</u>

Rule 401 of the FRE states:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401.

Rule 402 of the FRE states:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence, which is not relevant, is not admissible.

Fed. R. Evid. 402.

If the Court is not inclined to grant this motion based on Rules 602 and/or 802 of the FRE, Defendants argue that the above-mentioned assertions as to which Plaintiff is expected to testify are irrelevant, as they will not assist the jury to make a determination as to the allegations articulated in the Fourth Amended Complaint. In other words, *assuming arguendo*, for the purposes of this motion, that the police talked to her neighbors and informed the neighbors about the arrest warrant for her son,

5

this testimony will not assist the jury in determining whether the police violated Plaintiff's constitutional rights by allegedly entering and searching her home without her consent. In fact, Plaintiff does not articulate any allegations and/or claims relating to the above-mentioned assertions. Therefore, Plaintiff's expected testimony regarding the police going around to Plaintiff's neighbors after they checked Plaintiff's residence and the content of those conversations between the police and Plaintiff's neighbors is inadmissible.

III.  CONCLUSION

Based on the foregoing, Defendants respectfully request that this Honorable Court grant this motion and preclude testimony regarding the police going to Plaintiff's neighbors house after the police conducted the search, and conversations that allegedly occurred between the police and the neighbors.

DATED: Honolulu, Hawaii, February 21, 2006.

CARRIE K.S. OKINAGA
Corporation Counsel

By _/s/ Kendra K. Kawai_
KENDRA K. KAWAI
MARIE MANUELE GAVIGAN
Deputies Corporation Counsel
Attorneys for Defendants