IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| OFELIA COLOYAN, ) | CIVIL NO. 03-476 KSC |
| ) | |
| Plaintiff, ) | MEMORANDUM IN SUPPORT OF |
| ) | MOTION |
| vs. ) | |
| ) | |
| WILLIAM P. BADUA; ) | |
| JEFFREY OMAI; ) | |
| SPENCER ANDERSON; ) | |
| NEIL PANG; ) | |
| and DOES 5-10, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

MEMORANDUM IN SUPPORT OF MOTION

I.   INTRODUCTION

On February 7, 2006, Plaintiff Ofelia Coloyan (hereinafter "Plaintiff") filed her First Supplement to Pretrial Statement Filed January 27, 2006. In her supplement, Plaintiff named Retired Chief Lee D. Donahue as a witness to testify for purposes of liability about a "code of silence" which Plaintiff alleges is known to exist in the Honolulu Police Department. See Exhibit "A", Plaintiff's First Supplement to Pretrial Statement Filed January 27, 2006, filed February 7, 2006.

Prior to the filing of the above-mentioned document, Plaintiff has never raised the issue of an alleged "code of silence". Plaintiff has never questioned any of the witnesses regarding this issue. To date, there is no evidence or indication of an alleged "code of silence" in this matter.

II. DISCUSSION

    A. Irrelevant Evidence Inadmissible and/or Inadmissible under Rule 403

Rule 401 of the Federal Rules of Evidence ("FRE") states:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401.

Rule 402 of the FRE states:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence, which is not relevant, is not admissible.

Fed. R. Evid. 402.

Rule 403 of the FRE states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

>	misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

Testimony regarding an alleged "code of silence" is irrelevant. There is no evidence to indicate that a "code of silence" exists or was employed in this matter. Even if there is any marginal relevance as to this issue, it is clearly outweighed by the wasting of time, confusion of the issues, misleading of the jury and prejudice to Defendants. Fed. R. Evid. 403. Cross examination of the witnesses that could potentially testify as to this subject matter is insufficient to prevent the undue prejudice to Defendants.

Because Plaintiff has not conducted any discovery on this issue, Plaintiff has absolutely no evidence to prove the issue. Assuming for purposes of argument that Plaintiff is allowed to have Chief Donohue testify on the issue and Chief Donohue denies that such a code exists, then Defendants are prejudiced by the mere questioning on the issue. The mere questioning on the issue will raise speculation and confusion of the jury and thus prejudices the Defendants.

If this Court is inclined to allow such testimony, Defendants seek an offer of proof as to the issue so that the Court can be fully advised on the matter and have a complete record on which to issue a ruling.

III.  CONCLUSION.

Based on the foregoing, Defendants respectfully request that this Honorable Court grant this motion, in limine, and preclude at trial the testimony of Retired Honolulu Police Chief Lee Donohue and/or testimony regarding an alleged code of silence.

DATED:  Honolulu, Hawaii, February 21, 2006.

                                            CARRIE K.S. OKINAGA
                                            Corporation Counsel

By  */s/ Kendra K. Kawai*
                                            KENDRA K. KAWAI
                                            MARIE MANUELE GAVIGAN
                                            Deputies Corporation Counsel
                                            Attorneys for Defendants