IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| OFELIA COLOYAN, | ) CIVIL NO. 03-476 KSC |
| | ) |
| Plaintiff, | ) MEMORANDUM IN SUPPORT OF |
| | ) MOTION |
| vs. | ) |
| | ) |
| WILLIAM P. BADUA; | ) |
| JEFFREY OMAI; | ) |
| SPENCER ANDERSON; | ) |
| NEIL PANG; | ) |
| and DOES 5-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

MEMORANDUM IN SUPPORT OF MOTION

I.  INTRODUCTION

Plaintiff Ofelia Coloyan (hereinafter "Plaintiff") instituted this lawsuit against Officers William P. Badua, Jeffrey Omai and Spencer Anderson (collectively hereinafter "Defendants") for allegedly violating her constitutional rights when Defendants allegedly searched her home on June 3, 2003, over her objection and without her consent. Plaintiff has alleged causes of action, which include violations of the Fourth and Fourteenth Amendments of the United States Constitution and Article I, Section 7 of the Constitution of the State of Hawai'i; as

well as emotional distress, difficulty eating and sleeping, mental anguish, anxiety, embarrassment, humiliation, and shame. In addition, Plaintiff is seeking punitive damages against Defendants for their alleged conduct.

Plaintiff has identified Steven M.C. Lum, M.D. as an expert witness to testify at trial on her behalf. Plaintiff has not produced any expert report from Dr. Lum as required by this Court's Third Amended Rule 16 Scheduling Order, filed September 9, 2005 and Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Defendants conducted the oral deposition of Dr. Lum on January 13, 2006. During Dr. Lum's oral deposition, Dr. Lum testified that he has not been retained or hired by Plaintiff in this lawsuit and there was no contract or agreement between Plaintiff's counsel and him regarding this lawsuit. See Exhibit "A", Deposition of Steven Lum, M.D. Taken on January 13, 2006, 7:10-12, 17-20. Furthermore, Dr. Lum has not done an independent examination of Plaintiff nor has he generated an expert report for this lawsuit. Id. at 8:6-9, 13-18.

II.   DISCUSSION

Rule 26(a)(2) of the Federal Rules of Civil Procedure ("FRCP") states as follows:

> (2) Disclosure of Expert Testimony
>
> (A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

2

>    (B) Except as otherwise stipulated or directed by the court, this disclosure **shall**, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, **be accompanied by a written report** prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the date or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of publications of the witness, including a list of publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within preceding four years.

Fed. R. Civ. Pro. 26(a)(2) (emphasis added).

Although Plaintiff identified Dr. Lum as an expert for this matter, Dr. Lum has not been retained by Plaintiff and has not generated a report, as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. In turn, Plaintiff has not met the disclosure requirements set out in Rule 26(a)(2) of the Federal Rules of Civil Procedure with regard to Dr. Lum testifying as an expert in this case.

Moreover, Dr. Lum is not an expert witness as contemplated by Rule 26 of the FRCP or Rule 702 of the Federal Rules of Evidence ("FRE"). Dr. Lum, as Plaintiff's treating physician, is a percipient witness. He has not been retained to form an opinion in this case. Therefore, Dr. Lum should not be allowed to testify as an expert witness, but only as a percipient witness.

3

III. CONCLUSION.

Based on the foregoing, Defendants respectfully request that this Honorable Court grant this motion, in limine, and preclude Steven M.C. Lum, M.D. from testifying at trial in this matter as an expert witness.

DATED: Honolulu, Hawaii, February 21, 2006.

                CARRIE K.S. OKINAGA
                Corporation Counsel

By  */s/ Kendra K. Kawai*
       KENDRA K. KAWAI
       MARIE MANUELE GAVIGAN
       Deputies Corporation Counsel
         Attorneys for Defendants

4