IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| OFELIA COLOYAN, | ) CIVIL NO. 03-476 KSC |
| | ) |
| Plaintiff, | ) MEMORANDUM IN SUPPORT OF |
| | ) MOTION |
| vs. | ) |
| | ) |
| WILLIAM P. BADUA; | ) |
| JEFFREY OMAI; | ) |
| SPENCER ANDERSON; | ) |
| NEIL PANG; | ) |
| and DOES 5-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

MEMORANDUM IN SUPPORT OF MOTION

I.  INTRODUCTION

On or about January 24, 2006, Plaintiff Ofelia Coloyan (hereinafter "Plaintiff") filed her Pretrial Statement. In her Pretrial Statement, Plaintiff identifies various witnesses, including but not limited to, Investigator Joe Cabrejos and Dexter Carrasco. See Exhibit "A", Plaintiff Ofelia Coloyan's Pretrial Statement dated January 24, 2006, pages 8 and 10, Section I. Plaintiff states that Mr. Cabrejos is expected to testify as to his attempts to locate the whereabouts of Officer Jeffrey Omai for purposes of service of process. Id. In addition, Plaintiff states that

Mr. Carrasco is expected to testify as to his attempted service of subpoenas in this case. Id.

II.  DISCUSSION

A. Inadmissibility of Evidence under Rule 401, 402 and 403

Rule 401 of the FRE states:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401.

Rule 402 of the FRE states:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence, which is not relevant, is not admissible.

Fed. R. Evid. 402.

Rule 403 of the FRE states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

Testimony regarding service of the complaint upon Defendants in this case is irrelevant and should be precluded. It appears from Plaintiff's Pretrial Statement

2

that Plaintiff may call the process server(s) and an investigator to testify as to the difficulty in serving each of Defendants. Testimony regarding these events has no relevance whatsoever in determining the merits of this case, i.e. the issue of whether Plaintiff's constitutional rights were violated by Defendants.

Even if there is any marginal relevance as to this issue, it is clearly outweighed by the wasting of time, confusion of the issues, misleading of the jury and prejudice to Defendants. Fed. R. Evid. 403. Cross examination of the witnesses who could potentially testify as to this subject matter is insufficient to prevent the undue prejudice to Defendants.

III.  CONCLUSION

Based on the foregoing, Defendants respectfully request that this Honorable Court grant this motion, in limine, and preclude any and all testimony regarding the service of the complaint upon the Defendants in this case.

DATED:  Honolulu, Hawaii, February 21, 2006.

CARRIE K.S. OKINAGA
Corporation Counsel

By  /s/ Kendra Kawai
KENDRA K. KAWAI
MARIE MANUELE GAVIGAN
Deputies Corporation Counsel
Attorneys for Defendants