JACK SCHWEIGERT, #1560
550 HALEKAUWILA STREET, ROOM 309
HONOLULU, HAWAII 96813
TELEPHONE NO. 533-7491

ARTHUR E. ROSS. #1005
226 Queen Street, Suite 210
HONOLULU, HAWAII 96813
TELEPHONE NO. 52-4343

RORY SOARES TOOMEY, #2323
1088 BISHOP STREET, SUITE 1004
HONOLULU, HAWAII 96813
TELEPHONE NO. 533-7162

Attorneys for Plaintiff
OFELIA COLOYAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| OFELIA COLOYAN | ) | CIVIL NO. 03-00476-KSC |
|  | ) |  |
| Plaintiff, | ) | PLAINTIFF OFELIA COLOYAN'S |
|  | ) | PRETRIAL STATEMENT; |
| vs. | ) | CERTIFICATE OF SERVICE |
|  | ) |  |
| WILLIAM BADUA, JEFFERY | ) | Pretrial Conference |
| OMAI; SPENCER ANDERSON; | ) | January 31, 2006 |
| NEIL PANG; and DOES 5-10 | ) | Time: 9:00 a.m. |
|  | ) | Judge: Kevin S.C. Chang |
| Defendants. | ) |  |
|  | ) | Trial |
|  | ) | March 4, 2006 |

EXHIBIT A

## PLAINTIFF OFEILA COLOYAN'S PRETRIAL STATEMENT

COMES NOW PLAINTIFF OFELIA COLOYAN (hereinafter referred to as Ms. Coloyan or the Plaintiff) by and through counsel Arthur E. Ross, Esq., Jack Schweigert, Esq., and Rory Soares Toomey, Esq.. and pursuant to the Third Amended Scheduling Order and LR.16.6 submits her pretrial statement.

A) PARTY

This pretrial statement is submitted on behalf of the Plaintiff.

B) JURISDICTION AND VENUE

William Badua (hereinafter referred to as Badua), Jeffery Omai (hereinafter referred to as Omai); and Spencer Anderson (hereinafter referred to as Anderson) Defendants above-named (hereinafter collectively referred to as the Defendants) violated Ms. Coloyan's Fourth Amendment Right to be free from unreasonable searches and seizures as guaranteed to her by the Constitution of the United States of America in violation of 42 U. S. C. 1983 *et. seq.* This Honorable Court has jurisdiction to grant the relief prayed for under 28 U.S.C. 1331 along with 28 U. S. C. 1343; and because all parties reside in the District of Hawaii venue is properly in the above-entitled Court pursuant to 28 U. S. C. 1391 (b).

The Plaintiff accepts that jurisdiction and venue is in this Court. The

2

Plaintiff is unaware of any challenge to the jurisdiction and venue of this Court brought by any of the Defendants.

## C) SUBSTANCE OF ACTION

This action arises as a result of the Defendants attempt to execute an alleged warrant authorizing the arrest of Ms. Coloyan's son, Allan. At the time of that attempt, Allan had moved out of Ms. Coloyan's house and was working on a fishing boat in Alaska.

When the Defendants arrived at her home, Ms. Colyan informed them of Allan's whereabout. However, the Defendants muscled their way passed her and through the front door of her home.

When Ms. Coloyan asked to see the warrant, Badua responded by pointing to his badge and remarked that his badge gave him all the authority he needed to enter and search her home.

The defenses raised are they had reason to believe Allan Coloyan was residing at the home of Ms. Coloyan and further that Ms. Coloyan consented to their search. As to the information that Defendants relied upon regarding Allan Coloyan's residence, it was stale, and refuted by Ms. Coloyan. As to the Defendants claim Ms. Coloyan consented to searching of her home, this is denied.

3

D) UNDISPUTED FACTS

It is undisputed that at the time of the incident, Allan Coloyan was not in his mother's home. It is also undisputed that upon Defendants completion of their search of Ms. Coloyan's home, they went to her neighbors and told them that Allan Coloyan was wanted for drug dealing by the United States.

E) DISPUTED FACTUAL ISSUES

The disputed facts are:

1.    Whether Allan Coloyan was a resident of his mother's home.

2.    Whether Ms. Coloyan consented to the search of her home by Defendants.

3.    Whether Ms. Coloyan suffered damages from the search of her home by Defendants.

4.    Whether Officer Badua represented that his badge was enough authority to search Ms. Coloyan's home.

F) RELIEF PRAYED

Ms. Coloyan is seeking general damages for her pain and suffering, stress, anxieties, feelings of shame, headaches, worsened her hypertension, and her loss of work.

Ms. Coloyan is also seeking punitive damages for the actions of the

4

Defendants, particularly Badua's actions, were intentional and malicious. Based upon the age of the information they had about the whereabouts of Allan Coloyan, they knew, or they should have known, that they had no reasonable opportunity of finding their quarry in Ms. Coloyan's home, and therefore, the alleged warrant for the arrest of Allan Colyan did not authorize their entry into Ms. Coloyan's home.

After leaving Ms. Coloyan's residence, the Defendants had no reason to believe that Allan Coloyan was in the neighborhood, yet they went around to Ms. Coloyan's neighbors to make sure they knew that Allan Coloyan was a ***BAD PERSON***.

G) <u>POINTS OF LAW</u>

The legal points that control this case are:

1.    The police may not enter a dwelling to make an arrest without a warrant authorizing the arrest. <u>Payton v. New York</u>, 445 U. S. 573, 603, 100 S. Ct. 1371, 1388, 63 L. Ed. 2d 639 (1980).

2.    Even with an arrest warrant, the police may not enter a dwelling to make an arrest unless they have reasonable information that the person to be arrested resides in the dwelling and will be in the dwelling at the time the arrest is to be made. <u>id.</u> and <u>Perez v. Simmons</u>, 884 F. 2d 1136 (9th Cir. 1989).

5

3.  Reasonable information means that police officers, making such an arrest, must have probable cause to believe that the person to be arrested resides in the dwelling and will be in the dwelling at the time that the arrest is to be made. United States v. Gorman, 314 F. 3d 1105, 1110-1115 (9th Cir. 2002).

4.  A subject of a search does not consent to that search when their consent is prompted by a show of official authority. United States v. Edmondson, 791 F. 2d 1512 (11th Cir. 1986).

5.  Ms. Colyan is entitled to damages that will compensate her for the outrage, mental suffering, shame, humiliation, and ridicule that she suffered Section 11.4 9th Circuit Manual of Modern Jury Instruction (1997) (modified)

6.  Because the Defendants' conduct was malicious, or in reckless disregard of her rights, Ms. Coloyan is entitled to an award of punitive damages. Section.7.5 9th Circuit Manual of Modern Jury Instruction (1997) (modified)

## H) PREVIOUS MOTIONS

The previous motions that were made in this case and their disposition are as follows:

6

1.    An ex parte motion permitting the Plaintiff to file a third amended complaint and it was granted.

2.    A motion to file a fourth amended complaint, at first it was withdrawn without prejudice, than it was resubmitted and denied in part and grafted in part, authorizing the naming Neal Pang (hereinafter referred to as Pang), Omai, and Anderson.

3.    Officer Pang then filed a Motion for Summary Judgment, which was granted.


I)  <u>WITNESSES TO BE CALLED</u>

1)  Ofelia Coloyan is expected to testify that the Defendants forced their way into her home without her consent  and then went to her neighbors and made sure that the neighbors knew that they wanted to arrest Allan Coloyan, and why. Ms. Coloyan is also expected to testify how Defendants' actions effected her health and well being in support of her damages suffered from Defendants' wrongful conduct.

2) Alejandro Coloyan, is the husband of Ofelia Coloyan, and is expected to testify of his observations of the injuries suffered by Ofelia Coloyan as a result of Defendants' wrongful conduct.

3) Robert Marvit, M.D. is expected to give his evaluation and opinion of the opinion by Defendants' expert, Byron Eliashof, M.D.

4) Steven M.C. Lum, M.D. is expected to give testimony as to his diagnosis and treatment of Ofelia Coloyan as a result of the Defendants' conduct in this case.

5) Robert Tam, is expected to give testimony as to his service of a civil subpoena on the police custodian of records for any search warrant, affidavits in support of a search, and/or police reports regarding the search of Ofelia Coloyan's property involved in this case.

6) Investigator Joe Cabrejos is expected to give testimony of his attempts to locate the whereabouts of Officer Jeffrey Omai for purposes of service of process.

7) Custodian of Records for the Honolulu Police Department to determine that there are no records on file relating to Allan Coloyan with the Honolulu Police Department.

8) Custodian of Records for the United States District Court for the District of Hawaii for any records dealing with the arrest of Allan Coloyan for the purpose of establishing liability in this case.

9) Defendant William Badua is expected to testify as to his conduct during the time of the search of Ms. Coloyan's home on June 3, 2003 for purposes of establishing liability and damages.

8

10) Defendant Jeffrey Omai is expected to testify as to his conduct during the time of the search of Ms. Coloyan's home on June 3, 2003 for purposes of establishing liability and damages.

11) Officer Spencer Anderson is expected to testify as to his conduct during the time of the search of Ms. Coloyan's home on June 3, 2003 for purposes of establishing liability and damages.

12) Officer Neal Pang is expected to testify as to his conduct during the time of the search of Ms. Coloyan's home on June 3, 2003 for purposes of establishing liability and damages.

13) Officer Donald Stafford is expected to testify as to his conduct during the time of the search of Ms. Coloyan's home on June 3, 2003 for purposes of establishing liability and damages.

14. Officer Darren Nihei is expected to testify as to his conduct during the time of the search of Ms. Coloyan's home on June 3, 2003 for purposes of establishing liability and damages.

15. Officer Sharolyn Rodrigues-Wong is expected to testify as to his conduct during the time of the search of Ms. Coloyan's home on June 3, 2003 for purposes of establishing liability and damages.

16. Officer Detrich Kamakani is expected to testify as to his conduct during

9

the time of the search of Ms. Coloyan's home on June 3, 2003 for purposes of establishing liability and damages.

17) Dexter Carrasco is expected to testify as to his attempted service of subpoenas in this case.

18) Any other witnesses learned of through further discovery or listed in any responsive pretrial statement or amended pretrial statement filed in this case.

J) EXHIBITS, SCHEDULES AND SUMMARIES

1) Complaint, filed September 8, 2003, for purposes of cross examination, and which is self-authenticating.

2) First Amended Complaint, filed September 12, 2003, for purposes of cross examination, and which is self-authenticating.

3) Second Amended Complaint, filed October 7, 2003, for purposes of cross examination, and which is self-authenticating.

4) Third Amended Complaint, filed January 27, 2004, for purposes of cross examination, and which is self-authenticating.

5) Fourth amended Complaint, filed June 30, 2005, for purposes of cross examination, and which is self-authenticating.

6) Defendant William P. Badua's Answer to Fourth Amended Complaint, filed June 30, 2005, for purposes of cross examination, and which is self-

10

authenticating.

7) Defendant Spencer Anderson and Neil Pang's Answer to Fourth

Amended Complaint, filed June 30, 2005, for purposes of cross examination, and

which is self-authenticating.

8) Defendant Jeffrey Omai's Answer to Fourth Amended Complaint, filed

June 30, 2005, for purposes of cross examination, and which is self-authenticating.

9) Proof of Service on Custodian of Records, Honolulu Police Department,

dated October 17, 2003, for purposes of cross examination, and authenticated by

Robert Tam.

10) Subpoena in a Civil Case, dated October 13, 2003, for purposes of cross

examination, and authenticated by Robert Tam.

11) Investigative report, dated October 20, 2005, for purposes of cross

examination, and authenticated by Joe Cabrejos.

12) Fax transmittal to Process Server dated October 22, 2005, for purposes

of cross examination, and authenticated by Dexter Carrasco.

13) Defendant's [Badua] Response to Plaintiff's First Request for Answers

to Interrogatories dated February 25, 2005 , for purposes of cross examination,

provided by defendant so as to be automatically admissible.

14) Defendant William P. Badua's Response to Plaintiff's First Request to

11

Defendants for Production of Documents or Things dated March 18, 2005, for purposes of cross examination, provided by defendants so as to be automatically admissible.

15) Report by Byron Eliashof, M.D., dated August 10, 2005, for purposes of cross examination, provided by defendants so as to be automatically admissible.

16) Curriculum Vitae of Byron Eliashof, M.D. faxed October 12, 2005, for purposes of cross examination, provided by defendants so as to be automatically admissible.

17) Report by Robert Marvit, M.D. dated October 11, 2005, for purposes of proof of damage, authenticated by Robert Marvit, M.D.

18) Curriculum Vitae of Robert Marvit, M.D. with cover cover letter dated October 14, 2005, for purposes of establishing the importance of Dr. Marvit's opinion, authenticated by Robert Marvit, M.D.

19) Medical records from Steven M.C. Lum, M.D. relating to his patient Ofelia Coloyan, for purposes of establishing damages, authenticated by Steven M.C. Lum, M.D.

20) Curriculum Vitae of Steven M.C. Lum, M.D., for purposes of establishing the importance of his diagnosis and treatment of Ofelia Coloyan to establish damages and to be authenticated by Steven M.C. Lum, M.D.

21) Plaintiff's Response to Defendant William Badua's First Request for Answers to Interrogatories to Plaintiff dated September 2, 2004, corrected per notice of March 1, 2005, for purposes of establishing liability and damages, to be authenticated by Ofelia Coloyan.

22) Deposition of Ofelia Coloyan conducted January 6, 2005 for purposes of establishing liability and damages, to be authenticated by Ofelia Coloyan.

23) The record and file produced by Wackenhut Corporation for Ofelia Coloyan, for purposes of establishing liability, to be authenticated by the Custodian of Records for Wackenhut Corporation.

24) Records by Castle Medical Records for Ofelia Coloyan, volumes 1, 2 & 3,produced by Custodian of Records for Castle Medical Center, for purposes of establishing liability and damages, and to be authenticated by the Custodian of Records for Castle Medical Center.

25) Return of Service filed August 10, 2005 by Jacinto Carrasco III, for purposes of establishing difficulty in service of Officer Omai and to be authenticated by Jacinto Carrasco III.

26) Inquiry letter dated August 8, 2005 from Attorney Schweigert to Attorney Kawai establishing Omai's medical leave status for purposes of cross examination, and is self-authenticating.

13

27) Deposition transcript with signature and exhibits of Spencer Anderson taken March 31, 2005, for purposes of cross examination, authenticated by Rita King, Court Reporter.

28) Return of Service for Officer Badua executed February 12, 2004, for purposes of cross examination, authenticated by Robert Tam.

29) Deposition transcript with signature and exhibits of Officer Badua taken December 15, 2004, for purposes of cross examination, authenticated by Don Ross, Court Reporter.

30) Deposition transcript with exhibits of Officer Darren Nihei taken April 4, 2005, for purposes of cross examination, authenticated by Marjann Shawler, Court Reporter.

31) Deposition transcript with exhibits of Officer Detrich Kamakani taken March 31, 2005, for purposes of cross examination, authenticated by Rita King, Court Reporter.

32) Deposition transcript with exhibits of Officer Donald Stafford taken March 31, 2005, for purposes of cross examination, authenticated by Rita King, Court Reporter.

33) Letter from Attorney Kawai to Attorney Schweigert dated August 10, 2005 for purposes of cross examination and is self authenticating.

14

34) Deposition transcript with signature of Officer Neil Pang taken April 18, 2005, for purposes of cross examination, authenticated by Marjann Shawler, Court Reporter.

35) Note excusing Ofelia Coloyan from work until June 22, 2003 issued by Steven M.C. Lum, M.D.

## K) FURTHER DISCOVERY OR MOTIONS

The deposition of Officer Omai must be taken at a time convenient to both parties prior to the discovery cut-off now set as February 13, 2006.

The deposition of Alejandro Coloyan must be taken since it was continued as a convenience to Plaintiff's counsel.

A site inspection must be allowed to defendants.

## L) STIPULATIONS

None as of this writing.

## M) AMENDMENTS, DISMISSALS

The Plaintiff may be able to identify the 4 police officers searching her home so that an amendment to conform the pleadings to the evidence may be requested.

## N) SETTLEMENT DISCUSSION

There is a further settlement conference set for January 31, 2006 concurrent

with the final pretrial conference. It is not expected that settlement will be

productive in view of the disparity of positions. Plaintiff is amenable to any

alternative dispute resolution of this case such as having a private lawyer examine

the case as in the CAAP program under the State Circuit system. Because of

Plaintiff's indigency, hiring a private dispute resolution format is too expensive.

The last offer by Defendants was $500 which is rejected.

O) AGREED STATEMENT

The Plaintiff does not believe that this case can be resolved by presentation

of agreed-to facts because credibility of the witnesses is of paramount importance

in resolution of this case.

P) BIFURCATION, SEPARATE TRIAL OF ISSUES

The Plaintiff's position is that the bifurcation of the trial is neither feasible

nor desirable.

Q) REFERENCE TO MASTER OR MAGISTRATE JUDGE

This matter has already been assigned for trial to United States Magistrate

Kevin S. C. Chang.

R) APPOINTMENT AND LIMITATION OF EXPERTS

There is no need of appointment of expert witnesses because both parties

already have retained their own.

16



**S) TRIAL**

A jury trial is scheduled for March 14, 2006, and a timely demand for trial by jury was filed in this case.

**T) ESTIMATE OF TRIAL TIME**

The Plaintiff estimates that it will take 3 court days to present her case, and 4 days tor the Defendants to present their case.

**U) CLAIMS OF PRIVILEGE OR WORK PRODUCT**

At this time the Plaintiff reserves the right to cross examine Officer Badua as to his original phone conversation with defense counsel prior to representation by Corporation Counsel in this matter.

**V) MISCELLANEOUS**

The issue of the arrest warrant may need to be discussed in further detail in chambers.

DATED: Honolulu, Hawaii, January 24, 2006.

Respectfully Submitted

JACK SCHWEIGERT, ESQ.
ARTHUR E. ROSS, ESQ.
RORY SOARES TOOMEY, ESQ.
Attorneys for Plaintiff
OFELIA COLOYAN

17

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| OFELIA COLOYAN | ) | CIVIL NO. 03-00476-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| WILLIAM BADUA, JEFFERY | ) | |
| OMAI; SPENCER ANDERSON; | ) | |
| NEIL PANG; and DOES 5-10 | ) | |
| | ) | |
| Defendants. | ) | |

CERTIFICATE OF SERVICE

The below-signed certifies that on January 24, 2006, one copy of the

attached document was served via U.S. Mail, first class postage pre-paid addressed

as follows:

> Kendra K. Kawai, Esq.
> Deputy Corporation Counsel
> 530 S. King Street, Room 110
> Honolulu, HI 96813
> Attorney for Defendants

_____
Person certifying service

1