IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| OFELIA COLOYAN, | ) CIVIL NO. 03-476 KSC |
| | ) |
| Plaintiff, | ) MEMORANDUM IN SUPPORT OF |
| | ) MOTION |
| vs. | ) |
| | ) |
| WILLIAM P. BADUA; | ) |
| JEFFREY OMAI; | ) |
| SPENCER ANDERSON; | ) |
| NEIL PANG; | ) |
| and DOES 5-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

MEMORANDUM IN SUPPORT OF MOTION

I.    INTRODUCTION

Plaintiff Ofelia Coloyan (hereinafter "Plaintiff") instituted this lawsuit against

Officers William P. Badua, Jeffrey Omai and Spencer Anderson (collectively

hereinafter "Defendants") for allegedly violating her constitutional rights when

Defendants allegedly searched her home on June 3, 2003, over her objection and

without her consent.  Plaintiff has alleged causes of action, which include

violations of the Fourth and Fourteenth Amendments of the United States

Constitution and Article I, Section 7 of the Constitution of the State of Hawaiʻi; as

well as emotional distress, difficulty eating and sleeping, mental anguish, anxiety,

embarrassment, humiliation, and shame. In addition, Plaintiff is seeking punitive damages against Defendants for their alleged conduct.

Defendants request that this Honorable Court enter an order that Rule 611 of the Federal Rules of Evidence be followed, including the avoidance of matters in opening statements and closing arguments that are not and cannot be supported by the evidence and the proper questioning of witnesses.

II.     DISCUSSION

Rule 611 of the Federal Rules of Evidence ("FRE") sets forth the order and mode of interrogation of witnesses during trial:

> **RULE 611. MODE AND ORDER OF INTERROGATION AND PRESENTATION**
> **(a) Control by Court.** The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.
> **(b) Scope of Cross-Examination.** Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness. The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination.
> **(c) Leading Questions.** Leading questions should not be used on the direct examination of a witness except as may be necessary to develop the witness' testimony. Ordinarily leading questions should be permitted on cross-examination. When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions.

Fed. R. Evid. 611.

Rule 611 of the FRE sets forth the proper procedure for the questioning of witnesses. It is imperative that this proper procedure be used to avoid prejudice to all parties. For example, where a party questions a witness on direct examination by the use of leading questions, not only is this improper procedure, but it is also prejudicial to the opposing party. Improper questioning creates prejudice by imposing an obligation on the opposing party to object in the proper representation of his or her client; however, constant objecting can also create an adverse appearance before the jury. Moreover, constant objections can unduly delay the trial proceedings.

In addition, it is important that opening statements and closing arguments be based upon facts and testimony that will be elicited at the trial and not speculation and conjecture on the part of counsel for the parties.

/

/

/

/

/

/

/

/

III.   CONCLUSION

For the foregoing reasons, Defendant respectfully request that this Honorable Court grant this motion, in limine, and order that Rule 611 of the Hawaii Rules of Evidence and proper trial procedures be followed during the trial of this matter.

DATED:  Honolulu, Hawaii, February 21, 2006.

CARRIE K.S. OKINAGA
Corporation Counsel

By _____
KENDRA K. KAWAI
MARIE MANUELE GAVIGAN
Deputies Corporation Counsel
Attorneys for Defendants