IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| OFELIA COLOYAN, | ) CIVIL NO. 03-476 KSC |
| | ) |
| Plaintiff, | ) MEMORANDUM IN SUPPORT OF |
| | ) MOTION |
| vs. | ) |
| | ) |
| WILLIAM P. BADUA; | ) |
| JEFFREY OMAI; | ) |
| SPENCER ANDERSON; | ) |
| NEIL PANG; | ) |
| and DOES 5-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

MEMORANDUM IN SUPPORT OF MOTION

I.    INTRODUCTION

Plaintiff Ofelia Coloyan's (hereinafter "Plaintiff") Fourth Amended Complaint

(hereinafter "Complaint") states, in relevant part, as follows:

CAUSES OF ACTION

7.    On or about June 3, 2003, Defendants and others,
acting under color of state law, came to Plaintiff's residence at
91-1082 Kapa`ahulani Street in Ewa Beach, Hawaii[,] to arrest
Allan Coloyan, Plaintiff's 23-year-old son.

8.    Defendant Badua approached Plaintiff's front door and questioned her about the whereabouts of her son for whom he had an arrest warrant.  Plaintiff informed Officer Badua that her son was working in Alaska.

9.    Thereafter over Plaintiff's objection and without her consent, Defendants Badua, Omai, Anderson, and DOES 5-10 searched Plaintiff's home.  Further, Defendant Pang admits to at least being on Plaintiff's property but was not sure where on her property he went to.

10.    While carrying out this operation, Defendants Badua, Omai, Anderson, and DOES 5-10 did not have a search warrant to search Plaintiff's home.  Further, Plaintiff did not consent to this search of her home so that Defendants Badua, Omai, Anderson, and DOES 5-10 **violated the 4th and 14th Amendments, U.S. Constitution, and Article 1 § 7, Hawaii [State] Constitution, prohibiting unreasonable searches and seizures**.  Further, Defendant Pang did not have consent to be on Plaintiff's property so that his conduct was a trespass.

11.    The Defendants' wrongful conduct[1] has caused Plaintiff to suffer injury including emotional distress, difficulty eating and sleeping, mental anguish, anxiety, embarrassment, humiliation, and shame, which entitles her to damages in an amount to be proven at trial.

12.    In addition to the foregoing, Defendants' conduct[2] was done in reckless disregard of Plaintiff's constitutional rights thereby entitling her to punitive damages in an amount to be proven at trial.

---

[1]    Reading the allegations contained in Plaintiff's Complaint in context, the "wrongful conduct" (as to Defendants Badua, Omai and Anderson) referenced in Paragraph 11 of the Complaint must speak to the constitutional violation (i.e., the prohibition against unreasonable searches and seizures) articulated in Paragraphs 9 and 10 of the Complaint because the constitutional violation is the only claim articulated in the Complaint.

[2]    See note 1, supra.

Exhibit "A", Fourth Amended Complaint filed June 30, 2005, pages 3-4,

Causes of Action (emphasis and footnotes added).

On or about January 24, 2006, Plaintiff filed a Pretrial Statement, which stated

in her "Relief Prayed", in relevant part, as follows:

> Ms. Coloyan is seeking general damages for her pain and
> suffering, stress, anxieties, feelings of shame, headaches,
> worsened her [sic] hypertension, and her loss of work.
> Ms. Coloyan is also seeking punitive damages for the actions
> of the Defendants, particularly Badua's actions, [which] were
> intentional and malicious.  Based upon the age of the
> information they had about the whereabouts of Allan Coloyan,
> [Defendants] knew, or they should have known, that they had
> no reasonable opportunity of finding their quarry in Ms.
> Coloyan's home, and therefore, the alleged warrant for the
> arrest of Allan Coloyan did not authorize their entry into Ms.
> Coloyan's home.
> After leaving Ms. Coloyan's residence, the Defendants had
> no reason to believe that Allan Coloyan was in the
> neighborhood, yet they went around to Ms. Coloyan's neighbors
> to make sure they knew that Allan Coloyan was a ***BAD
> PERSON***.

Exhibit "B", Plaintiff Ofelia Coloyan's Pretrial Statement dated January 24, 2006,

pages 4-5, Section F (emphasis in original).

The assertions articulated in Plaintiff's "Relief Prayed" section reference

conduct that is unrelated to the allegations contained in Plaintiff's Complaint – to wit,

that Defendants effected a constitutionally impermissible search when Defendants

entered Plaintiff's residence without her consent and without a search warrant.

Plaintiff's allegations pertaining to presumably dated information used in

determining a possible location for Allan Coloyan and Defendants' alleged

discussion with neighbors after Defendants entered Plaintiff's home do nothing to

clarify what occurred at Plaintiff's residence on June 3, 2003.

## II.    DISCUSSION

### A.    Presentation Of Evidence Limited To Allegations In Complaint.

Rule 8 of the Federal Rules of Civil Procedure (FRCP) states, in relevant

part, as follows:

> **(a) Claims for Relief.**  A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.  Relief in the alternative or of several different types may be demanded.

> \* \* \* \*

> **(e) Pleading to be Concise and Direct; Consistency.**
> (1)  Each averment of a pleading shall be simple, concise, and direct.  No technical forms of pleading . . . are required.
> (2)  A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses.  When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements.  A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds.  All statements shall be made subject to the obligations set forth in Rule 11 [of the FRCP].

**(f)  Construction of Pleadings**.  All pleadings shall be so construed as to do substantial justice.

In Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99 (1957), the United States Supreme Court stated, in relevant part, as follows:

> . . . the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is "short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. . . . Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.

Id. at 47-48, 78 S.Ct. at 103 (footnotes omitted).  Foundational to the Court's discussion in Conley was its summary of the allegations contained in the complaint underlying the appeal. See id. at 42-43, 78 S.Ct. at 100 (summarizing the relevant allegations of the underlying complaint filed in the Federal District Court in Texas).

In the instant case, Plaintiff's Complaint states, in relevant part, as follows: On or about June 3, 2003, Defendants and others came to Plaintiff's residence to arrest Plaintiff's 23-year old son, Allan Coloyan.  Defendant Badua approached Plaintiff's front door and questioned Plaintiff about the whereabouts of Plaintiff's son for whom Defendant Badua had an arrest warrant.  Plaintiff informed Defendant Badua that her son was working in Alaska.  After informing Defendant

Badua about the whereabouts of her son, Defendants searched Plaintiff's home without Plaintiff's consent. Plaintiff asserts that Defendants searched her home in the absence of a search warrant. Plaintiff claims that Defendants' search of her home constituted an unreasonable search[3] prohibited by the 4th and 14th Amendments of the United States Constitution and Article 1 § 7, of the Hawaii State Constitution. Plaintiff's Complaint includes no other discernable claims or allegations of misconduct on the part of Defendants or DOES 5-10.

Given that Plaintiff's Complaint, and the claim contained therein, focuses exclusively upon the alleged violation of Plaintiff's constitutional right against unreasonable searches and seizures[4], see Exhibit "A", page 4, ¶10, more specifically, the alleged nonconsensual entry into Plaintiff's home by Defendants, id. at ¶¶9-10, all evidence presented in this case must be limited to the events that occurred at Plaintiff's residence on June 3, 2003. If Plaintiff is allowed to present the additional evidence, in effect, Plaintiff will be allowed to improperly add to her claims – and, therefore, amend the Complaint without having filed the appropriate

---

[3]   Given that Plaintiff's Complaint only references entrance into her residence, Plaintiff's Complaint alleges a search (i.e., an impermissible entry into Plaintiff's home), but not a seizure (i.e., an impermissible taking of Plaintiff's belongings).

[4]   See note 3, supra.

pleading with the Court.[5]  Defendants should not be penalized for the limited scope of Plaintiff's Complaint.

If Plaintiff wishes to seek punitive damages for the violation of her constitutional right against unreasonable searches and seizures,[6] Plaintiff should be limited to referencing the conduct that occurred at her residence on June 3, 2003, inasmuch as Plaintiff's Complaint, when read in context, reasonably touches only upon events that took place at her house on the day in question.  See notes 1 and 5, supra.  Allowing Plaintiff to reference actions that occurred before or after Defendants' execution of the arrest warrant on June 3, 2003, does nothing to resolve the issue that is of consequence to the determination of Plaintiff's Complaint, in other words, did Defendants violate Plaintiff's constitutional right against unreasonable searches and seizures[7] when Defendants allegedly entered

---

[5]    As discussed above, Plaintiff's Complaint only alleges a violation of Plaintiff's constitutional right against unreasonable searches and seizures.  Given that Plaintiff's Complaint, and the allegations contained therein, are very limited in nature, any evidence not related to the incident at issue in this case raises claims not properly articulated, or even implied, by Plaintiff's Complaint.  Should such unrelated evidence surface at trial, Plaintiff is given an opportunity to expand the claims raised in her Complaint despite the fact that Plaintiff's Complaint contained no indication that she wished to raise such claims against Defendants at all.  Should such claims surface at trial, Defendants would be prejudiced inasmuch as Plaintiff's Complaint did not give fair notice of what Plaintiff's claims were and Defendants were not able to conduct discovery on such matters.

[6]    See note 3, supra.

[7]    See note 3, supra.

Plaintiff's house without her consent or without a search warrant. If Plaintiff wished to articulate other alleged wrongdoing by Defendants on, before, or after the incident in question, Plaintiff could have articulated such claims in her Complaint as authorized by Rule 8(e)(2) of the FRCP. Because other alleged wrongdoing by Defendants is not articulated in Plaintiff's Complaint as currently drafted, Defendants should not be held responsible for defending claims that, at this time, do not exist. Given that Plaintiff's Complaint revolves solely around the execution of the arrest warrant for Allan Coloyan on or about June 3, 2003, Defendants prepared for this case with the allegations articulated in Plaintiff's Complaint in mind.

    B.    <u>Evidence Suggested In Pretrial Statement Inadmissible.</u>

If this Court is not inclined to grant Defendants' motion based upon the grounds articulated above, Defendants assert that its motion should be granted because the evidence suggested by Plaintiff's Pretrial Statement is either irrelevant under Rule 401 of the Federal Rules of Evidence ("FRE") or is inadmissible under Rule 403 of the FRE.

Rule 401 of the FRE states as follows:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401.

Rule 402 of the FRE states that:

> All relevant evidence is admissible, except as otherwise
> provided by the Constitution of the United States, by Act of
> Congress, by these rules, or by other rules prescribed by the
> Supreme Court pursuant to statutory authority. Evidence,
> which is not relevant, is not admissible.

Fed. R. Evid. 402.

Rule 403 of the FRE states, in relevant part, as follows:

> Although relevant, evidence may be excluded if its probative
> value is substantially outweighed by the danger of unfair
> prejudice, confusion of the issues, or misleading the jury . . . .

Fed. R. Evid. 403.

As discussed above, the sole issue presented by Plaintiff's Complaint, as

drafted, is as follows: did Defendants violate Plaintiff's constitutional rights when

they entered Plaintiff's residence and searched her house without a search warrant

and without her consent. Given that Defendants' conduct before or after the

execution of Allan Coloyan's arrest warrant does nothing to resolve, clarify, or

establish what occurred at Plaintiff's residence on the date and at the time in

question, the evidence suggested by Plaintiff's Pretrial Statement does not have the

"tendency to make the existence of any fact that is of consequence to the

determination of the action more . . . or less probable than it would be without the

evidence." Fed. R. Evid. 401.  Accordingly, Defendants' conduct before or after the

execution of Allan Coloyan's arrest warrant is irrelevant under the FRE. Pursuant to Rule 402 of the FRE, such evidence should be excluded as irrelevant at trial.

Assuming _arguendo_ that the evidence suggested by Plaintiff's Pretrial Statement is relevant pursuant to Rule 401 of the FRE, such evidence should be excluded under Rule 403 inasmuch as the evidence will confuse and mislead jurors about the precise issue raised by this case – in other words, whether Defendants violated Plaintiff's constitutional rights when they entered Plaintiff's residence and searched her house without a search warrant and without her consent. More importantly, Defendants will be prejudiced in that they have conducted discovery in this case based solely on the allegations articulated in Plaintiff's Complaint, which were the only allegations of which Defendants had notice.

III.    CONCLUSION

Based on the foregoing, Defendants respectfully request that this Honorable Court grant this motion, _in limine_, and limit the presentation of evidence in this case to the allegations raised in Plaintiff's Complaint, to wit, whether Defendants violated Plaintiff's constitutional rights when they entered Plaintiff's residence and searched her house without a search warrant and without her consent. In the alternative, Defendants respectfully request that this Honorable Court exclude evidence suggested in Plaintiff's Pretrial Statement as irrelevant or confusing and misleading to the jury, more specifically Defendants respectfully ask that Plaintiff be

precluded from presenting evidence concerning allegations regarding Defendants'

background search of Allan Coloyan's last known address and the assertions that

Defendants talked to Plaintiff's neighbors after Defendants allegedly searched

Plaintiff's home because such evidence is unrelated to the issue in this case.

DATED:  Honolulu, Hawaii, February 21, 2006.

CARRIE K.S. OKINAGA
Corporation Counsel

By     _Kendra K. Kawai_

KENDRA K. KAWAI
MARIE MANUELE GAVIGAN
Deputies Corporation Counsel
Attorneys for Defendants