IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| OFELIA COLOYAN, | ) CIVIL NO. 03-476 KSC |
| | ) |
| Plaintiff, | ) MEMORANDUM IN SUPPORT OF |
| | ) MOTION |
| vs. | ) |
| | ) |
| WILLIAM P. BADUA; | ) |
| JEFFREY OMAI; | ) |
| SPENCER ANDERSON; | ) |
| NEIL PANG; | ) |
| and DOES 5-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

MEMORANDUM IN SUPPORT OF MOTION

I.   INTRODUCTION

Plaintiff Ofelia Coloyan (hereinafter "Plaintiff") instituted this lawsuit against Officers William P. Badua, Jeffrey Omai and Spencer Anderson (collectively hereinafter "Defendants") for allegedly violating her constitutional rights when Defendants allegedly searched her home on June 3, 2003, over her objection and without her consent. Plaintiff has alleged causes of action, which include violations of the Fourth and Fourteenth Amendments of the United States Constitution and Article I, Section 7 of the Constitution of the State of Hawai'i; as well as emotional distress, difficulty eating and sleeping, mental anguish, anxiety,

embarrassment, humiliation, and shame. In addition, Plaintiff is seeking punitive damages against Defendants for their alleged conduct.

On or about January 24, 2006, Plaintiff filed her Pretrial Statement. In her Pretrial Statement, Plaintiff identifies various witnesses and exhibits that may elicit hearsay testimony and/or be hearsay. See Exhibit "A", Plaintiff Ofelia Coloyan's Pretrial Statement dated January 24, 2006.

As a result, Defendants request that this Honorable Court enter an order precluding any hearsay testimony and exhibits during trial.

II.  DISCUSSION

   A.  Hearsay Inadmissible

Rule 801(c) of the FRE states as follows:

> "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

Fed. R. Evid. 801(c).

In addition, Rule 802 of the FRE states as follows:

> Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.

Fed. R. Evid. 802.

Defendants assert all hearsay statements of witnesses who were not present at Plaintiff's residence when the police arrived should be precluded at trial. These witnesses include, but are not limited to, Plaintiff's husband, Alejandro Coloyan,

and Dr. Steven Lum. This case will ultimately rest on whose account of events the jury believes. Furthermore, it appears that several documents that Plaintiff has listed in her Pretrial Statement are hearsay. These documents include, but are not limited to, letters between Plaintiff's counsel and Defendants' counsel and various pleadings signed by counsel and not Plaintiff. Hearsay evidence is untrustworthy and it appears that the hearsay testimony and exhibits will not fall within any of the exceptions to the hearsay rule.

Should any hearsay statements and/or evidence be allowed at trial, Defendants will be prejudiced. The first and most obvious prejudice is allowing the jury to hear testimony of out of court statements offered for the truth of the matter asserted. Obviously, the Defendants will be unable to meet and cross-examine such hearsay testimony. Additionally, Defendants will be prejudiced should their counsel be repeatedly forced to object to hearsay, making Defendants appear as obstructionists.

Defendants submit that an Order by the Court directing Plaintiff not to proffer hearsay statements and/or evidence, unless previously so authorized by the Court, is warranted, just and proper.

III.  CONCLUSION

Based on the foregoing, Defendants respectfully request that this Honorable Court grant its motion, in limine, and preclude any hearsay testimony and/or evidence at all phases of the trial, including but not limited to voir dire, opening

-3-

-4-

statements, direct and cross-examination of witnesses, exhibits and closing arguments.

    DATED: Honolulu, Hawaii, February 21, 2006.

                            CARRIE K.S. OKINAGA
                            Corporation Counsel

By _____
                            KENDRA K. KAWAI
                            MARIE MANUELE GAVIGAN
                            Deputies Corporation Counsel
                            Attorneys for Defendants