IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| OFELIA COLOYAN, | ) CIVIL NO. 03-476 KSC |
| Plaintiff, | ) MEMORANDUM IN SUPPORT OF ) MOTION |
| vs. | ) |
| WILLIAM P. BADUA; JEFFREY OMAI; SPENCER ANDERSON; NEIL PANG; and DOES 5-10, | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF MOTION

I.  INTRODUCTION

On or about January 24, 2006, Plaintiff Ofelia Coloyan (hereinafter "Plaintiff") filed her Pretrial Statement. In her Pretrial Statement, Plaintiff reserves the right to "cross examine Officer Badua as to his original phone conversation with defense counsel prior to representation by Corporation Counsel in this matter". See Exhibit "A", Plaintiff Ofelia Coloyan's Pretrial Statement dated January 24, 2006, page 17, Section U.

II.   DISCUSSION

   A. Inadmissibility of Evidence under Rule 401, 402 and 403

   Rule 401 of the FRE states:

   "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401.

   Rule 402 of the FRE states:

   All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence, which is not relevant, is not admissible.

Fed. R. Evid. 402.

   Rule 403 of the FRE states:

   Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

   Testimony from Defendant Badua as to any conversations, telephone or otherwise, that he may have had with defense counsel is irrelevant to the issues to be litigated in this case and on that basis should be precluded. Plaintiff's Pretrial Statement indicates that she intends to cross-examine Defendant Badua as to his

original phone conversation with defense counsel prior to Badua's representation by Corporation Counsel. There is no relevance that this testimony could possibly have in determining the merits of this case, i.e. the issue of whether Plaintiff's constitutional rights were violated by Defendants. In addition, Plaintiff has not made an offer of proof as to the expected testimony or its anticipated relevance to this case.

Even if there is any marginal relevance as to this issue, it is clearly outweighed by the wasting of time, confusion of the issues, misleading of the jury and prejudice to Defendants. Fed. R. Evid. 403.

B.     Inadmissibility of Evidence Under Federal Rule of Evidence 501

Any conversations that Defendant Badua would have had with defense counsel would be subject to attorney-client privilege and not admissible on that basis. Clearly Plaintiff recognizes the privilege in that she has attempted under the heading of "Claims of Privilege or Work Product" to reserve the right to "cross-examine Defendant Badua about conversations with defense counsel."

Assuming Defendant Badua had conversations with defense counsel prior to his representation by Corporation Counsel, and assuming that said alleged conversation(s) has some type of relevance to the issue being litigated in this case, Defendant Badua's conversations with defense counsel would be protected by the attorney-client privilege. Rule 501 of the Federal Rules of Evidence indicates that

state law applies to privileges. Therefore, Rule 503 of the Hawaii Rules of Evidence would apply in this case to preclude this proposed testimony.

III. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Honorable Court grant this motion, in limine, and preclude Plaintiff from cross-examining Defendant Badua as to "his original phone conversation with defense counsel prior to representation by Corporation Counsel in this case."

DATED: Honolulu, Hawaii, February 21, 2006.

CARRIE K.S. OKINAGA
Corporation Counsel

By _____
KENDRA K. KAWAI
MARIE MANUELE GAVIGAN
Deputies Corporation Counsel
Attorneys for Defendants