

JACK SCHWEIGERT, #1560
550 HALEKAUWILA STREET, ROOM 309
HONOLULU, HAWAII 96813
TELEPHONE NO. 533-7491

ARTHUR E. ROSS. #1005
226 Queen Street, Suite 210
HONOLULU, HAWAII 96813
TELEPHONE NO. 52-4343

RORY SOARES TOOMEY, #2323
1088 BISHOP STREET, SUITE 1004
HONOLULU, HAWAII 96813
TELEPHONE NO. 533-7162

Attorneys for Plaintiff
OFELIA COLOYAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OFELIA COLOYAN | CIVIL NO. 03-00476-KSC |
| Plaintiff, | PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS WILLIAM P. BADUA, SPENCER ANDERSON, and JEFFERY OMAI'S MOTION IN LIMINE NO. 1 RE: PRECLUDING TESTIMONY REGARDING POLICE TALKING TO PLAINTIFF'S NEIGHBORS; CERTIFICATE OF SERVICE |
| vs. | |
| WILLIAM BADUA, JEFFERY OMAI; SPENCER ANDERSON; NEIL PANG; and DOES 5-10 | |
| Defendants. | |
| | DATE: March 13, 2006 |
| | TIME: 1:30 p.m. |
| | JUDGE: Hon. Kevin S. C. Chang |

)   Trial is set for March 14, 2006.
)

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS WILLIAM P. BADUA, SPENCER ANDERSON and JEFFERY OMAI'S MOTION IN LIMINE NO.1 RE: PRECLUDING TESTIMONY REGARDING POLICE TALKING TO PLAINTIFF'S NEIGHBORS

The Defendants are seeking to exclude testimony of conversations that the police had with the Plaintiff's neighbors on the grounds that the Plaintiff does not have personal knowledge of these conversations, they are hearsay, they are irrelevant, and they are prejudicial. Under the Federal Rules of Evidence, the Plaintiff's testimony is admissible.

Defendant William Badua told the Plaintiff about the conversations that he had with her neighbors. This satisfies the personal knowledge requirement because as a participant in these conversations Defendant Badua has personal knowledge of them. Because Defendant Badua is an adverse party, his statements about the conversations that the police had with the Plaintiff's neighbors are not hearsay and are admissible pursuant to F. R. E. 801 (2) ©).

Byron Eliashof, M. D. (hereinafter referred to as Dr. Eliashof), the Defendants' expert witness regarding the emotional distress, has assigned a certain percentage of the psychological harm suffered by the Plaintiff to the conversations that the police had with the neighbors. In addition, the conversations that the

2

police had went far beyond their inquiry as to the whereabouts of Allan Coloyan, and are evidence of malice on the part of the police.

Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if it tends to prove or disprove a material issue in dispute. In this case, the conversation goes to prove that the Plaintiff was damaged, how the Plaintiff was damaged, and the malicious intent of the Defendants. Therefore, the conversations that the police had with the Plaintiff's neighbors are relevant.

The Defendants have not specified how they might be prejudiced if the conversations that the police had with the Plaintiff's neighbors are admitted, nor have they demonstrated that the prejudice to them will be greater than the probative value of these conversations.

Where the probative value of a particular piece out weighs prejudice, the Court must allow that offering to come in. Here, the police conversations with the Plaintiff's neighbors are highly probative, while any prejudicial effect is speculative at best, and therefore, the police conversations should be admitted.

## CONCLUSION

***THE DEFENDANTS' MOTION IN LIMINE MUST BE DENIED.***

DATED: Honolulu, Hawaii, February 28, 2006

Respectfully Submitted

_____
JACK SCHWEIGERT
ARTHUR E. ROSS
RORY SOARES TOOMEY
Attorneys for Plaintiff
OFELIA COLOYAN

Plaintiff's Memorandum in Opposition to Defendant William P. Badua, Spencer Anderson and Jeffery Omai's Motion in Limine No.1 Re: Precluding Testiomny Regarding Police Talking to Plaintiff's Neighbors filed in the matter of Ofelia Coloyan vs. William Badua, Jeffery Omai, Spencer Anderson, Neil Ping. In the United States District Court for the District of Hawaii Civil No. CV-03-00476-KSC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OFELIA COLOYAN | ) CIVIL NO. 03-00476-KSC<br>)<br>) CERTIFICATE OF SERVICE |
| Plaintiff, | |
| vs. | |
| WILLIAM BADUA, JEFFERY OMAI; SPENCER ANDERSON; NEIL PANG; and DOES 5-10 | |
| Defendants. | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on <u>February 28, 2006</u>, a copy of the attach document was served upon:

KENDRA K. KAWAI           [X] HAND DELIVERED
550 S. KING ST,. Rm 110    [ ] UNITED STATES MAIL, first class
HONOLULU, HAWAII              Postage prepaid

Attorney for Defendants
WILLIAM BADUA; SPENCER
ANDERSON, NEIL PANG

DATED: Honolulu, Hawaii, <u>February 28, 2006</u>

_____
JACK SCHWEIGERT
RORY SOARES TOOMEY
Attorneys for Plaintiff
OFELIA COLOYAN