**ORIGINAL**

JACK SCHWEIGERT, #1560
550 HALEKAUWILA STREET, ROOM 309
HONOLULU, HAWAII 96813
TELEPHONE NO. 533-7491

ARTHUR E. ROSS. #1005
226 Queen Street, Suite 210
HONOLULU, HAWAII 96813
TELEPHONE NO. 52-4343

RORY SOARES TOOMEY, #2323
1088 BISHOP STREET, SUITE 1004
HONOLULU, HAWAII 96813
TELEPHONE NO. 533-7162



Attorneys for Plaintiff
OFELIA COLOYAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OFELIA COLOYAN | CIVIL NO. 03-00476-KSC |
| Plaintiff, | PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS |
| vs. | WILLIAM P. BADUA, SPENCER ANDERSON, and JEFFERY |
| WILLIAM BADUA, JEFFERY OMAI; SPENCER ANDERSON; NEIL PANG; and DOES 5-10 | OMAI'S MOTION IN LIMINE NO. 8 RE: PRECLUDING ANY HEARSAY TESTIMONY AND EXHIBITS, CERTIFICATE OF |
| Defendants. | SERVICE |
| | DATE:  March 13, 2006 |
| | TIME:  1:30 p. m. |
| | TIME: |

)
) JUDGE:   Hon. Kevin S. C. Chang
) Trial is set for March 14, 2006.
)
)

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS WILLIAM P. BADUA, SPENCER ANDERSON and JEFFERY OMAI'S MOTION IN LIMINE NO.8 RE: PRECLUDING ANY HEARSAY TESTIMONY AND EXHIBITS

The Defendants seek to exclude all testimony and exhibits that are hearsay. The problem here is that not all testimony or exhibits that might be hearsay are excludible.

For example, the Defendants wishes to exclude the hearsay statements that the Plaintiff made to her treating physician Steven M. C. Lum, M. D. (hereinafter referred to as Dr. Lum). Hearsay statements are not excludible if they were made for the purpose of medical diagnosis or treatment. F. R. E. 803 (4).

The Defendants wishes to exclude the hearsay statements that the Plaintiff made to her husband. However, if the hearsay statements relating to the underlying search were made to the Plaintiff's husband while the Plaintiff was still under the stress or excitement of that event they are admissible. F. R. E. 803 (1) AND/OR (2).

Plaintiff's exhibits one through five that the Plaintiff is offering are the complaint and the four amended complaints in this matter. These exhibits were

used by the Defendants' psychiatric expert to reach certain of his conclusions, and will be used by the Plaintiff to cross-examine Dr. Eliashof. Therefore, they meet the exception to the hearsay rule set forth in F. R. E. 803 (4).

Plaintiff's exhibits five through eight are the Defendants answers. These are admissions and pursuant to F. R. E. 801 (2) (C) and they are not hearsay.

Plaintiff's exhibits thirteen through fifteen are the Defendants answers to the Plaintiff's discovery requests. These are admissions and pursuant to F. R. E. 801 (2) (A), (B) and/or (C) and they are not hearsay.

Plaintiff's exhibit sixteen is Dr. Eliashof's Curriculum Vitae that was provided by the Defendants during the discovery process. This is an admission and pursuant to F. R. E. 801 (2) (C), and it is not hearsay.

Plaintiff's exhibit seventeen is the report of Robert Marvit, M. D. (hereinafter referred to as Dr. Marvit) It is admissible pursuant to F. R. E. 803 (4).

Plaintiff's exhibit eighteen is Dr. Marvit's Curriculum Vitae. It is a record that is kept in regularly conducted activity and it is admissible pursuant to F. R. E. 803 (6).

Plaintiff's exhibit nineteen are medical records relating to the Plaintiff/ These are admissible pursuant to F. R. E. 803(4)

Plaintiff's exhibit twenty is Dr. Lum's Curriculum Vitae. It is a record that

is kept in regularly conducted activity and it is admissible pursuant to F. R. E. 803 (6).

Plaintiff's exhibit twenty-two is the deposition of the Plaintiff It is offered to show consistency of her statements. It is not hearsay pursuant to F. R. E 801(d) (1) (B).

Plaintiff's exhibit twenty-three are files produced by Wackennhut Corporation These are records that are kept in regularly conducted activity and it is admissible pursuant to F. R. E. 803 (6).

Plaintiff's exhibit twenty-four are Plaintiff's medical records produced by Castle Memorial Center These are records that are kept in regularly conducted activity and it is admissible pursuant to F. R. E. 803 (6).

Plaintiff's exhibit twenty-five and twenty-eight are government documents. They are admissible pursuant to F. R. E. 803 (8).

Plaintiff's exhibit twenty-six is a letter that was made in regularly conducted activity. Therefore, it is admissible pursuant to F. R. E. 803 (6).

Plaintiff's exhibits twenty-seven, and twenty-nine are the depositions of Defendants Anderson and Badua/ These depositions are not hearsay 801 (2) (A).

Plaintiff's exhibits thirty through thirty-two and thirty-four are depositions of police officers who witnessed the incident. These are not hearsay pursuant to F.

4

R. E 801(d) (1) (A) and/or (B).

Plaintiff's exhibit thirty-three is a letter signed by the Defendants' attorney that was written within the scope of her representation of the Defendants. Therefore, it is not hearsay. F. R. E. 901 (2) (C).

Plaintiff's exhibit thirty-five is a note that was written by Dr. Lee excusing the Plaintiff from work as a result of the Defendants' conduct, and is a record of regularly conducted activity. Therefore, it is admissible pursuant to F. R. E. 803 (6).

The fact is that most of the Plaintiff's exhibits are not hearsay and/or are admissible under one or more of the exceptions to the hearsay rule. Therefore, there is noting to exclude.

CONCLUSION

*THE MOTION SHOULD BE DENIED.*

DATED: Honolulu, Hawaii, February 28, 2006

Respectfully Submitted

JACK SCHWEIGERT
ARTHUR E. ROSS
RORY SOARES TOOMEY
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OFELIA COLOYAN | CIVIL NO. 03-00476-KSC |
| Plaintiff, | CERTIFICATE OF SERVICE |
| vs. | |
| WILLIAM BADUA, JEFFERY OMAI; SPENCER ANDERSON; NEIL PANG; and DOES 5-10 | |
| Defendants. | |

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 28, 2006, a copy of the attach document was served upon:

KENDRA K. KAWAI          [X] HAND DELIVERED
550 S. KING ST,. Rm 110   [ ] UNITED STATES MAIL, first class
HONOLULU, HAWAII              Postage prepaid

Attorney for Defendants
WILLIAM BADUA; SPENCER ANDERSON, NEIL PANG

DATED: Honolulu, Hawaii, February 28, 2006

JACK SCHWEIGERT
RORY SOARES TOOMEY
Attorneys for Plaintiff
OFELIA COLOYAN