ORIGINAL

JACK SCHWEIGERT, #1560
550 HALEKAUWILA STREET, ROOM 309
HONOLULU, HAWAII 96813
TELEPHONE NO. 533-7491

ARTHUR E. ROSS, #1005
226 Queen Street, Suite 210
HONOLULU, HAWAII 96813
TELEPHONE NO. 52-4343

RORY SOARES TOOMEY, #2323
1088 BISHOP STREET, SUITE 1004
HONOLULU, HAWAII 96813
TELEPHONE NO. 533-7162

Attorneys for Plaintiff
OFELIA COLOYAN

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 28 2006

at 3 o'clock and 15 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OFELIA COLOYAN | CIVIL NO. 03-00476-KSC |
| Plaintiff, | PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS |
| vs. | WILLIAM P. BADUA, SPENCER ANDERSON, and JEFFERY |
| WILLIAM BADUA, JEFFERY OMAI; SPENCER ANDERSON; NEIL PANG; and DOES 5-10 | OMAI'S MOTION IN LIMINE NO. 6 RE: LIMITING SCOPE OF TRIAL TO CLAIMS IN FOURTH AMENDED COMPLAINT; |
| Defendants. | CERTIFICATE OF SERVICE |
| | **HEARING:** |
| | DATE:  March 13, 2006 |
| | TIME:  1:30 p.m. |

```
                              )
                              )   JUDGE:   Hon. Kevin S. C. Chang
                              )   Trial is set for March 14, 2006.
_____)
```

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS WILLIAM P. BADUA, SPENCER ANDERSON and JEFFERY OMAI'S MOTION IN LIMINE NO.6 RE: LIMITING SCOPE OF TRIAL TO CLAIMS IN FOURTH AMENDED COMPLAINT

The Defendants seek to preclude evidence of police conversations with the Plaintiff's neighbors on the grounds that these conversations do not meet the specificity requirement of Rule 8 of Federal Rules of Civil Procedure they are irrelevant to the case at hand and are prejudicial. As a matter of law the specificity requirement of Rule 8 is met, these conversations are relevant and their probative value outweighs any prejudice to the Defendants.

Pleadings meet the specificity requirement if they give fare notice of what the Plaintiff's claim for relief is and the grounds upon which it rests. It does not have to give a detailed description of the events. Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

In this case, the Fourth Amended Complaint states:

> 11.  The Defendants' wrongful conduct has caused Plaintiff to suffer injury including emotional distress, difficulty eating and sleeping, mental anguish, anxiety, embarrassment, humiliation. and shame, which entitles her to damages in an amount to be proven at trial.

2

Byron Eliashof, M. D. (hereinafter referred to as Dr. Eliashof), the Defendants' expert witness regarding the emotional distress, was able to ascertain that part of the emotional distress that the Plaintiff suffered was brought about by the Conversations the Defendants had with the Plaintiff's neighbors and he was able to assign a certain percentage of the psychological harm suffered by the Plaintiff to these conversations. Clearly, paragraph eleven of the Fourth Amended Complaint did provide the Defendants with adequate notice that their conversations with the Plaintiff's neighbors caused her harm.

In addition, the Fourth Amended Complaint asks for punitive damages. One of the elements that a party must prove to be entitled to an award of punitive damages is that the actions of the party, whom punitive damages were sought, were malicious. The conversations that the police had went far beyond their inquiry as to the whereabouts of Allan Coloyan, and are evidence of malice on the part of the police.

The Defendants were given fair notice their conversations with the Plaintiff's neighbors were part of cause of action. Therefore, Rule 8 of the Federal Rules of Civil Procedures is satisfied.

Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if it tends to prove or disprove a material issue in dispute. In this case, the conversation

goes to prove that the Plaintiff was damaged, how the Plaintiff was damaged, and the malicious intent of the Defendants. Therefore, the conversations that the police had with the Plaintiff's neighbors are relevant.

The Defendants have not specified how they might be prejudiced if the conversations that the police had with the Plaintiff's neighbors are admitted, nor have they demonstrated that the prejudice to them will be greater than the probative value of these conversations.

Where the probative value of a particular piece out weighs prejudice, the Court must allow that offering to come in. Here, the police conversations with the Plaintiff's neighbors are highly probative, while any prejudicial effect is speculative at best, and therefore, the police conversations should be admitted.

## CONCLUSION

***THE DEFENDANTS' MOTION IN LIMINE MUST BE DENIED.***

DATED: Honolulu, Hawaii, February 28, 2006

Respectfully Submitted

*[signature]*

JACK SCHWEIGERT
ARTHUR E. ROSS
RORY SOARES TOOMEY
Attorneys for Plaintiff
OFELIA COLOYAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OFELIA COLOYAN | ) CIVIL NO. 03-00476-KSC<br>)<br>) CERTIFICATE OF SERVICE |
| Plaintiff, | |
| vs. | |
| WILLIAM BADUA, JEFFERY OMAI; SPENCER ANDERSON; NEIL PANG; and DOES 5-10 | |
| Defendants. | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 28, 2006, a copy of the attach document was served upon:

KENDRA K. KAWAI           [X] HAND DELIVERED
550 S. KING ST,. Rm 110   [ ] UNITED STATES MAIL, first class
HONOLULU, HAWAII              Postage prepaid

Attorney for Defendants
WILLIAM BADUA; SPENCER
ANDERSON, NEIL PANG

DATED: Honolulu, Hawaii, February 28, 2006

_____
JACK SCHWEIGERT
RORY SOARES TOOMEY
Attorneys for Plaintiff
OFELIA COLOYAN