1

COPY

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE DISTRICT OF HAWAII

3

4    CYNTHIA MARIE LONG,               )
     (individually, and as            )
5    Personal Representative of       )
     the Estate of Dustan             )
6    Dominic Long),                   )
                                      )
7              Plaintiff(s),          )
                                      )
8         vs.                         )  CIVIL NO.
                                      )  02-00271 SPK-KSC
9    CITY AND COUNTY OF               )
     HONOLULU; OFFICER PATRICK        )
10   A. STERLING, et al.,             )
                                      )
11             Defendant(s).          )
     _____    )

12

13

14         DEPOSITION OF LEE D. DONOHUE

15

16   Taken on behalf of the Plaintiffs Cynthia Marie Long,

17   individually, and as Personal Representative of the

18   Estate of Dustan Dominic Long, pursuant to Notice, on

19   Tuesday, April 15, 2005, commencing at 10:00 a.m., at

20   the law office of Jack Schweigert, 550 Halekauwila,

21   Suite 309, Honolulu, Hawaii 96813.

22

23

24

25

Exhibit "2"

1    police officer?

2        A.    40 years.

3        Q.    I want to, first of all, thank you for

4    coming down today.  I know you are retired now.

5        A.    Right.

6        Q.    And it is tax day today.  So everybody has

7    other commitments, so I appreciate it.

8            When were you retired?  When was the time

9    you were a police officer, from when to when?

10       A.    I joined the Honolulu Police Department on

11   July 1st, 1964, and I retired June 30th, 2004.

12       Q.    So does that mean that on June the 3rd, 2001

13   you would be the police chief for the City and County

14   of Honolulu?

15       A.    Yes.

16       Q.    To come down today, I have been trying,

17   Chief, to make sure I've got all the records dealing

18   with the Internal Affairs investigation.  You are aware

19   there was an Internal Affairs investigation for an

20   Officer Sterling for a homicide he participated in on

21   June 3rd, 2001; you are aware there was an IA

22   investigation?

23       A.    Yes.

24       Q.    And are you aware of getting documents for

25   your participation in that IA investigation?

85

Q.    He says he can see the hole but he is saying somehow Dustan Long went out of his sight at the time Sterling sees action that he needs to take a shot.

If you would have known that fact, would it have raised a question for follow-up?

A.    Probably would.

Q.    What would be your concern?

A.    Why didn't you see the same thing Sterling saw.

Q.    That's right.  Is there a code of silence in police officers?

A.    Oh, there is.

Q.    What is that about?

A.    It is about -- I think there is a code of silence in many professions.

Q.    That disclaimer given.  You've covered all fields.  What is the code of silence in the police department?

A.    Code of silence is that you only report on what you see, what you know.  Normally -- although it is not condoned within our ethics, if you see any wrongdoing by an officer, you are supposed to report it and address it.

Q.    But the code of silence sort of steps in there and they tend not to do that?

86

         A.    There are cases that has proven to be true,
yes.

         Q.    So if this was a situation where he says he
didn't see it but he does see the bullet hole that was
made to give you reason to believe he did see it, that
would have been something that you would have followed
up with questions?

              MR. TONAKI:   Let me object as argumentative,
incomplete hypothetical, lack of foundation, calls for
speculation.

              You may answer if you can.

         A.    It would have piqued my interest, yes.

         Q.    BY MR. SCHWEIGERT:   Would it have also
piqued your interest that, first of all, all the
officers say that -- many of the officers, I can't say
all of them.   Those in the inner perimeter, they say
that they see Dustan Long walking around at some time
in the evening with the rifle, but they didn't shoot
him at that point in time because they said just
walking around on the property with a rifle was not in
and of itself imminent danger to a person or property.
Would you agree with that assessment?

         A.    Yes.

         Q.    It is only if he is firing at people that
would be a problem?

94

do that in just a second.

        If you would look, Chief, on page 32, you see mentioned throughout small caliber gunshot, sound of a small caliber gunshot.  That's allegedly Dustan Long taking a shot.  Okay?

A.    Uh-huh.

Q.    I've already told you there was no shell casing, and that's admitted, there will be no shell casing found in this area.  An additional fact, a lot of private people didn't hear that small caliber gun fire go off.  You don't see any mention of private citizens, independent witnesses, people other than police officers saying that -- or being interviewed as to whether they heard the sound of a small caliber gunshot.

        Why did the absence of other -- I mean you understand police officers will cover for police officers.  Or am I -- my telling you that, is that the first you've ever heard of that principle?

A.    No.

Q.    It is a given fact that on occasion -- it is not wanted but it does happen -- that police officers cover for police officers?

A.    And that's why Internal Affairs is called in.

STATE OF HAWAII                                    )
                                                   )          ss
                                                   )

    I, MARJANN SHAWLER, a Notary Public in and for the State of Hawaii, do

hereby certify:

    That prior to being examined, the witness herein, *Lee D. Donohue*,

was sworn by me to testify to the truth, the whole truth and nothing but the truth;

    That the foregoing deposition was taken down by me in machine shorthand at the

time and place herein stated, and was thereafter reduced to typewriting under my

supervisions;

    That the foregoing is a full, true and correct transcript, of said deposition;

    That after said deposition was reduced to typewriting, the witness, in accordance

with Rule 30(e) of the Hawaii Rules of Civil Procedure, was duly informed of the right to

make such corrections as might be necessary to render the same true and correct.

    I further certify that I am not of counsel or attorney for any of the parties to this

case, nor in any way interested in the out come hereof, and that I am not related to any of the

parties hereto.

    Witness my hand and seal this 15TH day of April, 2005.

                 *Marjann Shawler*

          Notary Public, State of Hawaii

          My Commission Expires: November 23, 2008