

CARRIE K.S. OKINAGA, 5958
Corporation Counsel
KENDRA K. KAWAI, 7779
MARIE MANUELE GAVIGAN, 6585
Deputy Corporation Counsel
530 S. King Street, Room 110
City and County of Honolulu
Honolulu, Hawai'i 96813
Telephone:   523-4116/527-5585
Facsimile:   523-4583
Email address:   kkawai@honolulu.gov

Attorneys for Defendants
WILLIAM P. BADUA,
JEFFREY OMAI and
SPENCER ANDERSON

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 28 2006

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| OFELIA COLOYAN,<br><br>      Plaintiff,<br><br>vs.<br><br>WILLIAM P. BADUA;<br>JEFFREY OMAI;<br>SPENCER ANDERSON;<br>NEIL PANG;<br>and DOES 5-10,<br><br>      Defendants. | CIVIL NO. CV03-476 KSC<br><br>DEFENDANTS<br>WILLIAM P. BADUA,<br>JEFFREY OMAI AND<br>SPENCER ANDERSON'S TRIAL<br>BRIEF; CERTIFICATE OF SERVICE<br><br><br>TRIAL DATE: WEEK OF<br>                    MARCH 14, 2006 |

DEFENDANTS WILLIAM P. BADUA, JEFFREY OMAI
AND SPENCER ANDERSON'S TRIAL BRIEF

Defendants WILLIAM P. BADUA, SPENCER ANDERSON and JEFFREY OMAI (hereinafter collectively "Defendants"), by and through their attorneys, Carrie K.S. Okinaga, Corporation Counsel, and Kendra K. Kawai and Marie Manuele Gavigan, Deputies Corporation Counsel, hereby submit the following trial brief.

I.   BACKGROUND

Plaintiff Ofelia Coloyan (hereinafter "Plaintiff") claims that her constitutional rights were violated when Defendants allegedly searched her home on June 3, 2003, over her objection and without her consent.

In her Fourth Amended Complaint, Plaintiff has alleged causes of action, which include violations of the Fourth and Fourteenth Amendments of the United States Constitution and Article I, Section 7 of the Constitution of the State of Hawai'i; as well as emotional distress, difficulty eating and sleeping, mental anguish, anxiety, embarrassment, humiliation, and shame.

Defendants deny Plaintiff's allegations. Officer Badua contends that he informed Plaintiff that he had an arrest warrant for Allan Coloyan (hereinafter "the suspect" or "Plaintiff's son"). After Plaintiff informed Officer Badua that the suspect was not home, Officer Badua asked Plaintiff for permission to enter her home for the purpose of verifying that the suspect was not present within her

home, and she consented to Defendants entering and checking her residence. Defendants contend that they did a quick search of Plaintiff's home.

On or about January 24, 2006, Plaintiff filed a Pretrial Statement, and included in her "Relief Prayed" section were allegations that were not contained in Plaintiff's Complaint. Furthermore, Plaintiff includes extraneous points of law in her Pretrial Statement.

II.    DISCUSSION

　　A.    Federal and State Claims – Unreasonable Search and Seizure

Plaintiff alleges that her constitutional rights under the Fourth and Fourteenth Amendment of the United States Constitution and Article 1, § 7 of the Constitution of the State of Hawaii[1] were violated when Defendants allegedly entered and searched her home on June 3, 2003, over her objection and without her consent.

The United States Supreme Court in Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), emphasized the importance and purpose of the Fourth Amendment. The Court in Payton stated that, "Unreasonable searches or seizures conducted without any warrant at all are condemned by the plain language of the first clause of the Amendment." Id. at 585, 100 S.Ct. at 1379. Searches and seizures inside a home without a warrant are per se unreasonable, id. at 586, 100

---

[1] Hawaii case law regarding the reasonableness of a search and consent is the same as federal case law.

S.Ct. at 1380, and absent exigency or consent, warrantless entry into the home is impermissible under the Fourth Amendment. United States v. Shaibu, 920 F.2d 1423, 1425 (9th Cir. 1990) (citing Steagald v. United States, 451 U.S. 204, 211, 101 S.Ct. 1642, 1647, 68 L.Ed.2d 38 (1981)[2]; United States v. Alfonso, 759 F.2d 728, 742 (9th Cir. 1985)).

In the case at hand, the issue to be determined at trial is whether Plaintiff consented to Defendants' entry into her home to do a routine check to verify that Plaintiff's son was not concealing himself inside the residence. Since Plaintiff has the burden of proving by the preponderance of the evidence that she did not give consent to Defendants to enter her home, Defendants assert that Plaintiff will not be able to overcome her burden, given that Defendants and other police officers present that day are credible witnesses and are expected to testify as to the events that occurred on the date of the incident. In turn, if Plaintiff cannot prove by the preponderance of the evidence that she did not consent to Defendants' entry into her home, Defendants' entry to search Plaintiff's home for Plaintiff's son should be deemed as reasonable.

---

[2] The United States Supreme Court in Steagald held that absent exigent circumstances or consent, a law enforcement officer could not legally search for subject of arrest warrant in a home of third party, without first obtaining a search warrant. Id.

B.  Qualified Immunity

Defendants believe that the actions of the officers are protected by the principle of qualified immunity. Qualified immunity bars civil damage claims against defendant sued in his individual capacity provided that the defendant was performing a discretionary function and did not violate a clearly established constitutional or statutory right of which a reasonable person would have known. Jackson v. City of Bremerton, 268 F.3d 646, 650 (9th Cir. 2001); see also Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 536 (1991); Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151 (2001); Sinaloa Lake Owners Ass'n v. City of Simi Valley, 70 F.3d 1095, 1099 (9th Cir. 1995).

With regard to Plaintiff's federal constitutional claims, there are three factors to consider in determining if Defendants will be entitled to qualified immunity. Those factors are: (1) whether Plaintiff has identified a specific federal statutory or constitutional right that has been allegedly violated, (2) whether that right was so clearly established as to alert a reasonable official to its parameters, and (3) whether a reasonable officer could have believed his or her conduct was lawful. Arakawa v. Sakata, 133 F. Supp. 2d 1223, 1230 (D. Haw. 2001). Defendants should be protected by qualified immunity, given that they were attempting to execute a federal arrest warrant on Plaintiff's son and obtained consent from Plaintiff to enter her home to conduct a quick search of her home to verify that her

son was not in the residence. Defendants at all times acted as a reasonable police officer would have in like circumstances and at no time did Defendants violate Plaintiff's constitutional rights.

Defendants also believe that the individual officers are protected by a qualified immunity under Hawaii law. Nonjudicial governmental officials performing a public duty enjoy the protection of a qualified immunity defense when that official is sued under state law. Pahk v. State of Hawaii, 109 F.Supp.2d 1262, 1269 (D.Haw. 2000). Plaintiff has the burden of adducing clear and convincing proof that defendant was motivated by malice and not be an otherwise proper purpose. Medeiros v. Kondo, 55 Haw. 499, 504 (1974); see also Wong v. City and County of Honolulu, 333 F. Supp. 2d 942 (D. Haw. 2004). Based on the foregoing, Plaintiff will not be able to prove by clear and convincing proof that Defendants were motivated by malice because it is clear that on the date of the incident Defendants were performing their job duties by attempting to execute a federal arrest warrant on Plaintiff's son and at no time did Defendants harbor any ill will toward Plaintiff.

C.  Punitive Damages

Plaintiff alleges that Defendants' conduct was done in reckless disregard of Plaintiff's constitutional rights thereby entitling her to punitive damages at trial.

Under federal law, punitive damages may be awarded for a defendant's "reckless or callous disregard" of a Plaintiff's federally protected rights. Smith v. Wade, 461 U.S. 30, 51, 75 L.Ed. 2d 632, 103 S.Ct. 1625 (1983). In this case, Plaintiff will not be able to show that Defendants' conduct[3] was a "reckless or callous disregard" of her federally and state protected rights under the Fourth and Fourteenth Amendments of the United States Constitution and Article 1, § 7 of the Constitution of the State of Hawaii. It is clear from this record that Plaintiff has not, nor will she be able to, set forth a prima facie case which is sufficient to support a claim for punitive damages.

D.   Scope of Trial

Rule 8 of the Federal Rules of Civil Procedure (FRCP) states, in relevant part, as follows:

> **(a) Claims for Relief.** A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.
>
> \* \* \* \*

---

[3] Defendants' conduct is limited to the events of their entry into Plaintiff's home and the search of her home to verify that Plaintiff's son was not present within the residence.

> **(e) Pleading to be Concise and Direct; Consistency.**
> (1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading . . . are required.
> (2) A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds. All statements shall be made subject to the obligations set forth in Rule 11 [of the FRCP].
> **(f) Construction of Pleadings**. All pleadings shall be so construed as to do substantial justice.

In Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99 (1957), the United States Supreme Court stated, in relevant part, as follows:

> . . . the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. . . . Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.

Id. at 47-48, 78 S.Ct. at 103 (footnotes omitted). Foundational to the Court's discussion in Conley was its summary of the allegations contained in the complaint underlying the appeal. See id. at 42-43, 78 S.Ct. at 100 (summarizing the relevant

allegations of the underlying complaint filed in the Federal District Court in Texas).

In the instant case, Plaintiff's Fourth Amended Complaint (hereinafter "Complaint") states, in relevant part, as follows: On or about June 3, 2003, Defendants and others came to Plaintiff's residence to arrest Plaintiff's 23-year old son, Allan Coloyan. Defendant Badua approached Plaintiff's front door and questioned Plaintiff about the whereabouts of Plaintiff's son for whom Defendant Badua had an arrest warrant. Plaintiff informed Defendant Badua that her son was working in Alaska. After informing Defendant Badua about the whereabouts of her son, Defendants searched Plaintiff's home without Plaintiff's consent. Plaintiff asserts that Defendants searched her home in the absence of a search warrant. Plaintiff claims that Defendants' search of her home constituted an unreasonable search[4] prohibited by the 4th and 14th Amendments of the United States Constitution and Article 1 § 7, of the Constitution of the State of Hawaii. Plaintiff's Complaint includes no other discernable claims or allegations of misconduct on the part of Defendants or DOES 5-10.

Given that Plaintiff's Complaint, and the claim contained therein, focuses exclusively upon the alleged violation of Plaintiff's constitutional right against

---

[4] Given that Plaintiff's Complaint only references entrance into her residence, Plaintiff's Complaint alleges a search (i.e., an impermissible entry into Plaintiff's home), but not a seizure (i.e., an impermissible taking of Plaintiff's belongings).

unreasonable searches and seizures[5], more specifically, the alleged nonconsensual entry into Plaintiff's home by Defendants, all evidence presented in this case must be limited to the events that occurred at Plaintiff's residence on June 3, 2003. If Plaintiff is allowed to present the additional evidence, in effect, Plaintiff will be allowed to improperly add to her claims – and, therefore, amend the Complaint without having filed the appropriate pleading with the Court.[6] Defendants should not be penalized for the limited scope of Plaintiff's Complaint.

If Plaintiff wishes to seek punitive damages for the violation of her constitutional right against unreasonable searches and seizures,[7] Plaintiff should be limited to referencing the conduct that occurred at her residence on June 3, 2003, inasmuch as Plaintiff's Complaint, when read in context, reasonably touches only upon events that took place at her house on the day in question. Allowing Plaintiff

---

[5]   See note 4, supra.

[6]   As discussed above, Plaintiff's Complaint only alleges a violation of Plaintiff's constitutional right against unreasonable searches and seizures. Given that Plaintiff's Complaint, and the allegations contained therein, are very limited in nature, any evidence not related to the incident at issue in this case raises claims not properly articulated, or even implied, by Plaintiff's Complaint. Should such unrelated evidence surface at trial, Plaintiff is given an opportunity to expand the claims raised in her Complaint despite the fact that Plaintiff's Complaint contained no indication that she wished to raise such claims against Defendants at all. Should such claims surface at trial, Defendants would be prejudiced inasmuch as Plaintiff's Complaint did not give fair notice of what Plaintiff's claims were and Defendants were not able to conduct discovery on such matters.

[7]   See note 4, supra.

-11-

to reference actions that occurred <u>before</u> or <u>after</u> Defendants' attempted execution of the arrest warrant on June 3, 2003, does nothing to resolve the issue that is of consequence to the determination of Plaintiff's Complaint, in other words, did Defendants violate Plaintiff's constitutional right against unreasonable searches and seizures[8] when Defendants allegedly entered Plaintiff's house without her consent or without a search warrant. If Plaintiff wished to articulate other alleged wrongdoing by Defendants on, before, or after the incident in question, Plaintiff could have articulated such claims in her Complaint as authorized by Rule 8(e)(2) of the FRCP. Because other alleged wrongdoing by Defendants is not articulated in Plaintiff's Complaint as currently drafted, Defendants should not be held responsible for defending claims that, at this time, do not exist.

//

//

//

//

//

//

//

//

---

[8]   <u>See</u> note 4, <u>supra</u>.

III.  CONCLUSION

For all the foregoing reasons, Plaintiff cannot prove that her constitutional rights were violated. Furthermore, Plaintiff cannot overcome the doctrine of qualified immunity. Even if Plaintiff prevails, Plaintiff cannot prove that Defendants acted with a reckless or callous disregard of Plaintiff's constitutional rights, and therefore, cannot be awarded punitive damages. At trial, Plaintiff should be limited to the allegations articulated in her Fourth Amended Complaint.

DATED: Honolulu, Hawaii, February 28, 2006.

CARRIE K.S. OKINAGA
Corporation Counsel

By /s/ Kendra K. Kawai
KENDRA K. KAWAI
MARIE MANUELE GAVIGAN
Deputies Corporation Counsel

Attorneys for Defendants
WILLIAM P. BADUA
JEFFREY OMAI and
SPENCER ANDERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| OFELIA COLOYAN, | ) CIVIL NO. 03-476 KSC |
| Plaintiff, | ) CERTIFICATE OF SERVICE |
| vs. | ) |
| WILLIAM P. BADUA;<br>JEFFREY OMAI;<br>SPENCER ANDERSON;<br>NEIL PANG;<br>and DOES 5-10, | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the within was duly served by hand delivery to the following individuals at their addresses shown below on February 21, 2006:

    JACK SCHWEIGERT, ESQ.
    550 Halekauwila Street, Room 309
    Honolulu, Hawai'i 96813
        and

    ARTHUR E. ROSS, ESQ.
    126 Queen Street, Suite 210
    Honolulu, Hawaii  96813
        and

RORY SOARES TOOMEY
1088 Bishop Street, Suite 1004
Honolulu, Hawaii 96813

Attorneys for Plaintiff
OFELIA COLOYAN

DATED: Honolulu, Hawai‘i, February 21, 2006.

                CARRIE K.S. OKINAGA
                Corporation Counsel

By: _____
                KENDRA K. KAWAI
                MARIE MANUELE GAVIGAN
                Deputies Corporation Counsel

                Attorney for Defendants
                WILLIAM P. BADUA
                JEFFREY OMAI and
                SPENCER ANDERSON