CARRIE K.S. OKINAGA, 5958
Corporation Counsel
KENDRA K. KAWAI, 7779
MARIE MANUELE GAVIGAN, 6585
Deputies Corporation Counsel
530 S. King Street, Room 110
City and County of Honolulu
Honolulu, Hawai'i 96813
Telephone:  523-4116/527-5585
Facsimile:  523-4583
Email address:  kkawai@honolulu.gov

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 28 2006

at ____ o'clock and ____ min. ___M
SUE BEITIA, CLERK

Attorneys for Defendants WILLIAM P. BADUA,
JEFFREY OMAI and SPENCER ANDERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| OFELIA COLOYAN, | ) CIVIL NO. CV03-476 KSC |
| | ) |
| Plaintiff, | ) DEFENDANTS |
| | ) WILLIAM P. BADUA, |
| vs. | ) JEFFREY OMAI AND |
| | ) SPENCER ANDERSON'S |
| WILLIAM P. BADUA; | ) OPPOSITION TO PLAINTIFF'S |
| JEFFREY OMAI; | ) MOTION IN LIMINE RE |
| SPENCER ANDERSON; | ) EXCLUSION OF ALL EVIDENCE OF |
| NEIL PANG; | ) THE ALLEGED CRIMINAL |
| and DOES 5-10, | ) CONDUCT OF ALLEN COLOYAN; |
| | ) DECLARATION OF |
| Defendants. | ) KENDRA K. KAWAI; EXHIBIT "A"; |
| | ) CERTIFICATE OF SERVICE |
| | ) |
| | ) Date:   March 13, 2006 |
| | ) Time:  1:30 p.m. |
| | ) Judge: Honorable Kevin S.C. Chang |
| | ) TRIAL DATE:  WEEK OF |
| | ) MARCH 14, 2006 |

DEFENDANTS WILLIAM P. BADUA, JEFFREY OMAI AND SPENCER ANDERSON'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE RE EXCLUSION OF ALL EVIDENCE OF THE ALLEGED CRIMINAL CONDUCT OF ALLEN COLOYAN

Come Now Defendants WILLIAM P. BADUA, JEFFREY OMAI and SPENCER ANDERSON (hereinafter referred to as "Defendants"), by and through their attorneys, Carrie K.S. Okinaga, Corporation Counsel, and Kendra K. Kawai and Marie Manuele Gavigan, Deputies Corporation Counsel, and file this memorandum in opposition to Plaintiff's motion, in limine, to exclude all evidence of the alleged criminal conduct of Allan Coloyan[1] (hereinafter "Plaintiff's son"). For the reasons stated herein, the Defendants request that Plaintiff's motion, in limine, be denied.

I.   PLAINTIFF'S MOTION IN LIMINE

Plaintiff seeks to exclude "any evidence or any reference as to the alleged criminal conduct of Allen [sic] Coloyan". Plaintiff's Motion in Limine Re Exclusion of All Evidence of the Alleged Criminal Conduct of Allen Coloyan, page 3.

In Plaintiff's Memorandum in Support of her Motion, Plaintiff asserts that there are two issues in this case to be litigated at trial.[2] In this particular motion,

---

[1] Plaintiff refers to her son as "Allen Coloyan". However, Defendants believe that the correct spelling of her son's first name is "Allan".

[2] Defendants disagree with Plaintiff's statement that there are two issues. Defendants assert that there is only one issue in this case, that being whether

Plaintiff argues multiples issues; some issues which do not pertain to the subject matter of this motion, but pertain to the other two motions, in limine, filed in this case. However, Defendants will respond directly to the respective issue at hand in order to avoid any further confusion.

II.  DISCUSSION

Plaintiff states, in relevant part, as follows in her memorandum in support of her motion:

> Evidence of who sign [sic] the arrest warrant is just another way attacking Ms. Coloyan's character. A mother whose child is charged with drug dealing must be a person of bad character. Evidence of character is inadmissible; Rule 404(a) of the Federal Rules of Evidence. Eng v. Schully, 146 F.R.D. 74 (S.D.N.Y. 1993). Therefore, evidence of signed [sic] arrest warrant to Allen Coloyan is not admissible in this case. id [sic]

Plaintiff's Memorandum in Support of Plaintiff's Motion in Limine Re Exclusion of All Evidence of the Alleged Criminal Conduct of Allen Coloyan (hereinafter "Plaintiff's Memorandum"), page 3.

Plaintiff also cites to Rules 607, 608 and 609 of the Federal Rules of Evidence ("FRE"). The only relevant argument that Defendants could extract from Plaintiff's argument is that the alleged criminal conduct of Plaintiff's son would

---

Plaintiff consented to Defendants' entry to search her home to verify that her son was not present within the residence. Defendants will address this issue in their trial brief.

-3-

attack her character.[3] On the contrary, Defendants argue that the allegations of criminal conduct pertaining to the federal arrest warrant are relevant to the defense of Defendants.

Rule 401 of the FRE states:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401.

Defendants assert that the allegations of criminal conduct against Plaintiff's son are relevant to this case in laying the foundation of why the police officers were at Plaintiff's residence on the date of the incident. In addition, the federal arrest warrant, which is a key piece of evidence in defending the named police officers, contains the allegations of criminal conduct against Plaintiff's son. In turn, the allegations against Plaintiff's son are crucial to the defense of Defendants in this action.

Moreover, the allegations of criminal conduct against Plaintiff's son are also relevant as to the issue of damages in this case. Defendants' expert,

---

[3] Plaintiff's Counsel, Rory Soares Toomey, Esq., attached a declaration to this motion which attests to information of which he has no first-hand knowledge. Mr. Toomey was not present at the oral deposition of Officer Jeffrey Omai. See Exhibit "A", pages 1 and 2 to the Deposition of Jeffrey Omai Taken on February 14, 2006. In turn, Defendants move to strike Mr. Toomey's declaration on the basis of hearsay.

Dr. Byron Eliashof, is expected to testify as to the cause of Plaintiff's emotional distress. Dr. Eliashof is expected to testify that the cause(s) of her emotional distress was in direct relation to the allegations of criminal conduct against Plaintiff's son.

In sum, the purpose of discussing the allegations of criminal conduct against Plaintiff's son is not to attack her character, but is vital to the defense of the Defendants in this matter. If Defendants are precluded from discussing the allegations against Plaintiff's son, Defendants will be prejudiced in this case and will not be able to effectively defend themselves in this action.

III. CONCLUSION

For all the foregoing reasons, Defendant respectfully request that this Honorable Court deny Plaintiff's Motion in Limine Re Exclusion of All Evidence of the Alleged Criminal Conduct of Allen Coloyan.

DATED: Honolulu, Hawai'i, February 28, 2006.

            CARRIE K.S. OKINAGA
            Corporation Counsel

            By: /s/ Kendra K. Kawai
            KENDRA K. KAWAI
            MARIE MANUELE GAVIGAN
            Deputies Corporation Counsel

            Attorney for Defendants
            WILLIAM P. BADUA
            JEFFREY OMAI and
            SPENCER ANDERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| OFELIA COLOYAN, ) | CIVIL NO. 03-476 KSC |
| ) | |
| Plaintiff, ) | CERTIFICATE OF SERVICE |
| ) | |
| vs. ) | |
| ) | |
| WILLIAM P. BADUA; ) | |
| JEFFREY OMAI; ) | |
| SPENCER ANDERSON; ) | |
| NEIL PANG; ) | |
| and DOES 5-10, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the within was duly served by hand delivery to the following individuals at their addresses shown below on February 28, 2006:

JACK SCHWEIGERT, ESQ.
550 Halekauwila Street, Room 309
Honolulu, Hawai'i 96813
            and

ARTHUR E. ROSS, ESQ.
126 Queen Street, Suite 210
Honolulu, Hawaii 96813
            and

-2-

RORY SOARES TOOMEY
1088 Bishop Street, Suite 1004
Honolulu, Hawaii 96813

Attorneys for Plaintiff
OFELIA COLOYAN

DATED: Honolulu, Hawai'i, February 28, 2006.

                CARRIE K.S. OKINAGA
                Corporation Counsel

By: /s/ Kendra K. Kawai
                KENDRA K. KAWAI
                MARIE MANUELE GAVIGAN
                Deputies Corporation Counsel

                Attorney for Defendants
                WILLIAM P. BADUA
                JEFFREY OMAI and
                SPENCER ANDERSON