ce. ksc

**ORIGINAL**

JACK SCHWEIGERT, #1560
550 HALEKAUWILA STREET, Room 309
HONOLULU, HAWAII 96813
TELEPHONE NO. 533-7491

ARTHUR E. ROSS. #1005
226 Queen Street, Suite 210
HONOLULU, HAWAII 96813
TELEPHONE NO. 52-4343

RORY SOARES TOOMEY, #2323
1088 BISHOP STREET, SUITE 1004
HONOLULU, HAWAII 96813
TELEPHONE NO. 533-7162

Attorneys for Plaintiff
OFELIA COLOYAN

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 0 2 2006

at ___ o'clock and ___ min. ___
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OFELIA COLOYAN | CIVIL NO. 03-00476-KSC |
| Plaintiff, | NOTICE OF FILING PLAINTIFF'S PROPOSED JURY INSTRUCTIONS; CERTIFICATE OF SERVICE |
| vs. | |
| WILLIAM BADUA, JEFFERY OMAI; SPENCER ANDERSON; NEIL PANG; and DOES 5-10 | |
| Defendants. | Trial is set for March 14, 2006. |

NOTICE OF FILING PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS

Ofelia Coloyan Plaintiff above-named by and through his attorneys Jack

Schweigert, Esq., Arthur E. Ross, Esq., and Rory Soares Toomey, Esq. submits her proposed jury instructions which have not been agreed to by the parties.

The Plaintiff reserves her right to withdraw any proposed instruction, to add new instructions, and/or to amend any proposed instruction. By submitting these proposed instructions, the Plaintiff does not admit or concede that any particular issue is, or may be properly submitted to the jury, nor dose the Plaintiff does not admit or concede that any particular issue is a jury issue as opposed to a matter to be decided by the Court.

Nothing in these instructions constitutes consent by the Plaintiff to try any issue raised in the pleadings.

DATED: Honolulu, Hawaii, <u>March 1, 2006</u>

JACK SCHWEIGERT
ARTHUR E. ROSS
RORY SOARES TOOMEY
Attorneys for Plaintiff
OFELIA COLOYAN

## Plaintiff's Proposed Jury Instruction 1

On the Plaintiff's claim against the Defendants for the Defendants' violation of her Fourth Amendment rights for entering and searching her home, the Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.   The acts or omissions of the Defendants were intentional;
2.   The Defendants acted under the color of state law; and
3.   The acts or omissions of the Defendants were the legal cause of the deprivation of the Plaintiff's rights protected by the Constitution and/or laws of the United States.

If you find that each of the elements on which the Plaintiff has the burden of proof has been proved, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove any of these elements, your verdict should be for the Defendants.

CITE:      Section 11.1 Ninth Circuit Manual of Modern Jury Instruction (2001) (modified)
_____ Given as Requested
_____ Given as Modified
_____ Refused
_____ Withdrawn

Over objection of:
_____ Plaintiff
_____ Defendants

<u>Plaintiff's Proposed Jury Instruction 2</u>

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

CITE:      Section.1.3 and 5.1 Ninth Circuit Manual of Modern Jury Instruction

           (2001) (modified)

_____ Given as Requested
_____ Given as Modified
_____ Refused
_____ Withdrawn

Over objection of:
_____ Plaintiff
_____ Defendants

<u>Plaintiff's Proposed Jury Instruction 3</u>

This action was brought by a private citizen against persons who are employed as police officer by the City and County of Honolulu, State of Hawaii. This case should be considered and decided by you as an action between persons of equal standing in the community, equal worth, and holding the same or similar station in life. All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

Schwartz **Section 1983 Litigation** Section 3.03 as modified as adapted from <u>Kerr v. Chicago</u>, 425 F. 2d 1134 (7th Cir.) Cert. denied 400 U. S. 833 (1970)

_____ Given as Requested
_____ Given as Modified
_____ Refused
_____ Withdrawn

Over objection of:
_____ Plaintiff
_____ Defendants

## Plaintiff's Proposed Jury Instruction 4

An act is a cause of an injury or damage if it played any part, no matter how small, in bringing about the injury or damage. Therefore, even if the act operated in combination with some other cause, the act is a cause of the injury or damage if it played any part, no matter how small, in bringing about the injury or damage.

CITE:      Section.1.3 and 5.1 Ninth Circuit Manual of Modern Jury Instruction

          (2001) (modified)

_____ Given as Requested
_____ Given as Modified
_____ Refused
_____ Withdrawn

Over objection of:
_____ Plaintiff
_____ Defendants

## Plaintiff's Proposed Jury Instruction 5

In order to be acting under color of state law the acts must be performed while the official is acting, purporting, or pretending to act in the performance of her official duty.

CITE: <u>McDade v. West</u>, 223 F. 3d 1135 (9th Cir. 2000), Section 11.2 Ninth Circuit Manual of Modern Jury Instruction (2001) (modified) and Defendant Nancy Murphy's Trial Brief, filed October 7, 2003, page 6.

_____ Given as Requested
_____ Given as Modified
_____ Refused
_____ Withdrawn

Over objection of:
_____ Plaintiff
_____ Defendants

## Plaintiff's Proposed Jury Instruction 6

The Plaintiff claims that the Defendants intentionally deprived the Plaintiff of the Fourth Amendment constitutional right to be free from an unreasonable search.

The Plaintiff has the burden of proving by a preponderance of the evidence that the Defendants' search of her home was unreasonable.

CITE: Section 115 Ninth Circuit Manual of Modern Jury Instruction (2001) (modified)

_____ Given as Requested
_____ Given as Modified
_____ Refused
_____ Withdrawn

Over objection of:
_____ Plaintiff
_____ Defendants

## Plaintiff's Proposed Jury Instruction No. 7

In order for a search pursuant to an arrest warrant to be reasonable, the police officer must have both reason to believe that the suspect resides at the premises to be searched and that he is in the place to be searched at the time.

**CITE:**     Perez v. Simmons, 884 F. 2d 1136 (9th Cir. 1989).

_____ Given as Requested
_____ Given as Modified
_____ Refused
_____ Withdrawn

Over objection of:
_____ Plaintiff
_____ Defendants

<u>Plaintiff's Proposed Jury Instruction No. 8</u>

If a police officer has a reasonable belief that the suspect resides in the premises to

be searched but does not have a reasonable belief that the suspect is in the

premises, or vice versa, the search is unlawful.

**CITE:**      <u>Perez v. Simmons</u>, 884 F. 2d 1136 (9th Cir. 1989).

_____ Given as Requested
_____ Given as Modified
_____ Refused
_____ Withdrawn

Over objection of:
_____ Plaintiff
_____ Defendants

<u>Plaintiff's Proposed Jury Instruction No. 8</u>

A police officer, who conducts a search of the home of a third party based solely upon an arrest warrant, must have probable cause to believe both that the suspect resides in the home and he is there at the time the arrest is to be made.

**CITE:**     <u>United States v. Gorman</u>, 314 F. 3d 1105, 1110-1115 (9th Cir. 2002).

_____ Given as Requested
_____ Given as Modified
_____ Refused
_____ Withdrawn

Over objection of:
_____ Plaintiff
_____ Defendants

<u>Plaintiff's Proposed Jury Instruction No. 9</u>

Therefore, a police officer may lawfully conduct a search of a third party's home

for the subject of an arrest warrant only if the officers' knowledge has trustworthy

information that would  cause a person of reasonable caution to believe that the

suspect `is in (that) particular building, and at the same time that the search is

conducted.

**CITE:**    <u>United States v. Gorman</u>, 314 F. 3d 1105, 1113 (9th Cir. 2002).
         citing <u>Vasquez v. Snow</u> 616 F. 2d 217, 220 (5th Cir. 1980)
         quoting <u>United States v. Phillips</u>, 497 F. 2d 1131, 1136 (9th Cir.
         1974).

_____ Given as Requested
_____ Given as Modified
_____  Refused
_____ Withdrawn

Over objection of:
_____ Plaintiff
_____ Defendants

<u>Plaintiff's Proposed Jury Instruction No. 9</u>

A search is reasonable, and a warrant is not required, if a person in lawful

possession of the area knowingly and voluntarily consents to the search.

CITE: Section 117 Ninth Circuit Manual of Modern Jury Instruction (2001)

(modified)

_____ Given as Requested
_____ Given as Modified
_____ Refused
_____ Withdrawn

Over objection of:
_____ Plaintiff
_____ Defendants

<u>Plaintiff's Proposed Jury Instruction No. 10</u>

Mere acquiescence to lawful authority is insufficient to constitute consent to

a search.

**CITE:**     <u>United States v. Spires</u>, 3 F. 3d 11234, 1237 (9th Cir. 1993).

_____ Given as Requested
_____ Given as Modified
_____ Refused
_____ Withdrawn

Over objection of:
_____ Plaintiff
_____ Defendants

<u>Plaintiff's Proposed Jury Instruction No.11</u>

If you find for the plaintiff on any of Plaintiff's Fourth Amendment claim,

you must determine Plaintiff's damages. Plaintiff has the burden of proving

damages by a preponderance of the evidence which will reasonably and fairly

compensate the plaintiff for the deprivation of civil rights legally caused by the

defendant.

In determining the amount of his damages, if any, you shall take into

consideration the money that the plaintiff had to expend in medical treatment,

prescription drugs, along with the loss of income that she suffered as a legal cause

of the Defendants acts, as well as the amounts of money to compensate him for the

outrage, mental suffering, shame, humiliation, and ridicule that he suffered.

Your award must be based upon evidence and not upon speculation

guesswork or conjecture.

CITE:      Section 11.1 9th Circuit Manual of Modern Jury Instruction (2001)
           (modified)

_____ Given as Requested
_____ Given as Modified
_____ Refused
- _____ Withdrawn

Over objection of:
_____ Plaintiff
_____ Defendants

<u>Plaintiff's Proposed Jury Instruction No. 12</u>

The law that applies to this case authorizes an award of nominal damages. If you find for the Plaintiff but that the Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal Damages may not exceed one dollar.

CITE:      Section 11.6 9th Circuit Manual of Modern Jury Instruction (2001)

\_\_\_\_\_ Given as Requested
\_\_\_\_\_ Given as Modified
\_\_\_\_\_ Refused
-\_\_\_\_\_ Withdrawn

Over objection of:
\_\_\_\_\_ Plaintiff
\_\_\_\_\_ Defendants

## Plaintiff's Proposed Jury Instruction No. 12

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, by a preponderance of the evidence. You may award punitive damages only if you find that defendant's conduct was malicious, or in reckless disregard of plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of plaintiff's rights if, under the circumstances, it reflects complete indifference to the safety and /or rights of others.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

CITE:    Section.7.5 9th Circuit Manual of Modern Jury Instruction (2001) (modified)

17

_____ Given as Requested
_____ Given as Modified
_____ Refused
-_____ Withdrawn

Over objection of:
_____ Plaintiff
_____ Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| OFELIA COLOYAN | ) | CIVIL NO. 03-00476-KSC |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| WILLIAM BADUA, JEFFERY | ) | |
| OMAI; SPENCER ANDERSON; | ) | |
| NEIL PANG; and DOES 5-10 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on <u>March 1, 2006</u>, a copy of the attach

document was served upon:

KENDRA K. KAWAI    [X] HAND DELIVERED
550 S. KING ST,. Rm 110   [ ] UNITED STATES MAIL, first class
HONOLULU, HAWAII      Postage prepaid

Attorney for Defendants
WILLIAM BADUA; SPENCER
ANDERSON , NEIL PANG

DATED: Honolulu, Hawaii, <u>March 1, 2006</u>

JACK SCHWEIGERT
RORY SOARES TOOMEY
Attorneys for Plaintiff
OFELIA COLOYAN