# ORIGINAL

JACK SCHWEIGERT, #1560
550 HALEKAUWILA STREET, Room 309
HONOLULU, HAWAII 96813
TELEPHONE NO. 533-7491

ARTHUR E. ROSS. #1005
226 Queen Street, Suite 210
HONOLULU, HAWAII 96813
TELEPHONE NO. 52-4343

RORY SOARES TOOMEY, #2323
1088 BISHOP STREET, SUITE 1004
HONOLULU, HAWAII 96813
TELEPHONE NO. 533-7162

Attorneys for Plaintiff
OFELIA COLOYAN

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 0 2 2006

at _____ o'clock and _____ min. _____ M
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OFELIA COLOYAN | CIVIL NO. 03-00476-KSC |
| Plaintiff, | PLAINTIFF'S TRIAL MEMORANDUM; CERTIFICATE OF SERVICE |
| vs. | |
| WILLIAM BADUA, JEFFERY OMAI; SPENCER ANDERSON; NEIL PANG; and DOES 5-10 | |
| Defendants. | Trial is set for March 14, 2006. |

## PLAINTIFF'S TRIAL MEMORANDUM

This action arises as a result of the Defendants attempt to execute an alleged

warrant authorizing the arrest of Ms. Coloyan's son, Allan. At the time of that attempt, Allan had moved out of Ms. Coloyan's house and was working on a fishing boat in Alaska.

When the Defendants arrived at her home, Ms. Colyan informed them of Allan's whereabout. Ms. Coloyan asked to see the warrant that the Defendants claimed authorized their entry into her home. However, the Defendants muscled their way passed her and through the front door of her home, and Badua responded to that inquiry by pointing to his badge and said that his badge gave him all the authority he needed to enter and search her home.

The defenses raised by the Defendants are first, they had reason to believe that Allan Coloyan was at 91-1082 Kapaahulani Street, Ewa Beach Hawaii 96706, and second, that Ms. Coloyan consented to their entry into her home. The information that the Defendants relied upon regarding Allan's residence is stale, and Ms. Coloyan did not consent to the Defendants' entry into her home to search for Allan.

While they were at the Plaintiff's home, Badua informed Ms. Coloyan that the police spoke to her neighbors about her son's criminal activities. The only reason for Badua telling Ms. Coloyan that he talked to her neighbors is to inflict the maximum distress possible on her.

2

As a result of the Defendants' conduct, Ms. Coloyan suffered stress, anxieties, feelings of shame, ect, that in turned caused her severe headaches and significantly effected her preexisting problem with hypertension. This resulted in loss of work and required Ms. Coloyan to get additional medical help.

The actions of the Defendants, particularly Badua's actions, were intentional and malicious. Based upon the age of the information they had about the whereabouts of Allan Coloyan, they knew, or they should have known, that they had no reasonable opportunity of finding their quarry in Ms. Coloyan's home, and therefore, the alleged warrant for the arrest of Allan Colyan did not authorize their entry into Ms. Coloyan's home.

For Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe that the suspect is within. Payton v. New York, 445 U. S. 573, 603, 100 S. Ct. 1371, 1388, 63 L. Ed. 2d 639 (1980). Here, an arrest warrant was issued for Allan Coloyan.

In order for a search pursuant to an arrest warrant to be lawful, the police officer, who are executing that warrant,  must have both reason to believe that the suspect resides at the premises to be searched and that he is in the place to be searched at the time. Perez v. Simmons, 884 F. 2d 1136 (9th Cir. 1989). If a police

3

officer has a reasonable belief that the suspect resides in the premises to be searched but does not have a reasonable belief that the suspect is in the premises, or vice versa, the search is unlawful. id

In the Ninth Circuit, a police officer, who conducts a search of the home of a third party based solely upon an arrest warrant, must have probable cause to believe both that the suspect resides in the home and he is there at the time the arrest is to be made. United States v. Gorman, 314 F. 3d 1105, 1110-1115 (9th Cir. 2002). Therefore, a police officer may lawfully conduct a search of a third party's home for the subject of an arrest warrant:

> only if the investigating officers' knowledge and trustworthy information would cause a man of reasonable caution to believe that the suspect `is in (that) particular building.

id 1113 citing Vasquez v. Snow 616 F. 2d 217, 220 (5th Cir. 1980) quoting United States v. Phillips, 497 F. 2d 1131, 1136 (9th Cir. 1974).

The facts establish that Badua and the other defendants did not have probable cause to believe that Allan Coloyan resided with Ms. Coloyan at the time of the search. While the arrest warrant had the Kapaahulani address on it, to the right of that address are the words "Could be,"

The words "could be" on the warrant and the fact that Badua ran an LRNS and an NCIC check to discover Mr. Coloyan's then current address. This implies

4

that there is that Badua did not believe the address on the warrant was trustworthy

The most recent information that Badua got for his efforts showed that Mr. Coloyan might reside or be found in a place other than Kapaahulani address. The information regarding the Kapaahulani address was more than two years old, and therefore, a person of reasonable caution would not believe that Mr. Coloyan was at the Kapaahulani address.

The Defendants presents no evidence that they had a reasonable belief that at the time of the search Allan Coloyan was at the Kapaahulani address. Therefore, the search conducted of Ms. Coloyan's home was unlawful.

the Defendants claim that Ms. Coloyan consented to the search of her home. Ms. Coloyan denies that she ever consented to having her home searched.

Because Ms. Coloyan did not physically resist the search is not evidence of her consent. Mere acquiescence to lawful authority is insufficient to constitute consent to a search. United States v. Spires, 3 F. 3d 11234, 1237 (9th Cir. 1993)

The evidence dose show that when Ms. Coloyan opened her door to Badua and Omai they ran into her house without her permission, When Ms. Coloyan asked if they did not need a search warrant, Badua pointed to his badge and replied this is all the authority I need.

A subject of a search does not consent to that search when her consent is

5

prompted by a show of official authority. id and <u>United States v. Edmondson</u>, 791

F. 2d 1512 (11th Cir. 1986). Here, if Ms. Coloyan had consented to the search of

her home, that consent would have been prompted by the defendants' show of

official authority

      DATED: Honolulu, Hawaii, <u>March 2, 2006</u>

JACK SCHWEIGERT
ARTHUR E. ROSS
RORY SOARES TOOMEY
Attorneys for Plaintiff
OFELIA COLOYAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

OFELIA COLOYAN                    )    CIVIL NO. 03-00476-KSC
                                  )
                Plaintiff,        )    CERTIFICATE OF SERVICE
                                  )
        vs.                       )
                                  )
WILLIAM BADUA, JEFFERY            )
OMAI; SPENCER ANDERSON;           )
NEIL PANG; and DOES 5-10          )
                                  )
                Defendants.       )
_____    )

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on <u>March 2, 2006,</u> a copy of the attach

document was served upon:

> KENDRA K. KAWAI          [X] HAND DELIVERED
> 550 S. KING ST,. Rm 110  [  ] UNITED STATES MAIL, first class
> HONOLULU, HAWAII             Postage prepaid
>
> Attorney for Defendants
> WILLIAM BADUA; SPENCER
> ANDERSON , NEIL PANG

DATED: Honolulu, Hawaii, <u>March 2, 2006</u>

JACK SCHWEIGERT
RORY SOARES TOOMEY
Attorneys for Plaintiff
OFELIA COLOYAN