# ORIGINAL

CARRIE K.S. OKINAGA, 5958
Corporation Counsel
KENDRA K. KAWAI, 7779
MARIE MANUELE GAVIGAN, 6585
Deputies Corporation Counsel
530 S. King Street, Room 110
City and County of Honolulu
Honolulu, Hawai'i 96813
Telephone:   523-4116/527-5585
Facsimile:    523-4583
Email address:  kkawai@honolulu.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 0 7 2006

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

Attorneys for Defendants
WILLIAM P. BADUA, JEFFREY OMAI and
SPENCER ANDERSON

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| OFELIA COLOYAN, | )  CIVIL NO. CV03-476 KSC |
| | ) |
| Plaintiff, | )  DEFENDANTS |
| | )  WILLIAM P. BADUA, |
| vs. | )  JEFFREY OMAI AND |
| | )  SPENCER ANDERSON'S |
| WILLIAM P. BADUA; | )  OPPOSITION TO PLAINTIFF'S |
| JEFFREY OMAI; | )  PROPOSED JURY INSTRUCTIONS |
| SPENCER ANDERSON; | )  FILED MARCH 2, 2006; |
| NEIL PANG; | )  CERTIFICATE OF SERVICE |
| and DOES 5-10, | ) |
| | ) |
| Defendants. | ) |
| | )  TRIAL DATE:  WEEK OF |
| | )            MARCH 14, 2006 |

### DEFENDANTS WILLIAM P. BADUA, JEFFREY OMAI AND SPENCER ANDERSON'S OPPOSITION TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS FILED MARCH 2, 2006

Defendants WILLIAM P. BADUA, JEFFREY OMAI and SPENCER ANDERSON (hereinafter collectively "Defendants"), by and through their undersigned attorneys, hereby submit their objections to Plaintiff Ofelia Coloyan's Proposed Jury Instructions filed March 2, 2006, pursuant to Local Rule 51.1.

Defendants specifically object to the following jury instructions proposed by Plaintiff Ofelia Coloyan: 1, 4, 6, 7, 8, second 8[1], 9, second 9, 10, 11 and second 12 for the reasons stated below.

A.    DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1.

Defendants object to Plaintiff's proposed jury instruction number 1. Section 11.1 from the Ninth Circuit Manual of Model Civil Jury Instructions, as proposed by Defendants, is the appropriate instruction for laying out the elements and burden of proof for this case. See Defendants' Proposed Jury Instruction Number 3. Although Plaintiff's proposed jury instruction is also based on Section 11.1, Plaintiff's proposed jury instruction is ambiguous and prejudicial in that it implies that there was a violation of Plaintiff's Fourth Amendment rights in this

---

[1] Plaintiff's proposed jury instructions contains two number eights, two number nines and two number twelves. As such, Defendants will refer to the second jury instruction for each number as follows: second 8, second 9 and second 12.

2

case.  Defendants request that their proposed instruction be given, rather than

Plaintiff's instruction, because Defendants' instruction is clearer and more concise.

B.    DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY
      INSTRUCTION NO. 4.

Defendants object to Plaintiff's proposed jury instruction number 4.

Plaintiff cites to Sections 1.3 and 5.1 of the Ninth Circuit Manual of Modern Jury

Instruction, as modified.  However, Defendants could not locate the language

proposed in Plaintiff's instruction.  Even if Defendants were able to locate

Plaintiff's citation for this jury instruction, Defendants would still object to this

instruction on the basis that it is confusing.  In addition, Defendants are unable to

determine the point of law on which this instruction is intended to educate the jury.

This instruction appears to be a causation instruction; if so, it is not necessary for

this case.

C.    DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY
      INSTRUCTION NO. 6.

Defendants object to Plaintiff's proposed jury instruction number 6.

Defendants agree that Section 11.5 from the Ninth Circuit Manual of Model Civil

Jury Instructions should be given, however, Defendants request that the *exact*

language, as proposed by the Ninth Circuit, should be given.  See Defendants'

Proposed Jury Instruction Number 4.  The modification to Section 11.5, as

proposed by Plaintiff, is misleading and prejudicial.

D.   DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY
     INSTRUCTION NO. 7.

Defendants object to Plaintiff's proposed jury instruction number 7. This

instruction is completely irrelevant to the issue at hand in this case.[2] At trial, this

case will ultimately let the trier of fact determine whether Plaintiff **consented** to

Defendants' entry into her home to verify that her son was not present within the

residence. That is the only issue in this case. If there are additional jury

instructions as to when a search is reasonable, such instructions will be misleading,

confusing, a waste of time and prejudicial.

E.   DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY
     INSTRUCTION NO. 8.

Defendants object to Plaintiff's proposed jury instruction number 8. This

instruction is completely irrelevant to the issue at hand in this case.[3] As stated in

Defendants' objection to Plaintiff's proposed jury instruction number 7, this case

will ultimately let the trier of fact determine whether Plaintiff **consented** to

---

[2] In Perez v. Simmons, 884 F.2d 1136 (9th Cir.1989), police officers were looking
for the subject of an arrest warrant and forced their way into Plaintiff's home and
searched her home *without* her consent. It appears that there was no issue as to
consent in Perez. In turn, the Court held that the search was in violation of the
resident's constitutional rights *unless* subject of arrest warrant was actual
coresident of apartment and police had reasonable grounds for believing subject
was in apartment at time of search. Id. at 1140. That is not the case here. The
facts and issues of this case differ substantially from the facts and issues in Perez.
Therefore, Plaintiff's proposed jury instruction is not an appropriate instruction to
be given in this matter.
[3] See note 2, supra.

4

Defendants' entry into her home to verify that her son was not present within the residence. That is the only issue in this case. If there are additional jury instructions as to when a search is reasonable, such instructions will be misleading, confusing, a waste of time and prejudicial. Moreover, this particular jury instruction is difficult to comprehend, and appears to reiterate Plaintiff's proposed jury instruction number 7.

F.     DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. SECOND 8.

Defendants object to Plaintiff's proposed jury instruction number second 8. This instruction is completely irrelevant to the issue at hand in this case.[4] This case will ultimately let the trier of fact determine whether Plaintiff **consented** to Defendants' entry into her home to verify that her son was not present within the residence. That is the only issue in this case. If there are additional jury

---

[4] In U.S. v. Gorman, 314 F.3d 1105, 1111 (9th Cir.2002), police officers went the suspect's girlfriend's residence to execute an arrest warrant and entered the residence *without* consent of the girlfriend. The issue in Gorman was whether the police had reasonable belief that the suspect was within the residence. Id. Citing to U.S. v. Underwood, 717 F.2d 482 (9th Cir.1983), the Court in Gorman previously relied upon Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371 (1980), in holding that "an arrest warrant [for the suspect] plus reason to believe the suspect is present are sufficient to permit entry [into a third-party residence] without a search warrant." Gorman, 314 F.3d at 1111. The Court in Gorman concluded that the "reason to believe" standard embodies the same standard of reasonableness inherent in probable cause. Id. at 1112. That is not the case here. The facts and issues of this case differ substantially from the facts and issues in Gorman. Therefore, Plaintiff's proposed jury instruction is not an appropriate instruction to be given in this matter.

instructions as to when a search is reasonable (regarding a third-party residence), such instructions will be misleading, confusing, a waste of time and prejudicial. Defendants also note that said jury instruction is a misstatement of the law.[5]

## G. DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9.

Defendants object to Plaintiff's proposed jury instruction number 9. This instruction is completely irrelevant to the issue at hand in this case.[6] This case will ultimately let the trier of fact determine whether Plaintiff **consented** to Defendants' entry into her home to verify that her son was not present within the residence. That is the only issue in this case. If there are additional jury instructions as to when a search is reasonable (regarding a third-party residence), such instructions will be misleading, confusing, a waste of time and prejudicial. Defendants also note that said jury instruction is a misstatement of the law.[7]

## H. DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. SECOND 9.

Defendants object to Plaintiff's proposed jury instruction number second 9. Defendants agree that Section 11.7 from the Ninth Circuit Manual of Model Civil Jury Instructions should be given, however, Defendants request that the *exact* language, as proposed by the Ninth Circuit, be given. See Defendants' Proposed

[5] See note 4, supra.
[6] Id.
[7] Id.

6

Jury Instruction Number 6. The modification to Section 11.7, as proposed by Plaintiff, is misleading and confusing.

I.    DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10.

Defendants object to Plaintiff's proposed jury instruction number 10. Plaintiff's proposed instruction is not relevant to the issue involved in this case. Defendants assert that Plaintiff orally consented to them entering her home so that they could verify that her son was not present within the residence. On the other hand, Plaintiff alleges that Defendants forced their way into her home. If given, this instruction will mislead and confuse the jury.

J.    DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11.

Defendants object to Plaintiff's proposed jury instruction number 11. Plaintiff cites to Section 11.1 from the Ninth Circuit Manual of Modern Jury Instruction, as modified. However, Defendants believe that Plaintiff's proposed jury instruction is not Section 11.1, but rather is Section 7.1 from the Ninth Circuit Manual of Modern Jury Instruction, significantly modified. Plaintiff's proposed jury instruction is prejudicial as modified.

Defendants request that their proposed jury instruction number 2 be given instead of Plaintiff's proposed jury instruction. Defendants' proposed jury instruction number 2 is Jury Instruction Number 8.9 from the General Federal Jury

Instructions in Civil Cases for the United State Magistrate Judges, District of Hawaii, as modified for this case.

K.    DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY
      INSTRUCTION NO. SECOND 12.

Defendants object to Plaintiff's proposed jury instruction number second 12. Jury Instruction Number 8.12 from the General Federal Jury Instructions in Civil Cases of the United States Magistrate Judges, District of Hawaii, as modified by Defendants, is the appropriate instruction for punitive damages. See Defendants' Proposed Jury Instruction Number 7. Although Plaintiff's proposed jury instruction is Section 7.5 from the Ninth Circuit Manual of Model Jury Instructions, as modified, Plaintiff modified it in such a way to prejudice the Defendants in this matter and also cites to the wrong burden of proof; the correct burden of proof should be by clear and convincing evidence. Defendants request

//

//

//

//

//

//

//

that Jury Instruction Number 8.12 from the General Federal Jury Instructions in

Civil Cases of the United States Magistrate Judges, District of Hawaii, as modified,

be given rather than Plaintiff's proposed jury instruction.

      DATED:  Honolulu, Hawaii, March 7, 2006.

                        CARRIE K.S. OKINAGA
                        Corporation Counsel

              By  _____
                        KENDRA K. KAWAI
                        MARIE MANUELE GAVIGAN
                        Deputies Corporation Counsel

                        Attorneys for Defendants
                        WILLIAM P. BADUA,
                        JEFFREY OMAI and
                        SPENCER ANDERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| OFELIA COLOYAN, | ) | CIVIL NO. 03-476 KSC |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| WILLIAM P. BADUA; | ) | |
| JEFFREY OMAI; | ) | |
| SPENCER ANDERSON; | ) | |
| NEIL PANG; | ) | |
| and DOES 5-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the within was duly served by hand

delivery to the following individuals at their addresses shown below on

March 7, 2006:

        JACK SCHWEIGERT, ESQ.
        550 Halekauwila Street, Room 309
        Honolulu, Hawai'i 96813
               and

        ARTHUR E. ROSS, ESQ.
        126 Queen Street, Suite 210
        Honolulu, Hawaii  96813
               and

RORY SOARES TOOMEY
1088 Bishop Street, Suite 1004
Honolulu, Hawaii  96813

Attorneys for Plaintiff
OFELIA COLOYAN

DATED:  Honolulu, Hawai'i, March 7, 2006.

                    CARRIE K.S. OKINAGA
                    Corporation Counsel


          By: _____
                    KENDRA K. KAWAI
                    MARIE MANUELE GAVIGAN
                    Deputies Corporation Counsel

                    Attorney for Defendants
                    WILLIAM P. BADUA, JEFFREY OMAI
                    and SPENCER ANDERSON

2