
ORIGINAL

ARTHUR K. ROSS, ESQ.
126 Queen St., Suite 210
Honolulu, HI 96813
Phone: (808) 521-4343

JACK SCHWEIGERT, ESQ.
550 Halekauwila Street, Room 309
Honolulu, HI 96813
Phone: (808) 533-7491
Facsimile: (808) 533-7490

RORY SOARES TOOMEY, ESQ.
1088 Bishop Street, Suite 1004
Honolulu, HI 96813
Phone: 533-7162

Attorneys for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 07 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| OFELIA COLOYAN, | ) CIV. NO. 03-476 KSC |
| Plaintiff, | ) |
| vs. | ) |
| WILLIAM BADUA, JEFFERY OMAI, SPENCER ANDERSON, NEIL PANG, and DOES 5-10; | ) PLAINTIFF'S OPPOSITION TO ) DEFENDANTS WILLIAM P. ) BADUA, JEFFREY OMAI ) AND SPENCER ANDERSON'S ) DESIGNATION OF ORAL ) DEPOSITION OF BYRON A. ) ELIASHOF, M.D., TAKEN ON |
| Defendants. | ) FEBRUARY 23, 2006; DECLARATION ) OF JACK SCHWEIGERT, ESQ; ) EXHIBITS 1-4; CERTIFICATE OF ) SERVICE ) |
| | ) Trial: March 14, 2006 |

PLAINTIFF'S OPPOSITION TO DEFENDANTS WILLIAM P. BADUA,
JEFFREY OMAI AND SPENCER ANDERSON'S
DESIGNATION OF ORAL DEPOSITION OF BYRON A. ELIASHOF, M.D.
TAKEN ON FEBRUARY 23, 2006

1.   Plaintiff's overall objection to Dr. Eliashof's inadmissible testimony.

The Plaintiff through her counsel, notes her general objection to the entire deposition testimony of Byron A. Eliashof, M.D., taken on February 23, 2006 because:

A. Dr. Eliashof has failed to provide documentation to support his claim that in the last 4 years he has done 20% Plaintiffs and 80% Defendants IMEs. (Exhibit 1 attached hereto). This failure infects his entire opinion for it deals with a bias the jury has every right to know about in its determination of his credibility and for which he was given full opportunity to submit, yet refused to do so.[1] Before Dr. Eliashof can testify, his claim of "20%-80% split" must be documented.

B. Dr. Eliashof's relied on non-medical records, including the Plaintiff's several amended complaints, which the doctor concluded constituted "a number of mistakes either from the information provided or in the way in which it was presented. And I was **STRUCK** by that." (Eliashof deposition @ 21: 23-25) This finding helped the doctor conclude that Ms. Coloyan was not accurate about her description of what occurred (Eliashof deposition @ 39: 11-17; 41: 3-6; 49: 20-22; 50: 14-16, 23-25; 51:

---

[1] A typical jury instruction on this point would read, "If you find that a party failed to offer relevant evidence that the party would have offered if it had been favorable to him, you may infer that the evidence was adverse to that party." Niehus v. Liberio, 973 F.2d 526 (7th Cir. 1992).

2

occurred (Eliashof deposition @ 39: 11-17; 41: 3-6; 49: 20-22; 50: 14-16, 23-25; 51: 1) which is admittedly an important issue. (Eliashof deposition @ 49: 20-22) Dr. Eliashof engaged in total subjective belief or speculation to conclude this which is not allowed by Fed.R.Evid. 702 for such testimony does not constitute "knowledge" within the meaning of the Rule. General Electric Company v. Joiner, 522 U.S. 136, 146 (1997); Daubert v. Merrel Dow Pharmaceuticals, Inc., 509 U.S. 579, 590 (1993). Domingo v. T.K., M.D., 289 F.3d 600, 607 (9th Cir. 2002); Gudroz-Brault v. Missouri Pacific Railroad Co., 254 F.3d 825, 829 (9th cir. 2001); Haines v. Honolulu Shipyard, Inc., 125 F.Supp.2d 1020, 1033 (Dr. Haw. 2000).

2. Plaintiff's Specific Objections to Defendants' designations

Independent of the above, Plaintiff notes her objections to the Defendants' designations as follows:

Page 8: 17-19 because this is an impermissible subjective belief and/or unsupported speculation for which Defendants failed to provide documentation despite full and fair opportunity to do so.

Page 10: 6-14 because this is an impermissible subjective belief and/or unsupported speculation for which Defendants failed to provide documentation despite full and fair opportunity to do so.

3

Page 12: 6-20 because this is an impermissible subjective belief and/or unsupported speculation for which Defendants failed to provide documentation despite full and fair opportunity to do so.

Page 13: 7-9 because this is an impermissible subjective belief and/or unsupported speculation for which Defendants failed to provide documentation despite full and fair opportunity to do so.

Page 18: 6-16 because this involves testimony objected to as to being non-responsive for which defense counsel rephrased her question.

Page 19: 9-13 because this involves testimony which was objected to on form and defense counsel rephrased her question.

Page 21: 6-12 because this is a subjective belief and/or unsupported speculation in that the doctor is drawing a conclusion about mistakes made in the complaint for which he is assigning that error to Ms. Coloyan.

Page 29: 17-22 because this involves testimony which was objected to on form and defense counsel re-phrased her question.

Pages 31: 16-25; 32: 1-6 because this involves testimony which was objected to on form and defense counsel re-phrased her question.

Page 37: 2-6 because this involves an irrelevant notice by Plaintiff's counsel that the videographer needed to take a break, which is not part of this deposition testimony.

Page 39: 11-17 because this is a subjective belief and/or unsupported speculation in that Dr. Eliashof is assigning mistakes made in the amended complaint to Ms. Coloyan, which is a conclusion for which the Dr. Eliashof has **NO** evidence.

Page 40: 21-25; 41: 1-6 because this includes an opinion based on a subjective belief and/or unsupported speculation that Ms. Coloyan's memory of what happened when the police were at her house can reasonably be questioned in part because of the many mistakes attributed to her by Dr. Eliashof demonstrated by having to file several amended complaints.

Pages 50: 14-25; 51: 1-4 because this includes an opinion by Dr. Eliashof which is based on his subjective belief and/or unsupported speculation that the accuracy of Ms. Coloyan's memory of what happened when the police were at her house must be questioned in part because of the many mistakes attributed to her by Dr. Eliashof as seen in the existence of several amended complaints. This also constitutes inadmissible character evidence Dr. Eliashof is prohibited from giving under Fed.R.Evid. 608(b)(1). Further, this admission is barred under Fed.R.Evid. 403 as unduly prejudicial, likely to cause confusion, and/or otherwise mislead the jury.

Pages 52: 21-25; 53: 1 because this includes an opinion by Dr. Eliashof which is based on his subjective belief and/or unsupported speculation that the accuracy of Ms. Coloyan's memory of what happened when the police were at her house must be questioned in part because of the many mistakes attributed to her by Dr. Eliashof as

5

seen in the existence of several amended complaints. This also constitutes inadmissible character evidence Dr. Eliashof is prohibited from giving under Fed.R.Evid. 608(b)(1). Further, this admission is barred under Fed.R.Evid. 403 as unduly prejudicial, likely to cause confusion, and/or otherwise mislead the jury.

Page 61: 3-24 because even Dr. Eliashof references this testimony as "speculation."

Page 67: 1-20 because this is speculation and/or Dr. Eliashof's subjective belief, as opposed to objective evidence required under Fed.R.Evid. 702.

Page 69: 19-25 because this is speculation and/or Dr. Eliashof's subjective belief, as opposed to objective evidence required under Fed.R.Evid. 702.

Pages 76: 6-25; 77: 1-16 because even Dr. Eliashof admits this testimony is speculation.

If the deposition transcript is allowed, Plaintiff would **ADD** Page 15: 1-25 because it explains how the additional documents from Dr. Eliashof's record and file were obtained.

3.   Additional Documents that are part of Dr. Eliashof's deposition testimony

Exhibit 1, March 2, 2006 letter by Dr. Eliashof claiming an inability to respond to a production of documents supporting his 20% vs. 80% (Plaintiff vs. Defendant) split.

Exhibit 2, Dr. Eliashof's engagement letter with the Defendant City, which constitutes an admission under Fed.R.Evid. 803(d)(2) that Ms. Coloyan claims there were 4 officers who illegally searched her home without her consent, not 3.

Exhibit 3, Dr. Eliashof's Notice of Informed Consent signed by the client which shows Dr. Eliashof is not Ms. Coloyan's treating doctor for which there would otherwise be a confidential relationship.

Exhibit 4, a fax transmittal from Attorney Kawai to Dr. Eliashof showing his entire testimony was "scripted."

DATED:  Honolulu, Hawaii; March 7, 2006.

_____
Jack Schweigert, Esq.
Co-counsel for Plaintiff

7

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| OFELIA COLOYAN, | ) CIV. NO. 03-476 KSC |
| | ) |
| Plaintiff, | ) |
| vs. | ) CERTIFICATE OF SERVICE |
| | ) |
| WILLIAM BADUA, | ) |
| JEFFERY OMAI, | ) |
| SPENCER ANDERSON, | ) |
| NEIL PANG, | ) |
| and DOES 5-10; | ) |
| | ) |
| Defendants. | ) |

CERTIFICATE OF SERVICE

The below-signed hereby certifies that on March 7, 2006 one copy of the attached document was served on the below individual by U.S. Mail, first class postage pre-paid addressed as follows:

    Kendra K. Kawai, Esq.
    Deputy Corporation Counsel
    530 S. King Street, Room 110
    City & County of Honolulu
    Honolulu, HI 96813
        Attorney for Defendants

_____
Person certifying service