# ORIGINAL

JACK SCHWEIGERT, #1560
550 HALEKAUWILA STREET, Room 309
HONOLULU, HAWAII 96813
TELEPHONE NO. 533-7491

ARTHUR E. ROSS. #1005
226 Queen Street, Suite 210
HONOLULU, HAWAII 96813
TELEPHONE NO. 52-4343

RORY SOARES TOOMEY, #2323
1088 BISHOP STREET, SUITE 1004
HONOLULU, HAWAII 96813
TELEPHONE NO. 533-7162

Attorneys for Plaintiff
OFELIA COLOYAN



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 0 9 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OFELIA COLOYAN | ) CIVIL NO. 03-00476-KSC |
| | ) |
| Plaintiff, | ) NOTICE OF FILING PLAINTIFF'S |
| | ) PROPOSED AMENDED JURY |
| vs. | ) INSTRUCTIONS; CERTIFICATE |
| | ) OF SERVICE |
| WILLIAM BADUA, JEFFERY | ) |
| OMAI; SPENCER ANDERSON; | ) |
| NEIL PANG; and DOES 5-10 | ) |
| | ) |
| Defendants. | ) Trial is set for March 14, 2006. |
| | ) |

## NOTICE OF FILING PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS

Ofelia Coloyan Plaintiff above-named by and through her attorneys Jack

<u>Plaintiff's Proposed Jury Instruction 1</u>

The Plaintiff claims that the Defendants intentionally deprived the Plaintiff of the Fourth Amendment constitutional right to be free from an unreasonable search.

The Plaintiff has the burden of proving by a preponderance of the evidence that the Defendants' search of her home was unreasonable.

CITE: Section 115 Ninth Circuit Manual of Modern Jury Instruction (2001) (modified)

____ Given as Requested
____ Given as Modified
____ Refused
____ Withdrawn

Over objection of:
____ Plaintiff
____ Defendants

3

<u>Plaintiff's Proposed Jury Instruction No. 2</u>

In order for a search pursuant to an arrest warrant to be reasonable, the police officer must have both reason to believe that the suspect resides at the premises to be searched and that he is in the place to be searched at the time.

**CITE:**     <u>Perez v. Simmons</u>, 884 F. 2d 1136 (9th Cir. 1989).

_____ Given as Requested
_____ Given as Modified
_____ Refused
_____ Withdrawn

Over objection of:
_____ Plaintiff
_____ Defendants

<u>Plaintiff's Proposed Jury Instruction No. 3</u>

If a police officer has a reasonable belief that the suspect resides in the premises to be searched but does not have a reasonable belief that the suspect is in the premises, or vice versa, the search is unlawful.

**CITE:**     <u>Perez v. Simmons</u>, 884 F. 2d 1136 (9th Cir. 1989).

\_\_\_\_\_ Given as Requested
\_\_\_\_\_ Given as Modified
\_\_\_\_\_ Refused
\_\_\_\_\_ Withdrawn

Over objection of:
\_\_\_\_\_ Plaintiff
\_\_\_\_\_ Defendants

<u>Plaintiff's Proposed Jury Instruction No. 4</u>

A police officer, who conducts a search of the home of a third party based solely upon an arrest warrant, must have probable cause to believe both that the suspect resides in the home and he is there at the time the arrest is to be made.

**CITE:**    <u>United States v. Gorman</u>, 314 F. 3d 1105, 1110-1115 (9th Cir. 2002).

_____ Given as Requested
_____ Given as Modified
_____ Refused
_____ Withdrawn

Over objection of:
_____ Plaintiff
_____ Defendants

6

Plaintiff's Proposed Jury Instruction No. 5

A police officer may lawfully conduct a search of a third party's home for the subject of an arrest warrant only if the officers' knowledge has trustworthy information that would cause a person of reasonable caution to believe that the suspect `is in (that) particular building, and at the same time that the search is conducted.

**CITE:**    United States v. Gorman, 314 F. 3d 1105, 1113 (9th Cir. 2002). citing Vasquez v. Snow 616 F. 2d 217, 220 (5th Cir. 1980) quoting United States v. Phillips, 497 F. 2d 1131, 1136 (9th Cir. 1974).

_____ Given as Requested
_____ Given as Modified
_____ Refused
_____ Withdrawn

Over objection of:
_____ Plaintiff
_____ Defendants

<u>Plaintiff's Proposed Jury Instruction No. 6</u>

A search is reasonable, and a warrant is not required, if a person in lawful

possession of the area knowingly and voluntarily consents to the search.

CITE: Section 117 Ninth Circuit Manual of Modern Jury Instruction (2001)

(modified)

_____ Given as Requested
_____ Given as Modified
_____ Refused
_____ Withdrawn

Over objection of:
_____ Plaintiff
_____ Defendants

8

<u>Plaintiff's Proposed Jury Instruction No. 7</u>

Mere acquiescence to lawful authority is insufficient to constitute consent to a search.

**CITE:**     <u>United States v. Spires</u>, 3 F. 3d 11234, 1237 (9th Cir. 1993).

\_\_\_\_ Given as Requested
\_\_\_\_ Given as Modified
\_\_\_\_ Refused
\_\_\_\_ Withdrawn

Over objection of:
\_\_\_\_ Plaintiff
\_\_\_\_ Defendants

9

. . . . . . . . . . . . . . . . . . <u>Plaintiff's Proposed Jury Instruction No. 8</u>

The right to privacy includes the individual's interest in avoiding disclosure of personal matters.

**CITE:**     Doe v. City and County of Honolulu, 3 Haw. App571, 816 P.2d 306 (1982)

\_\_\_\_ Given as Requested
\_\_\_\_ Given as Modified
\_\_\_\_ Refused
\_\_\_\_ Withdrawn

Over objection of:
\_\_\_\_ Plaintiff
\_\_\_\_ Defendants

10

<u>Plaintiff's Proposed Jury Instruction No. 9</u>

If you find that a party failed to offer relevant evidence, that the party would

have offered if that evidence would have been favorable too him, you may infer

that if it was adverse to that [party

CITE:    <u>McMahon & Co. v. Po Folks, Inc.</u>, 206 F. 3d 637 (6th Cir. 2000) and
         <u>Niehuse v. Liberio</u>, 973 F 2d 526, 530  (7th Cir. 1992)

_____Given as Requested
_____ Given as Modified
_____ Refused
_____ Withdrawn

Over objection of:
_____ Plaintiff
_____ Defendants

11

<u>Plaintiff's Proposed Jury Instruction No. 10</u>

You may infer that evidence is advrse to a party when that evidence was under the control of the party, the evidence was not equally available to the opposing party, the party would have offered t evidence had it been favorable to him. and and no excuse has been shown for the faulure to produce it.

CITE:    <u>Niehuse v. Liberio</u>, 973 F 2d 526, 530  (7th Cir. 1992)

____Given as Requested
_____ Given as Modified
_____ Refused
_____ Withdrawn

Over objection of:
_____ Plaintiff
_____ Defendants

## Plaintiff's Proposed Jury Instruction No.11

If you find for the plaintiff on any of Plaintiff's Fourth Amendment claim, you must determine Plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence which will reasonably and fairly compensate the plaintiff for the deprivation of civil rights legally caused by the defendant.

In determining the amount of her damages, if any, you shall take into consideration the money that the plaintiff had to expend in medical treatment, prescription drugs, along with the loss of income that she suffered as a legal cause of the Defendants acts, as well as the amounts of money to compensate him for the outrage, mental suffering, shame, humiliation, and ridicule that he suffered.

Your award must be based upon evidence and not upon speculation guesswork or conjecture.

CITE:    Section 11.1 9th Circuit Manual of Modern Jury Instruction (2001)
         (modified)

_____ Given as Requested
_____ Given as Modified
_____ Refused
-_____ Withdrawn

Over objection of:
_____ Plaintiff
_____ Defendants

13

### Plaintiff's Proposed Jury Instruction No. 12

Defendants are liable for any injury that they cause to the plaintiff, no matter how unforeseeable once they have harmed the plaintiff.

CITE:       Gibson v. County of Washoe, 290 F. 3d 1175, 1192-1193 (9th Cir. 2000)

_____Given as Requested
_____ Given as Modified
_____ Refused
_____ Withdrawn

Over objection of:
_____ Plaintiff
_____ Defendants

14

<u>Plaintiff's Proposed Jury Instruction No. 13</u>

When the defendant's acts cause injury to the Plaintiff, the defendant is liable for the resulting damage to the plaintiff, even though the plaintiff had a preexisting condition that made her more susceptible to injury or made consequences to her more severe.

CITE:     <u>Jordan v. Atchison, Topeka and Santa Fe Railway Co.</u>, 934 F. 2d 225, 229 (9th Cir 1989)

_____ Given as Requested
_____ Given as Modified
_____ Refused
_____ Withdrawn

Over objection of:
_____ Plaintiff
_____ Defendants

15

<u>Plaintiff's Proposed Jury Instruction No. 13</u>

The law that applies to this case authorizes an award of nominal damages. If you find for the Plaintiff but that the Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal Damages may not exceed one dollar.

CITE:        Section 11.6 9th Circuit Manual of Modern Jury Instruction (2001)

____ Given as Requested
____ Given as Modified
____ Refused
-____ Withdrawn

Over objection of:
____ Plaintiff
____ Defendants

16

Plaintiff's Proposed Jury Instruction No. 14

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, by a preponderance of the evidence. You may award punitive damages only if you find that defendant's conduct was malicious, or in reckless disregard of plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of plaintiff's rights if, under the circumstances, it reflects complete indifference to the safety and /or rights of others.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

CITE:     Section.7.5 9th Circuit Manual of Modern Jury Instruction (2001) (modified)

17

_____ Given as Requested
_____ Given as Modified
_____ Refused
-_____ Withdrawn

Over objection of:
_____ Plaintiff
_____ Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| OFELIA COLOYAN | ) | CIVIL NO. 03-00476-KSC |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| WILLIAM BADUA, JEFFERY | ) | |
| OMAI; SPENCER ANDERSON; | ) | |
| NEIL PANG; and DOES 5-10 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 9, 2006, a copy of the attach

document was served upon:

KENDRA K. KAWAI          [X] HAND DELIVERED
550 S. KING ST,. Rm 110   [ ] UNITED STATES MAIL, first class
HONOLULU, HAWAII          Postage prepaid

Attorney for Defendants
WILLIAM BADUA; SPENCER
ANDERSON , NEIL PANG

DATED: Honolulu, Hawaii, March 9, 2006

JACK SCHWEIGERT
RORY SOARES TOOMEY
Attorneys for Plaintiff
OFELIA COLOYAN