ORIGINAL

ARTHUR K. ROSS, ESQ.
126 Queen St., Suite 210
Honolulu, HI 96813
Phone: (808) 521-4343

JACK SCHWEIGERT, ESQ.
550 Halekauwila Street, Room 309
Honolulu, HI 96813
Phone: (808) 533-7491
Facsimile: (808) 533-7490

RORY SOARES TOOMEY, ESQ.
1088 Bishop Street, Suite 1004
Honolulu, HI 96813
Phone: 533-7162

Attorneys for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 13 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| OFELIA COLOYAN, | ) CIV. NO. 03-476 KSC |
|  Plaintiff, | ) |
| vs. | ) PLAINTIFF'S OBJECTIONS TO |
|  | ) DEFENDANTS' PROPOSED |
| WILLIAM BADUA, | ) EXHIBITS; CERTIFICATE OF |
| JEFFERY OMAI, | ) SERVICE |
| SPENCER ANDERSON, | ) |
| NEIL PANG, | ) TRIAL WEEK: March 14, 2006 |
| and DOES 5-10; | ) JUDGE: Kevin S.C. Chang |
|  Defendants. | ) |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED EXHIBITS

COMES NOW PLAINTIFF OFELIA COLOYAN by and through counsel

and notes her objections to Defendants' proposed exhibits as follows:

As to Exhibit 1; objection, relevance and foundation; for the document was never shown to Defendant Ofelia Coloyan.

As to Exhibit 18; objection, presumably the document will include all of the purported background checks done by Officer Badua for development of alternate addresses to find Allan Coloyan. However, there is a lack of foundation. Further, it is irrelevant in that Defendant Badua is arguing consent to the charge of an illegal search so that the background searches have no bearing on that issue. Further, even if relevant, the probative value of such relevance is outweighed substantially by danger of unfair prejudice, confusion of the issues, or misleading the jury, because this document has nothing to do with consent.

As to Exhibit 19; objection, presumably the document will include all of the purported background checks done by Officer Badua for development of alternate addresses to find Allan Coloyan. However, there is a lack of foundation. Further, it is irrelevant in that Defendant Badua is arguing consent to the charge of an illegal search so that the background searches have no bearing on that issue. Further, even if relevant, the probative value of such relevance is outweighed substantially by danger of unfair prejudice, confusion of the issues, or misleading the jury, because this document has nothing to do with consent.

As to Exhibit 20; objection, presumably the document will include all of the purported background checks done by Officer Badua for development of alternate addresses to find Allan Coloyan. However, there is a lack of foundation. Further, it is irrelevant in that Defendant Badua is arguing consent to the charge of an illegal search so that the background searches have no bearing on that issue. Further, even if relevant, the probative value of such relevance is outweighed substantially by danger of unfair prejudice, confusion of the issues, or misleading the jury, because this document has nothing to do with consent.

As to Exhibit 21; objection, presumably the document will include all of the purported background checks done by Officer Badua for development of alternate addresses to find Allan Coloyan. However, there is a lack of foundation. Further, it is irrelevant in that Defendant Badua is arguing consent to the charge of an illegal search so that the background searches have no bearing on that issue. Further, even if relevant, the probative value of such relevance is outweighed substantially by danger of unfair prejudice, confusion of the issues, or misleading the jury, because this document has nothing to do with consent.

As to Exhibit 22; objection, presumably the document will include all of the purported background checks done by Officer Badua for development of alternate addresses to find Allan Coloyan. However, there is a lack of foundation. Further, it is irrelevant in that Defendant Badua is arguing consent to the charge of an

illegal search so that the background searches have no bearing on that issue. Further, even if relevant, the probative value of such relevance is outweighed substantially by danger of unfair prejudice, confusion of the issues, or misleading the jury, because this document has nothing to do with consent.

As to Exhibit 23; the same objections as noted in Plaintiff's Opposition to Defendants William P. Badua, Jeffrey Omai and Spencer Anderson's Designation of Oral Deposition of Byron a. Eliashof, M.D., taken on February 23, 2006 are incorporated herein by reference.

As to Exhibit 24; the same objections as noted in Plaintiff's Opposition to Defendants William P. Badua, Jeffrey Omai and Spencer Anderson's Designation of Oral Deposition of Byron a. Eliashof, M.D., taken on February 23, 2006 are incorporated herein by reference.

DATED: Honolulu, Hawaii; March 10, 2006.

*[signature]*
Jack Schweigert, Esq.
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| OFELIA COLOYAN, | ) CIV. NO. 03-476 KSC </br> ) |
| Plaintiff, | ) CERTIFICATE OF SERVICE </br> ) |
| vs. | ) </br> ) |
| WILLIAM BADUA, </br> JEFFERY OMAI, </br> SPENCER ANDERSON, </br> NEIL PANG, </br> and DOES 5-10; | ) </br> ) </br> ) </br> ) </br> ) </br> ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

The below-signed hereby certifies that on March 10, 2006 one copy of the attached document was served on the below named individual by fax transmittal to 523-4583 and one copy mailed U.S. first class postage prepaid addressed as follows:

    Kendra K. Kawai, Esq.
    Deputy Corporation Counsel
    530 S. King Street, Room 110
    City & County of Honolulu
    Honolulu, HI 96813
        Attorney for Defendants

              _____
              Person certifying service