CARRIE K.S. OKINAGA, 5958
Corporation Counsel
KENDRA K. KAWAI, 7779
MARIE MANUELE GAVIGAN, 6585
Deputies Corporation Counsel
530 S. King Street, Room 110
City and County of Honolulu
Honolulu, Hawai'i 96813
Telephone:   523-4116/527-5585
Facsimile:    523-4583
Email address:  kkawai@honolulu.gov

Attorneys for Defendants WILLIAM P. BADUA,
JEFFREY OMAI andSPENCER ANDERSON

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 14 2006

at 3 o'clock and 06 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| OFELIA COLOYAN,<br><br>  Plaintiff,<br><br>  vs.<br><br>WILLIAM P. BADUA; JEFFREY OMAI; SPENCER ANDERSON; NEIL PANG; and DOES 5-10,<br><br>  Defendants. | CIVIL NO. CV03-476 KSC<br><br>DEFENDANTS WILLIAM P. BADUA, JEFFREY OMAI AND SPENCER ANDERSON'S TRIAL BRIEF, RE: PLAINTIFF'S PROPOSED EXHIBIT, HPD FORM 393; DECLARATION OF MARIE MANUELE GAVIGAN; EXHIBITS "A" and "B"; CERTIFICATE OF SERVICE<br><br>Trial Date: March 14, 2006 |

DEFENDANTS WILLIAM P. BADUA, JEFFREY OMAI
AND SPENCER ANDERSON'S TRIAL BRIEF,
RE: PLAINTIFF'S PROPOSED EXHIBIT, HPD FORM 393

Defendants, William P. Badua, Jeffrey Omai and Spencer Anderson, (hereinafter referred to as "Defendants"), by and through their attorneys, Carrie K.S. Okinaga, Corporation Counsel, and Kendra K. Kawai and Marie Manuele Gavigan, Deputies Corporation Counsel, hereby submit their trial brief, re: Plaintiff's proposed exhibit, HPD Form 393.

I.   INTRODUCTION

Plaintiff Ofelia Coloyan (hereinafter "Plaintiff") instituted this lawsuit against Officers William P. Badua, Jeffrey Omai and Spencer Anderson (collectively hereinafter "Defendants") for allegedly violating her constitutional rights. On June 3, 2003, Defendants went to Plaintiff's home to execute an arrest warrant on Plaintiff's son, Allen Coloyan, who was believed to reside at Plaintiff's home. Defendants searched Plaintiff's home after obtaining Plaintiff's oral consent to search. Plaintiff disputes that she gave Defendants her oral consent for the search

Discovery was conducted in this case in accordance with the Court's pretrial order. Discovery ended in this case on February 13, 2006. On February 24, 2006,

//

//

//

the parties met and exchanged trial exhibits, however, HPD Form 393[1] was not one of Plaintiff's trial exhibits, nor was it even mentioned as a possible trial exhibit.

On March 7, 2006, Plaintiff filed with the Court her final witness and exhibit list. This final list, for the first time, mention HPD Form 393 as a trial exhibit. On March 8, 2006, Plaintiff caused to be issued and served a subpoena *duces tecum* to the Custodian of Records of the Honolulu Police Department ("HPD") for "HPD-393 Form." See, Exhibit "B", a copy of the subpoena that was served on the Custodian of Records of HPD on March 8, 2006.

Plaintiff asserts that this form should be allowed as a trial exhibit on the basis that it should have been disclosed in Defendants' Federal Rules of Civil Procedure ("FRCP") Rule 26 initial disclosures. Defendants dispute that the form should have been disclosed in their Rule 26 initial disclosures and further, Defendants object to the use of this form as a trial exhibit as will be discussed *infra*.

//
//
//

---

[1] It should be noted that the HPD-393 form was revised in September, 2004. See, Exhibit "A" attached hereto. Due to the lateness of this request, Defendants have not been able to determine if a copy of the HPD-393 form that was in use on June 3, 2003, still exists.

3

II.   DISCUSSION

    A.   Form HPD-393 Was Not a Proper FRCP Rule 26 Initial Disclosure

Plaintiff asserts that Defendants should have provided Form HPD-393 as an initial disclosure pursuant to FRCP Rule 26(a)(1)(B). Plaintiff is incorrect in this assertion. FRCP Rule 26(a)(1)(B) states as follows:

> **RULE 26. GENERAL PROVISIONS GOVERNING DISCOVERY; DUTY OF DISCLOSURE**
>
> **(a) Required Disclosures; Methods to Discovery Additional Matter**
> (1) *Initial Disclosures.* Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:
>
> \* \* \*
>
>     (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;
>
> \* \* \*

In this case, the HPD-393 form is not relevant to Plaintiff's case. This form is a "Written Consent To Search." It is a form that is used by HPD officers when they make searches of private areas such as autos or homes, but it is not mandatory that officers obtain written consent to search without a warrant. In this case, the officers did not obtain Plaintiff's written consent, nor was it an HPD policy that the officers were required to obtain a written consent. Therefore, as this form is

irrelevant to the instant lawsuit, and because this form was clearly not part of their defense in this action, Defendants were not required to provide this form to Plaintiff in Defendants' FRCP Rule 26 initial disclosures.

Assuming for purposes of argument only that this Court rules that disclosure of the form should have been made (and not conceding this matter), Defendants assert that they were substantially justified in not producing the form and that the lack of disclosure is harmless to Plaintiff. See, *David v. U.S. Bankcorp,* 383 F.3d 761, 765 (8th Cir. 2004). The inquiry is fundamental fairness to the parties; in this case, the lack of disclosure is harmless to Plaintiff. Defendants were not required to obtain Plaintiff's written consent to search her home, the form is not relevant to the action and therefore, Plaintiff has suffered no harm by the lack of disclosure.

In addition, Plaintiff had full opportunity to conduct discovery in this case and took depositions of many of the officers involved in this matter. In fact, in open Court this date, Plaintiff's attorney represented to the Court that he had an HPD-393 form from another case that was dated June 1, 2003. Therefore, Plaintiff's counsel was fully aware of the existence of the form during the time that discovery was being conducted in this case. Plaintiff had the opportunity in this case to question the officers about HPD policies with regard to searches without warrants. Plaintiff could have requested the form in discovery and then questioned the Defendants about the form in their depositions. Plaintiff conducted no discovery on this issue; therefore, Plaintiff cannot be heard to complain now.

5

    B.    <u>HPD-393 is Not Admissible In This Matter</u>

        1.    <u>HPD Form 393 was not properly pre-marked as a trial exhibit until one week prior to trial.</u>

Plaintiff first disclosed this document as a trial exhibit to Defendants on or about Monday, March 6, 2006, approximately one week prior to trial.

Pursuant to the Third Amended Rule 16 Order, Plaintiff had a duty to disclose all exhibits to Defendants during the "pre-mark and exchange of exhibits" meeting between counsel. Plaintiff failed to do so.

The Federal Rules of Civil Procedure set forth rules and guidelines to which the parties must adhere at every step of the litigation process. As stated above, Plaintiff had a duty to disclose all exhibits to Defendants by a certain date. By including the document in Plaintiff's Witness and Exhibit List filed March 7, 2006, Plaintiff is attempting to circumvent the pre-trial guidelines by attempting to attach a document as an additional exhibit, of which Defendants' counsel had no knowledge.

Plaintiff had more than ample time to request this document during the discovery process. Allowing Plaintiff to present this document to the jury will prejudice the Defendants insofar as Defendants have not had ample time to prepare its arguments and case with this document in mind. The unfair surprise at this late date should not be tolerated by this Court.

B.   Irrelevant Evidence Inadmissible and/or Inadmissible under Rule 403

The HPD Form 393 is inadmissible because it is irrelevant to the issue presented in this case, or in the alternative, this document is inadmissible under Rule 403 of the Federal Rules of Evidence ("FRE").

Rule 401 of the FRE states:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401.

Rule 402 of the FRE states:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence, which is not relevant, is not admissible.

Fed. R. Evid. 402.

Rule 403 of the FRE states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

The document in which Plaintiff is attempting to include as an additional exhibit is completely irrelevant to the case at hand. There is no evidence to show

that this document was required nor used on the date of the incident. Furthermore, the issue in this case rests solely on whether Plaintiff consented to the police officers coming into her home to verify that her son was not there. That is the only issue. Written consent is irrelevant to this case.

Even if this document is relevant in any way to this case, Defendants argue that its probative value is clearly outweighed by unfair prejudice to Defendants. Defendants assert that if Plaintiff is permitted to present this document at trial it will confuse the ultimate issues in the case and will definitely mislead the jury.

III. CONCLUSION

For the reasons stated above, Defendants respectfully urge that the HPD-393 Form was not required to be produced in Defendants' FRCP Rule 26 initial disclosures, that it is irrelevant to the issue in this case, and that Plaintiff is improperly attempting to make the form a trial exhibit. Therefore, use of the HPD-393 Form should not be allowed at this trial.

DATED: Honolulu, Hawai'i, March 14, 2006.

        CARRIE K.S. OKINAGA
        Corporation Counsel

By: _/s/ Marie Manuele Gavigan_
    KENDRA K. KAWAI
    MARIE MANUELE GAVIGAN
    Deputies Corporation Counsel

    Attorney for Defendants
    WILLIAM P. BADUA, JEFFREY OMAI,
    and SPENCER ANDERSON

8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| OFELIA COLOYAN, | ) CIVIL NO. 03-476 KSC |
| | ) |
| Plaintiff, | ) CERTIFICATE OF SERVICE |
| | ) |
| vs. | ) |
| | ) |
| WILLIAM P. BADUA; | ) |
| JEFFREY OMAI; | ) |
| SPENCER ANDERSON; | ) |
| NEIL PANG; | ) |
| and DOES 5-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the within was duly served by hand delivery to the following individuals at their addresses shown below on March 14, 2006:

    JACK SCHWEIGERT, ESQ.
    550 Halekauwila Street, Room 309
    Honolulu, Hawai‘i 96813
        and

    ARTHUR E. ROSS, ESQ.
    126 Queen Street, Suite 210
    Honolulu, Hawaii 96813
        and

RORY SOARES TOOMEY
1088 Bishop Street, Suite 1004
Honolulu, Hawaii 96813

Attorneys for Plaintiff
OFELIA COLOYAN

DATED: Honolulu, Hawai'i, March 14, 2006.

                CARRIE K.S. OKINAGA
                Corporation Counsel


By: _____
     KENDRA K. KAWAI
     MARIE MANUELE GAVIGAN
     Deputies Corporation Counsel

     Attorney for Defendants
     WILLIAM P. BADUA, JEFFREY OMAI
     and SPENCER ANDERSON

2