AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

Ofelia Coloyan

**SUBPOENA IN A CIVIL CASE**

V.

William Badua, Jeffery Omai, Spencer Anderson, Neil Pang, and DOES 5-10

Case Number:[1] Civ. No. 03-476 KSC

TO: Custodian of Records
Honolulu Police Department
801 S. Beretania Street
Honolulu, Hawaii

Please call Jack Schweigert, Esq. at 533-7491 upon receipt of this subpoena.

☒ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| United States District Courthouse<br>Courtroom of Kevin S. C. Chang<br>300 Ala Moana Blvd.<br>Honolulu, Hawaii | 2nd Floor |
| | DATE AND TIME<br>March 15, 2006 @ 8:30 a.m. |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

HPD-393 Form, a redacted copy of which is attached hereto for your reference.

| PLACE | DATE AND TIME |
|---|---|
| Courtroom of Kevin S.C. Chang, U.S. District Courthouse 2nd Floor, 300 Ala Moana Blvd., Honolulu, Hawaii | March 15, 2006 @ 8:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Jack Schweigert, Esq., Attorney for Plaintiff  /s/ Jack Schweigert | DATE<br>March 8, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jack Schweigert, Esq.
550 Halekauwila, Room 309, Honolulu, HI 96813   PH. 533-7491

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT B

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

WRITTEN CONSENT TO SEARCH

I, _____
(name)

do hereby give my consent to have my _____
(auto, house, room, etc.)

described as follows: _____
(Lic. No., address, apt., location, etc.)

searched by members of the Honolulu Police Department: _____

_____
(officers' names & titles)

I understand that the Police are searching for evidence of the crime of _____, more specifically
(robbery, burglary, etc.)

_____
(describe property sought)

I understand that I have a constitutional right to refuse to allow this search and I hereby waive this right.

I understand that I have a right to consult with an attorney before allowing this search, and I hereby waive this right.

I am fully aware that any property found which is the fruit (stolen property) or instrumentality of a crime (weapons, etc.), or contraband (property which cannot be legally possessed) may be used against me in a criminal prosecution in a court of law.

I am not presently under the influence of drugs or intoxicating beverage and am not mentally unstable.

I give my consent voluntarily and have not been threatened, coerced, or intimidated in any manner, nor have any promises been made to me in return for my giving my consent to this search.

Witness: _____    Name _____

Name _____    Address _____

Address _____    Date _____  Time _____

Date _____  Time _____

HPD-393

