Members of the Jury:

You have heard the evidence in this case. I will now instruct you on the law that you must apply.

You are the judges of the facts. It is your duty to review the evidence and to decide the true facts. When you have decided the true facts, you must then apply the law to the facts.

I will tell you the law that applies to this case. You must apply that law, and only that law, in deciding this case, whether you personally agree or disagree with it.

The order in which I give you the instructions does not mean that one instruction is any more or less important than any other instruction. You must follow all the instructions I give you. You must not single out some instructions and ignore others. All the instructions are equally important and you must apply them as a whole to the facts.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 2 0 2006

at ____ o'clock and ____ min. ____ M
SUE BEITIA, CLERK

It is your duty and obligation as jurors to decide this case on the evidence presented in court and upon the law given to you.

You must perform your duty and obligation without favoritism, passion, or sympathy for any party in the case, and without prejudice against any of the parties.

Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. The parties and the public expect that you will carefully and impartially consider all of the evidence in this case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice.

Similarly, each defendant in this case has separate and distinct rights.  You must decide the case of each defendant separately, as if it were a separate lawsuit.  Unless I tell you otherwise, these instructions apply to all of the defendants.

If any of these instructions, or anything I have said or done in this case makes you believe I have an opinion about the facts or issues in the case, the weight to be given to the evidence, or the credibility of any witness, then you must disregard such belief. It is not my intention to create such an impression. You, and you alone, must decide the facts of this case from the evidence presented in court and you must not be concerned about my opinion of the facts.

In reaching your verdict, you may consider only the testimony and the exhibits received in evidence. The following are not evidence and you must not consider them as evidence in deciding the facts of this case.

      1.   Attorneys' statements, arguments and remarks during opening statements, closing arguments, jury selection, and other times during the trial are not evidence, but may assist you in understanding the evidence and applying the law.

      2.   Attorneys' questions and objections are not evidence.

      3.   Excluded or stricken testimony or exhibits are not evidence and must not be considered for any purpose.

      4.   Anything seen or heard when the court was not in session is not evidence. You must decide this case solely on the evidence received at the trial.

Even though you are required to decide this case only upon the evidence presented in court, you are allowed to consider the evidence in light of your own observations, experiences, and common sense. You may use your common sense to make reasonable inferences from the facts.

You must not use any source outside the courtroom to assist you in deciding any question of fact. This means that you must not make an independent investigation of the facts or the law. For example, you must not visit the scene on your own, conduct experiments, or consult dictionaries, encyclopedias, textbooks, or other reference materials for additional information.

Plaintiff has the burden of proving by a preponderance of the evidence every element of each claim that plaintiff asserts.  Defendants have the burden of proving by a preponderance of the evidence every element of each affirmative defense that defendants assert.  In these instructions, whenever I say that a party must prove a claim or affirmative defense, that party must prove such claim or affirmative defense by a preponderance of the evidence, unless I instruct you otherwise.

To "prove by a preponderance of the evidence" means to prove that something is more likely so than not so.  It means to prove by evidence which, in your opinion, convinces you that something is more probably true than not true.  It does not mean that a greater number of witnesses or a greater number of exhibits must be produced.

In deciding whether a claim, defense, or fact has been proven by a preponderance of the evidence, you must consider all of the evidence presented in court by both the plaintiff and the defendants.  Upon consideration of all the evidence, if you find that a particular claim, defense or fact is more likely true than not true, then such claim, defense, or fact has been proven by a preponderance of the evidence.

If a preponderance of the evidence does not support each essential element of a claim or affirmative defense, then the jury should find against the party having the burden of proof as to that claim or affirmative defense.

Where the attorneys for the parties have stipulated to a fact, you must consider the fact as having been conclusively proved.

The testimony of a witness has been read into evidence by showing a videotape deposition.  A deposition is the testimony of a witness given under oath before the trial and preserved in written form or by videotape.

You must consider and judge the deposition testimony of a witness in the same manner as if the witness actually appeared and testified in court in this trial.

There are two kinds of evidence from which you may decide the facts of a case:  direct evidence and circumstantial evidence.

Direct evidence is direct proof of a fact, for example, the testimony of an eyewitness.

Circumstantial evidence is indirect proof of a fact, that is, when certain facts lead you to conclude that another fact also exists.

You may consider both direct evidence and circumstantial evidence when deciding the facts of this case.  You are allowed to give equal weight to both kinds of evidence.  The weight to be given any kind of evidence is for you to decide.

During the trial, I have ruled on objections made by the attorneys. Objections are based on rules of law designed to protect the jury from unreliable or irrelevant evidence. It is an attorney's duty to object when he or she believes that the rules of law are not being followed. These objections relate to questions of law for me to decide and with which you need not be concerned.

As to any questions to which an objection was sustained, you must not speculate as to what the answer might have been or as to the reason for the objection.

You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken out by the court; such matter is to be treated as though you had never known of it.

You must never speculate as to be true any insinuation suggested by a question asked a witness. A question is not evidence and may be considered only as it supplied meaning to the answer.

I have said that you must consider all of the evidence.  This does not mean , however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility of all witnesses who testified in this case.  The weight their testimony deserves is for you to decide.

It is your exclusive right to determine whether and to what extent a witness should be believed and to give weight to that testimony according to your determination of the witness' credibility.  In evaluating a witness, you may consider:

(1) the witness' appearance and demeanor on the witness stand;

(2) the manner in which a witness testified and the degree of intelligence shown;

(3) the witness' degree of candor or frankness;

(4) the witness' interest, if any, in the result of this case;

(5) the witness' relationship to either party

in the case;

(6) any temper, feeling or bias shown by the
    witness;

(7) the witness' character as shown by the
    evidence;

(8) the witness' means and opportunity to
    acquire information;

(9) the probability or improbability of the
    witness' testimony;

(10) the extent to which the witness' testimony
    is supported or contradicted by other
    evidence;

(11) the extent to which the witness made
    contradictory statements; and

(12) all other circumstances affecting the
    witness' credibility.

        Inconsistencies in the testimony of a witness,
or between the testimonies of different witnesses, may
or may not cause you to discredit the inconsistent
testimony.  This is because two or more persons
witnessing an event may see or hear the event

differently.  An innocently mistaken recollection or failure to remember is not an uncommon experience.  In examining any inconsistent testimony, you should consider whether the inconsistency concerns important matters or unimportant details.

You should also consider whether inconsistent testimony is the result of an innocent mistake or a deliberate false statement.

You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.

You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

The testimony of a witness may be discredited by contradictory evidence or by evidence showing that at other times the witness made statements inconsistent with the witness' testimony in this trial.

If you believe that testimony of any witness has been discredited, you may give that testimony the degree of credibility you believe it deserves.

You may reject the testimony of a witness if you find and believe from all of the evidence presented in this case that:

    1.   The witness intentionally testified falsely in this trial about any important fact; or

    2. The witness intentionally exaggerated or concealed an important fact or circumstance in order to deceive or mislead you.

In giving you this instruction, I am not suggesting that any witness intentionally testified falsely or deliberately exaggerated or concealed an important fact or circumstance. That is for you to decide.

In this case, you heard testimony from witnesses described as experts.  Experts are persons who, by education, experience, training or otherwise, have special knowledge which is not commonly held by people in general.  Experts may state an opinion on matters in their field of special knowledge and may also state their reasons for the opinion.

The testimony of expert witnesses should be judged in the same manner as the testimony of any witness.  You may accept or reject the testimony in whole or in part.  You may give the testimony as much weight as you think it deserves in consideration of all of the evidence in this case.

With regard to Plaintiff's Fourth Amendment claim of a violation of her constitutional right to be free from unreasonable searches, the Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence.

1.  the acts or omissions of any defendant were intentional;

2.  the defendant acted under color of law; and

3.  the acts or omissions of the defendant were the cause of the deprivation of the plaintiff's rights protected by the Constitution or laws of the United States.

If you find that each of the elements on which the Plaintiff has the burden of proof has been proved, your verdict should be for the Plaintiff.  If, on the other hand, the Plaintiff has failed to prove any of these elements, your verdict should be for the Defendants.

Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

In this case, Plaintiff claims that Defendants violated her Fourth Amendment constitutional right to be free from unreasonable searches.  Plaintiff has the burden of proving by a preponderance of the evidence that the search which occurred was unreasonable.

A search incident to execution of an arrest warrant is reasonable if a police officer has reason to believe that the suspect resides at the location to be searched and that the suspect is present at the location to be searched at the time of the search.

A search is reasonable, and a search warrant is not required, when a person in lawful possession of the location knowingly and voluntarily consents to a search of the location.  Consent is an affirmative defense that the Defendants have the burden of proving by a preponderance of the evidence.  Mere acquiescence to lawful authority is insufficient to constitute consent.

A police officer is not required to inform citizens of the right to refuse when seeking permission to conduct a warrantless consent search.  Determination of voluntariness of consent is a question of fact to be determined from the totality of the circumstances.  In determining whether consent was voluntary, you may consider factors including but not limited to the following:

1.   whether the consenting person was in custody;

2.   whether officers' guns were drawn;

3.   whether the person was told he or she had the right to refuse a request to search; and

4.   whether the person was told a search warrant could be obtained.

Instructions on damages are only a guide for an award of damages if you find defendants responsible to plaintiff.  The fact that the Court is instructing you on damages does not mean that defendants are responsible to plaintiff.  That is for you to decide.

If you find for plaintiff on the issue of liability, plaintiff is entitled to damages in such amount as in your judgment will fairly and adequately compensate her for the injuries which she suffered.  In deciding the amount of such damages, you should consider:

1.  The extent and nature of the injuries she received, and also the extent to which, if at all, the injuries she received are permanent;

2.  The pain, emotional suffering, and disability which she has suffered and is reasonably probable to suffer in the future because of the injuries, if any.

An act or omission is a legal cause of an injury or damage if it was a substantial factor in bringing about the injury or damages.

One or more substantial factors such as the conduct of more than one person may operate separately or together to cause an injury or damage.  In such a case, each may be a legal cause of the injury or damage.

General damages are those damages which fairly and adequately compensate plaintiff for any past, present, and reasonably probable future disability, pain, and emotional distress caused by the injuries or damages sustained.

Emotional distress includes mental worry, anxiety, anguish, suffering, and grief, where they are shown to exist.

Plaintiff is not required to present evidence of the monetary value of her pain or emotional distress. It is only necessary that plaintiff prove the nature, extent and effect of her injury, pain, and emotional distress.  It is for you, the jury, to determine the monetary value of such pain or emotional distress using your own judgment, common sense and experience.

Plaintiff may not recover damages for any
emotional distress related to the litigation of this
case.

Compensation must be reasonable.  You may award only such damages as will fairly and reasonably compensate plaintiff for the injuries or damages legally caused by defendants' conduct.

You are not permitted to award a party speculative damages, which means compensation for loss or harm which, although possible, is conjectural or not reasonably probable.

The law that applies to this case authorizes an award of nominal damages.  If you find for the Plaintiff but that the Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal Damages may not exceed one dollar.

If you award Plaintiff any damages, then you may consider whether you should also award punitive damages. The purposes of punitive damages are to punish the wrongdoer and to serve as an example or warning to the wrongdoer and others not to engage in such conduct.

The Plaintiff has the burden of proving that punitive damages should be awarded, and the amount of punitive damages, if any.  You may award punitive damages only if Plaintiff has proved by clear and convincing evidence or by a preponderance of the evidence that the particular Defendants acted intentionally, willfully, wantonly or oppressively. Punitive damages may not be awarded for mere inadvertence, mistake or errors of judgment.

In this case, Plaintiff has brought claims based on the Fourth Amendment to the United States Constitution and the corresponding provision of the Hawaii State Constitution.  As a result, Plaintiff has the burden of proving that punitive damages should be awarded against a particular defendant by a preponderance of the

evidence on the claim based on Federal law and by clear and convincing evidence on the claim based on State law. In your deliberations, you should not consider whether the conduct of any defendant is a violation of State law or Federal law.  Rather, you should consider all of the evidence, apply the law given to you and follow the directions contained in the Special Verdict Form.

The proper measure of punitive damages is (1) the degree of intentional, willful, wanton, oppressive or malicious conduct that formed the basis for your prior award of damages against that defendant and (2) the amount of money required to punish that defendant considering their financial condition.  In determining the degree of a particular Defendant's conduct, you must analyze that Defendant's state of mind at the time they committed the conduct which formed the basis for your prior award of damages against that defendant.  Any punitive damages you award must be reasonable.

To prove by clear and convincing evidence means to prove by evidence which, in your opinion, produces a firm belief about the truth of the allegations which the parties have presented.  It means to prove that the existence of a fact is highly probable.

Clear and convincing evidence is a higher requirement of proof than the "preponderance of the evidence" requirement, but it is a lower requirement of proof than the "beyond a reasonable doubt" requirement in criminal cases.

An act is "willful" when it is premeditated, unlawful, without legal justification, or done with an evil intent, with a bad motive or purpose, or with indifference to its natural consequences.

An act is "wanton" when it is reckless, heedless, or characterized by extreme foolhardiness, or callous disregard of, or callous indifference to, the rights or safety of others.

An act is "oppressive" when it is done with unnecessary harshness or severity.

An act is "malicious" when it is prompted or accompanied by ill will or spite.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

When you retire to the jury room to begin your deliberations, your first duty will be selection of a foreperson to preside over the deliberations and to speak on your behalf in court.

The foreperson's duties are:

1. To keep order during the deliberations and to make sure that every juror who wants to speak is heard;

2. To represent the jury in communications you wish to make to me; and

3. To sign, date and present the jury's verdict to me.

In deciding the verdict, all jurors are equal and the foreperson does not have any more power than any other juror.

After you select a foreperson, you will proceed to discuss the case with your fellow jurors and reach

agreement on a verdict, if you can.  You may take as much time as you feel is necessary for your deliberations.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.

Each of you must decide the case for yourself, but only after you have considered the views of your fellow jurors.  Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is a right decision, or simply to get the case over with.

During this trial, items were received in evidence as exhibits. These exhibits will be sent into the jury room with you when you begin to deliberate.

Remember at all times that you are not partisans.  You are judges  -  judges of the facts in this case.  Your only interest is to seek the truth from the evidence presented.

From the time you retire to the jury room to begin your deliberations until you complete your deliberations, it is necessary that you remain together as a body.  You should not discuss the case with anyone other than your fellow jurors.  If it becomes necessary for you to communicate with me during your deliberations, you may send a note by the bailiff.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom.

Your verdict will consist of answers to the questions on the verdict form.  You will answer the questions according to the instructions I have given you and according to the directions contained in the verdict form.

Your verdict must be unanimous.  It is necessary that each of you agree on all answers required

by the verdict form.  Each of you must be able to state,
when you return to the courtroom after a verdict is
reached, that his or her vote is expressed in the
answers on the verdict form.

        As soon as all of you agree upon each answer
required by the directions in the verdict form, the form
should be dated and signed by your foreperson.  The
foreperson will then notify the bailiff by a written
communication that the jury has reached a verdict.
Thereafter, the  bailiff will arrange to have you return
with the verdict form to the courtroom.

        Bear in mind that you are not to reveal to the
court or anyone else how the jury stands on the verdict
until all of you have agreed on it.