IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

OFELIA COLOYAN,                ) CIVIL NO. 03-00476 KSC
                               )
              Plaintiff,       ) ORDER GRANTING IN PART AND
                               ) DENYING IN PART
       vs.                     ) PLAINTIFF'S MOTIONS IN
                               ) LIMINE AND ORDER GRANTING
WILLIAM BADUA, JEFFERY         ) IN PART AND DENYING IN
OMAI, SPENCER ANDERSON,        ) PART DEFENDANTS' MOTIONS
NEIL PANG, and DOES 5-10,      ) IN LIMINE
                               )
              Defendants.      )
_____)


ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTIONS IN LIMINE AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTIONS IN LIMINE

        Before the Court are the following three (3)

motions in limine in filed by Plaintiff Ofelia Coloyan

("Plaintiff") and ten (10) motions in limine filed by

Defendants William Badua, Jeffery Omai, and Spencer

Anderson ("Defendants"): (1) Plaintiff's Motion in

Limine Re Exclusion of All Evidence of the Alleged

Criminal Conduct of Allen Coloyan; (2) Plaintiff's

Motion in Limine Re Exclusion of All Evidence of
Injuries to Any of the Defendants that Occurred in the
Line of Duty; (3) Plaintiff's Motion in Limine Re
Exclusion of All Evidence that the Arrest Warrant for
Allen Coloyan was signed by Kevin S.C. Chang; (4)
Defendants' Motion in Limine No. 1 Re: Precluding
Testimony Regarding Police Talking to Plaintiff's
Neighbors; (5) Defendants' Motion in Limine No. 2 Re:
Precluding Testimony of Lee Donohue and/or Testimony
Regarding a Code of Silence; (6) Defendants' Motion in
Limine No. 3 Re: Precluding Steven M.C. Lum, M.D. from
Testifying as an Expert Witness; (7) Defendants'
Motion in Limine No. 4 Re: Precluding Testimony
Regarding Service of Complaint Upon Each Defendant; (8)
Defendants' Motion in Limine No. 5 Re: Adherence to
Proper Trial Procedure and Evidentiary Rules; (9)
Defendants' Motion in Limine No. 6 Re: Limiting the
Scope of Trial to Claims in Fourth Amended Complaint;
(10) Defendants' Motion in Limine No. 7 Re: Preculding
Plaintiff's Expert Witness' Testimony and Report; (11)
Defendants' Motion in Limine No. 8 Re: Precluding Any

2

Hearsay Testimony and Exhibits; (12) Defendants' Motion in Limine No. 9 Re: Unsealing Federal Arrest Warrant for Allen Coloyan; and (13) Defendants' Motion in Limine No. 10 Re: Precluding Testimony as to Defendant Badua's Phone Conversation with Defense Counsel.

The motions came on for hearing on March 13, 2006. Attorney Arthur E. Ross and Attorney Rory Soares Toomey appeared on behalf of Plaintiff; Attorney Kendra Kawai and Attorney Marie Gavigan appeared on behalf of Defendants. The Court will address each motion in turn.

In Plaintiff's Motion in Limine Re Exclusion of All Evidence of the Alleged Criminal Conduct of Allen Coloyan, Plaintiff argues that evidence of the alleged criminal conduct of Allen Coloyan is inadmissible character evidence because it could be used to infer that Plaintiff, Allen Coloyan's mother, is of poor character. Plaintiff also argues that admitting this evidence would be more prejudicial than probative. Defendants argue that this evidence is relevant to

their defense and relevant specifically to the issue of damages.

Federal Rule of Evidence ("FRE") 403 allows for the exclusion of otherwise admissible evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

The Court finds that evidence regarding details of the alleged criminal conduct of Allen Coloyan is inadmissible pursuant to FRE 403 because the danger of prejudice to Plaintiff outweighs the probative value of the evidence. Consequently, the motion is GRANTED insofar as Plaintiff seeks to exclude details of the alleged criminal conduct of Allen Coloyan and DENIED with regard to the arrest warrant itself and the crimes of statutory violations stated in the warrant.

There being no opposition to Plaintiff's Motion in Limine Re Exclusion of All Evidence That the Arrest

Warrant for Allen Coloyan Was Signed by Kevin S.C. Chang, the motion is GRANTED.

There being no opposition to Plaintiff's Motion in Limine Re Exclusion of All Evidence of Injuries to Any of the Defendants that Occurred in the Line of Duty, the motion is GRANTED.

In Defendants' Motion in Limine No. 1 Regarding Precluding Testimony Regarding Police Talking to Plaintiff's Neighbors ("Defendants' Motion No. 1"), Defendants anticipate that Plaintiff's testimony will include hearsay and statements of which Plaintiff has no personal knowledge and concern allegations not contained in the Fourth Amended Complaint. Plaintiff argues that the statements made by Defendant Badua to Plaintiff are not hearsay and are admissible as a party admission.

FRE 801(d)(2)(a) provides that a statement is not hearsay if it is offered against a party and is "the party's own statement, in either an individual or a representative capacity." The Court finds that the

5

statements made by Defendant Badua to Plaintiff are
party admissions and thus not hearsay.  Consequently,
the Court DENIES the motion with regard to statements
made by Defendant Badua to Plaintiff with regard to
what he said to Plaintiff's neighbors.  The Court
GRANTS the balance of the motion and excludes testimony
regarding statements made by Plaintiff's neighbors.

    In Defendants' Motion in Limine No. 2 Re:
Precluding Testimony of Lee Donohue and/or Testimony
Regarding a Code of Silence ("Defendants' Motion No.
2"), Defendants argue that this testimony would be both
irrelevant and prejudicial.  Plaintiff argues that the
jury should be made aware of that some police officers
will cover up the wrongdoings of fellow officers.

    FRE 401 requires evidence to be relevant in
order to be admissible.  See Fed. R. Evid. 401.  FRE 403
allows for the exclusion of relevant evidence if its
probative value is outweighed by the danger of unfair
prejudice.  The Court finds that evidence of the "code
of silence" is irrelevant to the issues in this case

and should also be excluded based on FRE 403
considerations of unfair prejudice, confusion, and
undue delay.  Consequently, the Court GRANTS the
motion.

In Defendants' Motion in Limine No. 3 Re:
Precluding Steven M.C. Lum, M.D. from Testifying as an
Expert Witness (Defendants' Motion No. 3"), Defendants
argue that he should not be permitted to testify as an
expert witness, but only as a percipient witness.
Plaintiff argues that treating physicians, such as Dr.
Lum, are permitted to testify based upon knowledge they
obtained through the treatment of a plaintiff, even in
the absence of an expert report.

In Shapardon v. West Beach Estates, 172 F.R.D.
415, 416-17 (D. Haw. 1997), this Court stated that,
"[t]reating physicians commonly consider the cause of
any medical condition presented in a patient, the
diagnosis, the prognosis and the extent of disability,
if any, caused by the condition of the injury.
Opinions as to these matters are encompassed in the

ordinary care of a patient and do not subject the
treating physician to the reporting requirement of
[Federal] Rule [of Civil Procedure] 26(a)(2)(B)."  In
light of the foregoing, the Court DENIES the motion and
rules that Dr. Lum, as Plaintiff's treating physician,
may testify with regard to Plaintiff's medical
condition, diagnosis, treatment, prognosis and the
cause and extent of Plaintiff's injury, if any, without
producing a report.

      There being no opposition to Defendants' Motion
in Limine No. 4 Re: Precluding Testimony Regarding
Service of Complaint Upon Each Defendant ("Defendants'
Motion No. 4"), the motion is GRANTED.

      There being no opposition to Defendants' Motion
in Limine No. 5 Re: Adherence to Proper Trial Procedure
and Evidentiary Rules ("Defendants' Motion No. 5"), the
motion is GRANTED.  All parties shall comply with the
provisions of FRE 611.

      In Defendants' Motion in Limine No. 6 Re:
Limiting the Scope of Trial to Claims in Fourth Amended

Complaint ("Defendants' Motion No. 6"), Defendants
argue that the new evidence suggested by Plaintiff's
Pretrial Statement is either irrelevant or
inadmissible.  Plaintiff argues that she has given
Defendants adequate notice of her claims in the Fourth
Amended Complaint.  The Court, finding an insufficient
record before it to decide the motion, DENIES the
motion without prejudice.

In Defendants' Motion in Limine No. 7 Re:
Precluding Plaintiff's Expert Witness' Testimony
("Defendants' Motion No. 7"), Defendants seek to
exclude the testimony of Robert C. Marvit, M.D.  At the
hearing, Plaintiff withdrew Dr. Marvit as a witness and
her opposition to the motion.  Consequently, the motion
is GRANTED.

In Defendants' Motion in Limine No. 8 Re:
Precluding Any Hearsay Testimony and Exhibits,
Defendants argue that in Plaintiff's Pretrial Statement
(Defendants' Motion No. 8"), Plaintiff identified
various witnesses and exhibits that could elicit

hearsay testimony and/or be hearsay.  Plaintiff
identifies numerous hearsay exceptions and exemptions
that would render her evidence admissible.  The Court,
finding an insufficient record before to decide the
broad and non-specific request by Defendants, DENIES
the motion without prejudice to counsel making timely
and proper objections at trial.

Defendants' Motion in Limine No. 9 re:
Unsealing Federal Arrest Warrant for Allen Coloyan
("Defendants' Motion No. 9") is GRANTED.  At the
hearing, the parties informed the Court that the arrest
warrant had been unsealed pursuant to a stipulation.
As a result, this motion moot.

There being no opposition to Defendants' Motion
in Limine No. 10 Re: Precluding Testimony as to
Defendant Badua's Phone Conversation with Defense
Counsel ("Defendants' Motion No. 10"), the Court GRANTS
the motion.

IV.   <u>Conclusion</u>

For all of the aforementioned reasons, Plaintiff's Motion in Limine Re Exclusion of All Evidence of the Alleged Criminal Conduct of Allen Coloyan is GRANTED in part and DENIED in part; Plaintiff's Motion in Limine Regarding Exclusion of All Evidence That the Arrest Warrant for Allen Coloyan Was Signed by Kevin S.C. Chang is GRANTED; Plaintiff's Motion in Limine Re Exclusion of All Evidence of Injuries to Any of the Defendants that Occurred in the Line of Duty is GRANTED; Defendants' Motion in Limine No. 1 is GRANTED in part and DENIED in part; Defendants' Motion in Limine No. 2 is GRANTED; Defendants' Motion in Limine No. 3 is DENIED; Defendants' Motion in Limine No. 4 is GRANTED; Defendants' Motion in Limine No. 5 is GRANTED; Defendants' Motion in Limine No. 6 is DENIED; Defendants' Motion in Limine No. 7 is GRANTED; Defendants' Motion in Limine No. 8 is DENIED without prejudice; Defendants' Motion in Limine No. 9 is

11

GRANTED; Defendants' Motion in Limine No. 10 is
GRANTED, as stated herein.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, March 22, 2006.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 03-00476 KSC; OFELIA COLOYAN vs. WILLIAM BADUA, et. al.; ORDER GRANTING IN
PART AND DENYING IN PART PLAINTIFF'S MOTIONS IN LIMINE AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTIONS IN LIMINE