IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| OFELIA COLOYAN, ) | CIVIL NO. 03-476 KSC |
| ) | |
| Plaintiff, ) | DECLARATION OF |
| ) | KENDRA K. KAWAI |
| vs. ) | |
| ) | |
| WILLIAM P. BADUA; ) | |
| JEFFREY OMAI; ) | |
| SPENCER ANDERSON; ) | |
| NEIL PANG; ) | |
| and DOES 5-10, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## DECLARATION OF KENDRA K. KAWAI

I, KENDRA K. KAWAI, do hereby declare as follows:

1. I am an attorney licensed to practice law in all of the courts of the State of Hawaii and the United States District Court for the District of Hawaii. I am a member in good standing of all of the aforementioned courts.

2. I am a Deputy Corporation Counsel and one of the attorneys representing Defendants WILLIAM P. BADUA, JEFFREY OMAI and

SPENCER ANDERSON (collectively hereinafter "Defendants") in the above-entitled action, and have knowledge of the facts and circumstances regarding the costs and disbursements incurred in this action.

3. On March 20, 2006, the jury returned a verdict in favor of Defendants. On March 24, 2006, judgment was entered in favor of Defendants and against Plaintiff OFELIA COLOYAN (hereinafter "Plaintiff"), and therefore, Defendants are the prevailing party in this action.

4. To the best of my knowledge and belief, the items of costs listed in the attached Bill of Costs are true and accurate, have been necessarily incurred in this action, and services charged have been actually and necessarily performed as stated therein.

5. All deposition transcripts, which consisted of oral, video and written depositions, were obtained for trial preparation and/or used at trial.

6. Copies of all deposition transcripts of the police officers present on the date of the incident, including Defendants' deposition transcripts, were necessary for trial preparation and the defense of Officers Badua, Omai and Anderson.

7. The cost of the deposition transcripts of Plaintiff's two experts, Robert C. Marvit, M.D. and Steven M.C. Lum, M.D., were also necessary for trial preparation and the defense of Officers Badua, Omai and Anderson. Defendants

needed to depose Plaintiff's experts to determine any and all opinions to be elicited at trial and the basis on which they offered their opinions.

8. The cost of the deposition transcript of Plaintiff was necessary to assess Plaintiff's version of the events, for trial preparation and was crucial for use at trial for impeachment purposes.

9. The cost of the deposition transcript of Plaintiff's husband, Alejandro Coloyan, was necessary for trial preparation and the defense of Officers Badua, Omai and Anderson. Mr. Coloyan was listed as a potential witness for trial, and was also initially named as a Plaintiff in this matter. In turn, his deposition was necessary to determine his involvement in this case, and what testimony would be elicited at trial.

10. The oral and video deposition testimony of Defendants' expert, Byron A. Eliashof, M.D., was used at trial and was necessary for the defense of Officers Badua, Omai and Anderson.

11. The written deposition transcripts from Castle Medical Center and Wackenhut Corporation were necessary for trial preparation, possibly impeachment purposes, and to assess Plaintiff's damages (to confirm the amount of leave Plaintiff took immediately after the incident).

12. In-house copies were made of pleadings, discovery documents, trial exhibits, documents given to Defendants' expert to conduct his independent psychiatric evaluation and correspondences between counsel in this case.

13. The itemized copying cost for Professional Image represents the actual cost of copying "files", which were originals from Jack Schweigert, Esq.'s office.

14. The witness and mileage fees were incurred to conduct an oral deposition and a written deposition, and were necessary for trial purposes.

15. Attached hereto as Exhibit "A" are true and correct copies of all vouchers, bills or other documents to support the costs requested.

16. On April 14, 2006, I hand delivered Defendants' Bill of Costs Form AO 133 and Defendants' Itemized Bill of Costs (with all vouchers, bills and other documents attached) to Plaintiff's attorney, Jack Schweigert, Esq. I included a letter addressed to Mr. Schweigert, which requested that he contact me as soon as possible to arrange a meet and confer conference.

17. On April 18, 2006, I called Mr. Schweigert to inquire about the conference to meet and confer regarding Defendants' Bill of Costs. During said conversation, Mr. Schweigert informed me to contact Rory Toomey, Esq. regarding the conference.

18. On April 19, 2006, a copy of Defendants' Bill of Costs Form AO 133 and Defendants' Itemized Bill of Costs (with all vouchers, bills and other documents attached) was hand delivered to Rory Soares Toomey, Esq.'s office.

19. On April 24, 2006, Mr. Toomey and I met and conferred regarding Defendants' Bill of Costs. During said conference, Mr. Toomey informed me that Plaintiff objects to all costs requested by Defendants and it was Plaintiff's position that Defendants are not entitled to any costs.

I, KENDRA K. KAWAI, DECLARE UNDER PENALTY OF LAW THAT THE FOREGOING IS TRUE AND CORRECT.

DATED: Honolulu, Hawaii, April 24, 2006.

_____
KENDRA K. KAWAI