IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OFELIA COLOYAN             ) | CIVIL NO. 03-00476-KSC |
|                            ) | |
| Plaintiff,                 ) | DECLARATION OF RORY |
|                            ) | SOARES TOOMEY |
| vs.                        ) | |
|                            ) | |
| WILLIAM BADUA, JEFFERY     ) | |
| OMAI; SPENCER ANDERSON;    ) | |
| NEIL PANG; and DOES 5-10   ) | |
|                            ) | Trial March 14, 2006 |
| Defendants.                ) | |
|                            ) | |

DECLARATION OF RORY SOARES TOOMEY

**Rory Soares Toomey Declares as Follows:**

1. I am one of the attorneys for Ofeila Coloyan (hereinafter referred to as Ms. Coloyan), Plaintiff above-named, and the facts set forth in his declaration are personally known to me unless otherwise indicated.

2. On Monday, April 24, 2006, at approximately ten-forty o'clock a.m. I met with Kendra K. Kawai, Esq. (hereinafter referred to as Ms. Kawai), the Defendants' attorney, in order to discuss the Defendants' request for costs, a copy of which I received on Friday, April 28, 2006, by United States Mail.

3. At the aforementioned meeting, I presented with the following objections to the Defendants' costs:

a) Given the disparity in the resources at the disposal of the City and County of Honolulu (hereinafter referred to as the City) and the resources that Ms. Coloyan has, an award is inequitable. After all, the jury did find that the Defendants did violate Ms. Coloyan's Fourth Amendment Rights.

b) The copy charges for five-thousand-seventy-seven pages, at fifteen cents per page are unreasonable because it did not cost the City fifteen cents per page to make its copies, and that there was no substantiation for what those pages were or why they were necessary to the Defendants' case.

c) The video taping of the deposition of Byron Eliashof, M. D. was unnecessary. All the Defendants had to do was to have that deposition read to the jury. Furthermore, the editing of that deposition was unnecessary and unsuccessful as well.

4. After I finished making these points, Ms. Kawai informed me that she was including in a declaration attached to the motion for cost, which substantiated the need for the materials billed for at fifteen cents per page.

5. Ms. Kawai admitted that the aforementioned declaration *was not* in the materials that had been provided to either Jack Schweigert, Esq. or

myself.

6. I objected to that declaration on the grounds that having never seen it I could not form an opinion as to whether it sufficiently substantiated that request for costs, and therefore, the Defendants had not met with me in good faith as required by the rules of this Court.

7. All that Ms. Kawai could do was stammer that it did. \

**RORY SOARES TOOMEY SWEARS UNDER PENALTY OF LAW THAT THE FORGOING IS TRUE AND CORRECT.**

DATED: Honolulu, Hawaii, April 26, 2006

*[signature]*
RORY SOARES TOOMEY