IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OFELIA COLOYAN, | ) CIVIL NO. 03-00476 KSC |
| | ) |
| Plaintiff, | ) ORDER REGARDING |
| | ) DEFENDANTS' BILL OF COSTS |
| vs. | ) |
| | ) |
| WILLIAM P. BADUA, JEFFREY | ) |
| OMAI, SPENCER ANDERSON, | ) |
| NEIL PANG, and DOES 5-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

ORDER REGARDING DEFENDANTS' BILL OF COSTS

On April 24, 2006, Defendants William P. Badua, Jeffrey Omai, and Spencer Anderson ("Defendants") filed Defendants' Bill of Costs. Defendants, as the prevailing party in this action, request that the Clerk tax costs in the amount of $5,343.67 in favor of Defendants. On April 26, 2006, Plaintiff Ofelia Coloyan ("Plaintiff") filed Plaintiff's Opposition to Defendants' Bill of Costs ("Opposition").

Pursuant to LR 7.2(d), the Court finds this

Motion suitable for disposition without a hearing.

Federal Rule of Civil Procedure ("FRCP") 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Fed. R. Civ. P. 54(d)(1).  Local Rule 54.2 of the Local Rules for the United States District Court for the District of Hawaii ("Local Rules") provides that costs shall be taxed in accordance with FRCP 54(d)(1).

Under FRCP 54(d)(1), there is a presumption that the prevailing party will be awarded its taxable costs. Save Our Valley v. Sound Transit, 335 F.3d 932, 944 (9th Cir. 2003).  "To overcome this presumption, a losing party must establish a reason to deny costs." Dawson v. City of Seattle, 435 F.3d 1054 (9th Cir. 2006).  The Seventh Circuit has held that "the inability to pay is a proper factor to be considered in granting or denying taxable costs," and the presumption that costs are to be awarded to the prevailing party "may be overcome by a showing of indigency." Badillo v. Central Steel & Wire Co., 717

F.2d 1160, 1165 (7th Cir. 1983)(superceded in part by statute on other grounds).

In this case, the Court finds that Plaintiff has failed to provide reasons sufficient to overcome the presumption that Defendants, as the prevailing party, should be awarded costs.  Plaintiff claims that because of her limited financial resources and the disparity of resources between the parties, Defendants should not be awarded costs.  Plaintiff works 40 hours per week and earns $13.27 per hour.  Plaintiff owns her home and pays $1,500 a month in mortgage payments.  Plaintiff owns a vehicle valued at $1,000 and makes payments of $500.00 per month on another vehicle.  Based on the information provided to the Court, the Court finds that Plaintiff is not indigent or unable to pay Defendants' costs.  Consequently, the Court will award Defendants taxable costs.

Defendants seek costs related to depositions, copying costs, videotaping costs, and witness and mileage fees.  These are all allowable costs under Local Rule 54.2(f).  The Court finds that Plaintiff has

provided proper documentation supporting its request for costs.  Consequently, the Court directs that costs taxed in the amount of $5,343.67 be entered.

      IT IS SO ORDERED.

      Dated:  Honolulu, Hawaii, May 10, 2006.



                            Kevin S.C. Chang
                            United States Magistrate Judge

CIVIL NO. 03-00476 KSC; OFELIA COLOYAN v. WILLIAM P. BADUA, et al.;
ORDER REGARDING DEFENDANTS' BILL OF COSTS