IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| OFELIA COLOYAN, ) | CIVIL NO. 03-476 KSC |
| ) | |
| Plaintiff, ) | DEFENDANTS |
| ) | WILLIAM P. BADUA, |
| vs. ) | JEFFREY OMAI AND |
| ) | SPENCER ANDERSON'S |
| WILLIAM P. BADUA; ) | MEMORANDUM IN SUPPORT OF |
| JEFFREY OMAI; ) | TAXATION OF COSTS; |
| SPENCER ANDERSON; ) | DECLARATION OF |
| NEIL PANG; ) | KENDRA K. KAWAI; EXHIBIT "A"- |
| and DOES 5-10, ) | "A-7"; CERTIFICATE OF SERVICE |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

DEFENDANTS WILLIAM P. BADUA, JEFFREY OMAI AND
SPENCER ANDERSON'S MEMORANDUM IN
SUPPORT OF TAXATION OF COSTS

Defendants WILLIAM P. BADUA, JEFFREY OMAI and

SPENCER ANDERSON (hereinafter "Defendants"), by and through his counsel,

Carrie K. S. Okinaga, Corporation Counsel, and Kendra K. Kawai and

Marie Manuele Gavigan, Deputies Corporation Counsel, hereby submit their

Memorandum in Support of Taxation of Costs pursuant to Rule 54 (d)(1) of the

Federal Rules of Civil Procedure and Local Rule 54.2 of the Local Rules of

Practice for the United States District Court for the District of Hawai'i.

I.  BACKGROUND

A jury trial in this matter began on March 14, 2006. On March 20, 2006, the jury found that Plaintiff gave knowing and voluntary consent to the entry of her home by Defendants on June 3, 2003, and thus, a jury verdict was entered in favor of Defendants.

On March 24, 2006, judgment was entered in favor of Defendants in accordance with the jury verdict.

II.  DISCUSSION

"Costs are awarded to the prevailing party in civil actions as a matter of course, absent express statutory provision, unless pursuant to Rule 54(d) of the Fed.R.Civ.P., the court otherwise directs. The standard of review is ... abuse of discretion." Feher v. Dep't of Labor and Indus. Relations, 561 F.Supp. 757, 768 (D. Haw. 1983) (citing Nat. Organization of Women v. Bank of California, 680 F.2d 1291, 1294 (9th Cir. 1982); United California Bank v. THC Fin. Corp., 557 F.2d 1351, 1361 (9th Cir. 1977)).

Rule 54 (d)(1) of the Federal Rules of Civil Procedure ("FRCP") states as follows:

> **(d) Costs; Attorneys' Fees**.
>
> (1) *Costs Other Than Attorneys' Fees*. Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but

> costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

(Emphasis in original).

In addition, Local Rule 54.2 of the Local Rules of Practice for the United States District Court for the District of Hawai'i ("LR") states, in relevant part, as follows:

> **(a) Entitlement.** Costs shall be taxed as provided in Rule 54(d)(1) of the Federal Rules of Civil Procedure. The party entitled to costs shall be the prevailing party in whose favor judgment is entered ….
>
> **(b) Time for Filing.** Unless otherwise ordered by the court, a Bill of Costs shall be filed and served within thirty (30) days of the entry of judgment …. Non-compliance with this time limit shall be deemed as a waiver of costs.

(Emphasis in original).

In accordance with FRCP Rule 54(d)(1), LR 54.2 and 29 U.S.C. §§1821[1] and 1920[2]-1925, Defendants, as the prevailing party, request that costs be taxed against Plaintiff as set forth in Defendants' Bill of Costs.

---

[1] 28 U.S.C.A. § 1821(a)(1) states, "…[A] witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section."

[2] 28 U.S.C.A. § 1920 states as follows:
   A judge or clerk of any court of the United States may tax as costs the following:
      (1) Fees of the clerk and marshal;

Defendants note that each requested taxable cost has been itemized. See Defendants William P. Badua, Jeffrey Omai and Spencer Anderson's Itemized Bill of Costs. All vouchers, bills or other documents are attached to support the requested costs. See Exhibit "A". All depositions, which consisted of oral, video and written depositions, were obtained for trial preparation and/or used at trial. Declaration of Kendra K. Kawai, p. 2, ¶ 5; see also, id. at ¶¶ 6-11.

All copying costs are itemized in accordance with LR 54.2(f)(4). In-house copies were made of pleadings, discovery documents, trial exhibits, documents given to Defendants' expert to conduct his independent psychiatric evaluation and correspondences between counsel in this case. Id. at ¶ 12. The itemized copying cost for Professional Image represents the actual cost of copying "files", which were originals from Jack Schweigert's office.
Id. at ¶ 13; see generally, Exhibit "A".

Pursuant to LR 54.2(f)(4), "The practice of this court is to allow taxation of copies at $0.15 per page or the actual cost charged by commercial copiers,

---

    (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
    (3) Fees and disbursements for printing and witnesses;
    (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
    (5) Docket fees under section 1923 of this title;
    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

provided such charges are reasonable." Consistent with LR 54.2 (f)(4), Defendants have itemized their copying costs in accordance with said provision.

Witness and mileage fees are also requested. Such fees were incurred to conduct an oral deposition and a written deposition, and were necessary for trial purposes. See id. at ¶ 14.

III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Clerk of this Court tax costs in accordance with Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 54.2 of the Local Rules of Practice for the United States District Court for the District of Hawai'i.

DATED: Honolulu, Hawai'i, April 24, 2006.

CARRIE K. S. OKINAGA
Corporation Counsel

By: /s/ Kendra K. Kawai
KENDRA K. KAWAI
MARIE MANUELE GAVIGAN
Deputies Corporation Counsel

Attorney for Defendants
WILLIAM P. BADUA,
JEFFREY OMAI AND
SPENCER ANDERSON